FILED

NOV 30 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Strategic Technologies, Pte, Ltd.,
2 International Business Park,
Level 6, Tower 2,
Singapore 609930

Plaintiff,

v.

Republic of China (Taiwan),
Attn: Ching-long Lu, Director General,
Ministry of Foreign Affairs,
2 Kaitakelan Blvd.
Tapei, 100,
Taiwan, R.O.C.

Defendant.

CASE NUMBER 1:05CV02311

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 11/30/2005

## COMPLAINT FOR RECOGNITION OF A JUDGMENT

Plaintiff, by its attorneys, Straus & Boies, LLP, as and for its Complaint, alleges as follows:

## PARTIES

1. Plaintiff Strategic Technologies, Pte Ltd. ("Strategic Tech"), is a Singapore Limited Liability entity.

2. The Republic of China ("ROC"), also known as Taiwan, is a foreign state as defined in 28 U.S.C. § 1603(a).

## JURISDICTION

3. The Court has both subject matter and personal jurisdiction over this action against Defendant, a foreign state, pursuant to 28 U.S.C. §§ 1330 and 2201 and the

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* ("FSIA"). The causes of action asserted herein against the individual Defendants arise under the law of the District of Columbia.

4. ROC is subject to suit in the courts of the United States under and in accordance with the provisions of 28 U.S.C. § 1330(b) (Supp. 1996), 28 U.S.C. §§ 1604 and 1605(a)(2).

5. The United States District Court for the District of Columbia is the proper venue for this action pursuant to 28 U.S.C. § 1391(f).

**FACTUAL ALLEGATIONS**

6. This suit seeks recognition of a final judgment, dated December 10, 2002 in the High Court of the Republic of Singapore, in favor of Strategic Tech and against ROC (the "Judgment"). A copy of the Judgment is attached hereto as Exhibit A.

7. The total amount in United States ("U.S.") dollars and Singapore ("S") dollars of the Judgment against ROC and in favor of Strategic Tech for which recognition is sought is (a) the primary amount of U.S.$1,573,510.40, plus interest of 6% per year, from July 22, 1998 to the date of judgment in this case; (b) the U.S. dollar equivalent of S$10,693.00, plus interest of 6% per year, from July 22, 1998 to the date of judgment in this case; and (c) the U.S. dollar equivalent of S$7,425.00, representing costs and disbursements awarded in the Judgment.

8. The Judgment arises from a commercial transaction entered into and between ROC and Strategic Tech, involving a contract to supply ROC with various goods and materials. ROC breached the contract, leading to suit by Strategic Tech and entry of the Judgment.

9. Upon recognition of the Judgment in this Court, Strategic Tech will seek to execute upon available ROC assets held here in the United States.

**COUNT ONE**

Uniform Foreign Money Judgments Act of 1995

10. Each and every preceding paragraph, numbered 1 through 9, are hereby repeated, realleged and incorporated as if fully set forth herein.

11. The Singapore courts had personal jurisdiction over ROC.

12. The court system in the Republic of Singapore provides for a full and fair opportunity to contest claims made against a party. Parties receive notice, the right to legal counsel, the right to present evidence and witnesses and to examine evidence offered against them, and the right to appeal to a higher court.

13. The Judgment is final and enforceable in Singapore pursuant to the law of the Republic of Singapore.

14. The Judgment is entitled to recognition under D.C. Code Section 15-381, et. seq., the Uniform Foreign Money Judgments Recognition Act of 1995.

**COUNT TWO**

Recognition of The Judgment Under D.C. Common Law

15. Each and every preceding paragraph, numbered 1 through 14, are hereby repeated, realleged and incorporated as if fully set forth herein.

16. Under the common law of the District of Columbia, foreign judgments are enforceable as a matter of comity if the judgments are entered in a court that (a) has jurisdiction over the subject matter of a dispute, (b) has personal jurisdiction over the

parties, and (c) provides the parties with an opportunity to fully and fairly litigate the controversy.

17. The Singapore courts had personal jurisdiction over ROC.

18. The court system in the Republic of Singapore provides for a full and fair opportunity to contest claims made against a party. Parties receive notice, the right to legal counsel, the right to present evidence and witnesses and to examine evidence offered against them, and the right to appeal to a higher court.

19. The Judgment is final and enforceable in Singapore pursuant to the law of the Republic of Singapore.

20. Under principles of comity, the Judgment is entitled to recognition under D.C. common law.

WHEREFORE, Plaintiff Strategic Technologies, Pte, Ltd., requests that this Court enter judgment as follows:

1. Finding that the Judgment is entitled to recognition under the Uniform Foreign Money Judgments Recognition Act of 1995;

2. Finding that the Judgment is entitled to recognition under the common law of the District of Columbia;

3. Recognizing the Judgment under D.C. law; and

4. Ordering that ROC pay Strategic Tech: (a) U.S.$1,573,510.40, plus applicable interest at 6% per year from July 22, 1998; (b) the U.S. dollar equivalent, as of judgment entered herein, of S$10,693.00, plus interest of 6% per year from July 22, 1998; and (c) the U.S. dollar equivalent, as of judgment entered herein, of S$7,425.00 to represent the costs and disbursements awarded in the Judgment.

