# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STRATEGIC TECHNOLOGIES,** | ) | |
| **PTE, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-2311** |
| **v.** | ) | **Judge: Rosemary M. Collyer** |
| | ) | |
| **REPUBLIC OF CHINA (TAIWAN)** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO DISMISS

The Republic of China (Taiwan) moves to dismiss the case for lack of subject matter and personal jurisdiction.

Respectfully submitted,

/s/_____
Thomas G. Corcoran, Jr.
D.C. Bar No. 143693
Berliner, Corcoran & Rowe, LLP
1101 17th Street, Northwest
Suite 1100
Washington, DC 20036
Telephone: (202) 293-5555
Fax: (202) 293-9035
E-mail: tgc@bcr-dc.com

April 5, 2006

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STRATEGIC TECHNOLOGIES,** | ) | |
| **PTE, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-2311** |
| **v.** | ) | **Judge: Rosemary M. Collyer** |
| | ) | |
| **REPUBLIC OF CHINA (TAIWAN)** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## <u>IN SUPPORT OF MOTION TO DISMISS</u>

"Strategic Technologies, Pte, Ltd.", hereinafter "Strategic Tech," a Singapore company, brings suit against the "Republic of China (Taiwan)," hereinafter "ROC", a foreign state "as defined in 28 U.S.C. §1603(a)." Complaint §§1, 2. Strategic Tech seeks recognition of a final judgment ("Judgment"), in excess of $1,500,000, against the ROC in the High Court of the Republic of Singapore. <u>Id.</u> §§6, 7.

According to the complaint, the Court has both subject matter and personal jurisdiction "pursuant to 28 U.S.C. §§1330 and 2201 and the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 <u>et seq.</u>, ('FSIA')." <u>Id.</u> §3. "ROC is subject to suit in the courts of the United States under and in accordance with the provisions of 28 U.S.C. § 1330(b)(Supp. 1996), 28 U.S.C. §§ 1602 and 1605(a)(2)." <u>Id.</u> §4. The complaint further alleges that the Judgment arises from a commercial transaction between the ROC and Strategic Tech. <u>Id.</u> §8.

The complaint does not allege that this commercial transaction has any relation to the United States.

On or about February 22, 2006, Strategic Tech served Ching-long Lu, assertedly Director

General, Ministry of Foreign Affairs of the ROC, a copy of the complaint and other documents in English and Chinese.  See Dockets 2, 3.

As we show, the case should be dismissed for lack of both subject matter and personal jurisdiction. The complaint does not allege the relationship between the commercial transaction and the United States that is required for subject matter jurisdiction under the FSIA. See  28 U.S.C. § 1605(a)(2). Further, Strategic Tech has not served the "head" of the Ministry of Foreign Affairs of the ROC as required by 28 U.S.C. §§ 1608(a)(3).

## I.    The Court lacks jurisdiction over the subject matter.

The complaint correctly states that the ROC is a foreign state "as defined in 28 U.S.C. §1603(a)," the relevant subsection of the FSIA.   In the Taiwan Relations Act, 22 U.S.C. §§3301-3316, Congress specified that "[w]henever the laws of the United States refer or relate to foreign countries, nations, states, governments, or similar entities, such terms shall include and such laws shall apply with respect to Taiwan."   22 U.S.C. §3303(b)(1).   The D.C. Circuit, as well as other circuits, have ruled that the ROC - sometimes referred to as Taiwan, or by the name of its mission to the United States, formerly the Coordination Council for North American Affairs ("CCNAA"), now the Taipei Economic and Cultural Representative Office ("TECRO") -  is a foreign state for purposes of the FSIA.  Millen Industries, Inc. v. CCNAA, 855 F.2d 879, 882 (D.C.Cir. 1988)(ruling that CCNAA is "Taiwan" itself, rather than an instrumentality thereof, and thus entitled to foreign state, as opposed to state instrumentality (compare 28 U.S.C. §1603(a) with §1603(b)),  treatment under the FSIA, citing 22 U.S. §3303(b)(1)); Sun v. Taiwan, 201 F.3d 1105, 1107 (9th Cir. 2000)(noting neither party disputed that Taiwan fell within the FSIA's definition of a foreign state); Taiwan, TECRO et al. v. United States District Court, 128 F.3d 712, 715 (9th Cir. 1997)(ruling that

