UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRATEGIC TECHNOLOGIES, PTE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> REPUBLIC OF CHINA (TAIWAN), <br><br> Defendant. | Civil Action No. 05-2311 <br> Judge: Rosemary M. Collyer |

### AFFIDAVIT OF NATHAN M. CIHLAR IN SUPPORT OF AMENDED CONSENT MOTION FOR ENLARGEMENT OF TIME

STATE OF VIRGINIA   )
                    ) ss.
COUNTY OF FAIRFAX   )

Nathan M. Cihlar, being first duly sworn, deposes and states as follows:

1. I, Nathan M. Cihlar, am associated with Straus & Boies, LLP, counsel for the plaintiff, Strategic Technologies.

2. This declaration is filed in support of plaintiff Strategic Technologies, PTE, Ltd.'s ("Plaintiff") renewed motion for an order extending the Plaintiff's time to respond to the Defendants' motion to dismiss until May 12, 2006, pursuant to agreement of the parties.

3. This action is designed to domesticate a judgment already rendered against the Defendant in the Singapore courts, and eventually to pursue collection on the judgment.

1

4. Both the Plaintiff and the Defendant are foreign entities. The distance and nature of both entities creates some inherent difficulties in speedy and efficient communication with opposing counsel.

5. On Tuesday, April 6, 2006, Plaintiff's counsel received the Defendant's motion to dismiss the Complaint in this action (the "Motion"). The Motion, while brief, raises a number of important questions relating to subject matter jurisdiction and sovereign immunity in the context of a judgment recognition proceeding.

6. Upon receipt of the Motion and a review of the local rules governing the time for response to the Motion, it became clear to Plaintiff's counsel that it would need additional time to respond to the Motion. Counsel for the parties discussed possible dates for responsive papers and agreed in principle on potential dates for response. Counsel for the Defendant could not immediately agree to the filing of a consent motion because of the need to consult with their client. On Tuesday, April 11, 2006, Defendant's counsel communicated Defendant's agreement to an extension of time for Plaintiff to respond to the Motion, choosing May 12, 2006 as the appropriate date for response.

7. There are a number of factors that Plaintiff believes constitute good cause for the proposed extension of time to respond to the Motion. First, the issues underlying the motion are important and will take time to analyze, brief and discuss with the Plaintiff. Second, the 11 days given under the local rules include, in this instance, the Passover and Easter holidays, reducing counsel's time to respond. Third, the complexities of dealing with international clients make communication with the clients relatively more time-consuming and cumbersome than with purely domestic clients and generally call for additional time to consult and evaluate options, especially where

counsel are located across the country, as is the case here. Fourth, primary counsel for the Plaintiff is involved with completing briefing on an appeal and two substantial pending motions during the next two weeks, as well as continuing to pursue other matters. Fifth, counsel for the Defendants chose May 12, 2006 as a reasonable date for response because, until that time, Defendant's counsel is fully engaged in pre-trial preparation in another matter.

8. After consulting with counsel for the Defendant, rather than filing a proposed stipulation and order reflecting their agreement, the parties determined that filing a consent motion reflecting their agreement would be appropriate. On April 11, 2006, Plaintiff filed a consent motion (the "Consent Motion") for an extension of time to respond to the Motion that reflected the agreement of the parties as to a date for Plaintiff's response to the Motion. The Defendants did not oppose and in fact consented to the motion. However, the motion merely requested the relief and noted it was on consent. On April 12, 2006, the Court denied the Consent Motion for failure to show good cause for the relief requested.

9. After the Court denied the Consent Motion, counsel for the parties again discussed the need for additional time to respond to the motion to dismiss. Counsel for the parties discussed the reasons for the relief requested and once again agreed to seek an Order providing for an extension of time for Plaintiffs to file a response to the Motion. In the course of these discussions, counsel for the parties agreed upon the general content of this motion and agreed upon the reasons to be presented to the court for granting this motion.

10. The parties have thus conferred as to the relief request herein and agreed to the appropriateness of the relief requested.

11. The Defendant does not oppose this motion.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Nathan M. Cihlar

Subscribed and sworn to before me this 12th day of April, 2006;

_____
Notary Public

My commission expires: 4/30/07

[Notary Seal: Erica J. Radcliffe, Commonwealth of Virginia, Notary Public]

4