Dated: November 28, 2005.
Fairfax, Virginia

STRAUS & BOIES, LLP

By: ______________________
Timothy Battin (DC Bar # 436803)
4041 University Dr.
Fairfax, Virginia 22030
703-764-8700 (telephone)
703-764-8704 (facsimile)

Of Counsel:
Michael Straus (NY Bar #1721125)
Mark J. Schirmer (TN Bar #019717; NY # 2258614)
1130 22nd Street South
Birmingham, AL 35205
(205) 324-3800 (telephone)
(205) 324-3996 (facsimile)

Attorneys for Strategic Technologies, Pte, Ltd., Plaintiff

# Exhibit A



SINGAPORE ACADEMY OF LAW

I, Loong Seng Onn, Assistant Director, Singapore Academy of Law, Republic of Singapore, hereby certify that Axel Chan is a duly appointed Notary Public practising in Singapore, and that the signature appearing at the foot of the annexed Notarial Certificate dated 5th September 2005 is the signature of the said Axel Chan.

Dated at Singapore this 5th day of September 2005.

LOONG SENG ONN
ASSISTANT DIRECTOR
SINGAPORE ACADEMY OF LAW

05 2311

FILED

NOV 30 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1 Supreme Court Lane, Level 6, Singapore 178879
Tel: +65 6332 4388 | Fax: +65 6334 4940 | Website: http://www.sal.org.sg



# Notorial Certificate

**To All To Whom These Presents Shall Come** I, AXEL CHAN, **Notary Public**, duly authorised and appointed, practising in the Republic of Singapore do hereby **Certify and Attest** that a copy of the Final Judgment dated 10th day of December 2002 annexed hereto and marked "**A**" has been sealed and signed by the Registry of the Supreme Court of the Republic of Singapore as a true copy of the original. I am informed by Mr Michael Shone, the Judgment Creditors Attorney-in-Fact, that an application will shortly be made on their behalf to register this Judgment in New York State for the purpose of enforcement.

**In Faith and Testimony whereof** I have hereunto subscribed my name and affixed my Seal of Office at Singapore this 5th day of September in the Year of Our Lord Two Thousand and Five (2005).

**Notary Public**
**Singapore**

NOTARY PUBLIC
Axel Chan
N2005/0018
1 Apr 2005 – 31 Mar 2006
SINGAPORE

'A'

$50/-

10 JAN 2003

IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Suit No. 696 of 1998 ]

Between 46

STRATEGIC TECHNOLOGIES PTE LTD
(REG NO. 198904011Z)

... Plaintiffs

And

1) THE DEVELOPMENT BANK OF SINGAPORE
(REG NO: 196800306E)

2) PROCUREMENT BUREAU OF THE REPUBLIC OF CHINA MINISTRY OF NATIONAL DEFENCE
(No Identification Number Available)

... Defendants

Examined by:
Shah Hida Anuar
I certify that this is a true copy of the original.

for Asst. Registrar
Supreme Court, Singapore

29 AUG 2005

FINAL JUDGMENT

THE 9TH DAY OF DECEMBER 2002

BEFORE THE ASSISTANT REGISTRAR MS SHARON LIM — IN CHAMBERS

The Plaintiffs having on the 30th day of August 1999, obtained Interlocutory Judgment herein against the 2nd Defendants for damages to be assessed and the amount found due to the Plaintiffs having been certified at S$10,693.00 plus US$1,573,510.40 as appears by the Registrar's Certificate filed this 10th day of December 2002.

**IT IS THIS DAY ADJUDGED** that the 2nd Defendants do pay the Plaintiffs the sum of S$10,693.00 plus US$1,573,510.40 with interest at the rate of 6% per annum from 22nd July 1998 until payment and Costs fixed at $7,000.00 plus reasonable disbursements at $425.00.

Dated the 10th day of December 2002

Sharon Lim

ASSISTANT REGISTRAR

GENERAL AUTHENTICATION CERTIFICATE

VENUE

REPUBLIC OF SINGAPORE )
(Country) )
CITY OF SINGAPORE )
(State, province, etc.) )
EMBASSY OF THE UNITED ) ss.
(City) )
STATES OF AMERICA )
(Name of consular post) )

I certify that the official named below, whose true signature and official seal are, respectively, subscribed and affixed to the annexed document, was, on this day, empowered to act in the official capacity designated in the annexed document, to which faith and credit are due.

Loong Seng Onn
(Typed Name of Official)

(Signature of Consular Officer)

Mark V. Zimmer
(Typed Name of Consular Officer)

Vice Consul of the
United States of America
(Title of Consular Officer)

September 7, 2005
(Date (mm-dd-yyyy))

(SEAL)