Taiwan was foreign state and TECRO an "instrumentality" of Taiwan within the meaning of the FSIA); Liu v. Republic of China, 892 F.2d 1419, 1424 (9th Cir. 1989)(assuming without discussion that FSIA applied in suit against ROC).

_____As this Court has recently noted, the FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts." Malewicz v. Amsterdam, 362 F. Supp. 2d 298, 306 (D.D.C. 2005), citing Republic of Austria v. Altmann, 541 U.S. 677,  699 (2005), and Millen Industries, supra, 855 F.2d at 884.

Rule 8(a), FRCivP, relevantly provides that "[a] pleading which sets forth a claim for relief .. shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..."  28 U.S.C. §1604 provides:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

This  complaint does not plead any facts showing that any exception to this presumption of immunity from jurisdiction applies.  The only exception to which the complaint explicitly refers is 28 U.S.C. §1605(a)(2), the commercial activity exception.  See Complaint §4. That exception requires that the commercial activity have some contact with the United States.  The action must be based upon either a "commercial activity carried on in the United States by the foreign state," or "upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere," or "upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States."  See 28 U.S.C. §1605(a)(2).  The Complaint makes no such allegation.

3

The ROC makes a facial challenge to the complaint, that is, it challenges the legal sufficiency of Strategic Tech's jurisdictional allegations. In <u>Phoenix Consulting v. Republic of Angola</u>, 216 F.3d 36, 40 (D.C.Cir. 2000), the court of appeals explained how such a challenge should be processed and gave examples.

> If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations, then the district court should take the plaintiff's factual allegations as true and determine whether they bring the case within any of the exceptions to immunity invoked by the plaintiff. <u>See</u>, <u>e.g.</u>, <u>Saudi Arabia v. Nelson</u>, 507 U.S. 349, 351, 361 (1993) (disputed allegations forming basis for suit, even if true, not "commercial activity" within meaning of exception therefor); <u>Princz</u> [v. Federal Republic of Germany], 26 F.3d [ 1166 ] at 1172 [D.C.Cir. 1994] (disputed allegations of use of U.S. mail and banking system, even if true, not "direct effect in the United States" of commercial activity within meaning of exception); <u>Foremost-McKesson</u> [v. Islamic Republic of Iran], 905 F.2d [438] at 450 [D.C.Cir. 1990] (undisputed allegations of "commercial activity" adequate to survive motion to dismiss).

Strategic Tech's jurisdictional allegations are facially insufficient. The FSIA does not provide the courts of the United States with jurisdiction over all cases involving the commercial activity of foreign states. The commercial activity must have a connection to the United States. Hence, the Court lacks subject matter jurisdiction over the case.

## II.     The Court lacks jurisdiction over the person of the ROC.

The Court lacks personal jurisdiction over the ROC for two reasons. 28 U.S.C. §1330(b) provides that "Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title." §1330(a) provides that "[t]he district courts shall have original jurisdiction ... of any ... action against a foreign state ... as to any claim for relief ...with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement." See <u>Practical Concepts, Inc. v. Republic of Bolivia</u>,

4

811 F.2d 1543, 1548 n.11 (D.C. Cir. 1987) ("under the FSIA, subject matter jurisdiction plus service of process equals personal jurisdiction").

As shown above, no allegation of the complaint shows that the ROC is not entitled to immunity under sections 1605 through 1607.   Nor does the complaint allege jurisdiction under any applicable international agreement.  As shown just below, proper service has not been made pursuant to section 1608 of this title.

Service of process was insufficient.   Service on a foreign state, as opposed to an agency or instrumentality thereof, is governed by 28 U.S.C. §1608(a).   The D.C. Circuit requires "strict adherence" to the requirements of this statutory subsection.   BPA International, Inc. v. Sweden et al., 281 F.Supp 2d 73, 84 (D.D.C. 2003), citing Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C.Cir. 1994).

Strategic Tech served Ching-long Lu, Director General, Ministry of Foreign Affairs of the ROC in February, 2006.  See Dockets 2, 3.  28 U.S.C. §1608(a)(3) requires service on the "head of the ministry of foreign affairs of the foreign state concerned."    The "head" of the Ministry of Foreign Affairs of the Republic of China is the "Minister" of Foreign Affairs.    Mr. James C. F. Huang has been the "Minister of Foreign Affairs" of the Republic of China since January 25, 2006. See  http://www.mofa.gov.tw and Exhibits A-C.[1]

---

[1] Go to website.  Hit English.  Hit "About MOFA."  Hit "Structure and Functions."  Exhibit A, showing the hierarchy of MOFA, should come up.  Hit "Principal Officers."  Exhibit B showing the names of three officers, should come up.  Mr. James C.F. Huang is the first principal officer.  Hit "Mr. James C.F. Huang."   Exhibit C, which states that Mr. Huang has been Minister of Foreign Affairs since January 25, 2006 should come up.
We represent to the Court that Mr. Ching-long Lu, to whom Strategic Tech's service in this case was addressed, is the Director General of the Department of Information and Cultural Affairs at MOFA.  He is not Director General of MOFA itself, much less the "head" of MOFA.  The Department of Information and Cultural Affairs is on the hierarchy chart, Exhibit A.  However, as

Courts have interpreted the language, "head of the ministry of foreign affairs," literally.  See Alberti v. Empresa Nicaraguense de la Carne, 705 F. 2d 250, 253 (7th Cir. 1983)(rejecting argument that Nicaraguan Ambassador in Washington could be "construed" to be "head" of Nicaragua Ministry of Foreign Affairs);  Shen v. Japan Airlines and Japan Immigration Bureau, 915 F.Supp. 686, 691-692 (S.D.N.Y. 1994)(rejecting service on "Japan Dept. of Justice, Immigration Bureau" in place of "head" of Japanese Ministry of Foreign Affairs).

In consequence, the Court lacks personal jurisdiction over the ROC.

### CONCLUSION

For the foregoing reasons, the case should be dismissed.

Respectfully submitted,
/s/_____
Thomas G. Corcoran, Jr.
D.C. Bar No. 143693
Berliner, Corcoran & Rowe, LLP
1101 17th Street, Northwest
Suite 1100
Washington, DC 20036
Telephone: (202) 293-5555
Fax: (202) 293-9035
E-mail: tgc@bcr-dc.com

April 5, 2006

---

far as we can tell, Mr. Lu's name does not appear on the website, either as Director General of the Department of Information or elsewhere.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **STRATEGIC TECHNOLOGIES,** | ) | |
| **PTE, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-2311** |
| **v.** | ) | **Judge: Rosemary M. Collyer** |
| | ) | |
| **REPUBLIC OF CHINA (TAIWAN)** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

The Court has considered the motion to dismiss filed by the defendant, Republic of China (Taiwan), the opposition of plaintiff, Strategic Technologies, Pte, Ltd., and the entire record herein. The Court finds that it has no subject matter jurisdiction over the case because plaintiff has not alleged facts establishing an exception to the presumption of sovereign immunity established by 28 U.S.C. §1604 of the Foreign Sovereign Immunities Act, 28 U.S.C. §§1602 et seq. ("FSIA").   The Court further finds that it lacks personal jurisdiction over the defendant because plaintiff has failed to serve the "head" of the defendant's ministry of foreign affairs as required by 28 U.S.C. §1608(a)(3) of the FSIA.  For the foregoing reasons, it is hereby

ORDERED, that the case is dismissed for lack of subject matter and personal jurisdiction.

_____
Rosemary M. Collyer
United States District Judge