UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------x

Strategic Technologies, Pte, Ltd.,          :
2 International Business Park,               :
Level 6, Tower 2,                           :
Singapore 609930                            :
                                            :
                    Plaintiff,              :
                                            :          Case No. 1:05cv02311
            v.                              :          Judge: Rosemary M. Collyer
Republic of China (Taiwan),                 :
Attn: Ching-long Lu, Director General,      :
Ministry of Foreign Affairs                 :
2 Kaitakelan Blvd.                          :
Tapei, 100,                                 :
Taiwan, R.O.C.                              :
                                            :
                    Defendant.              :
------------------------------------------------------x

## DECLARATION OF MARK J. SCHIRMER
## IN SUPPORT OF RESPONSE TO MOTION TO DISMISS

Mark J. Schirmer, declare and state as follows:

1.    I am an attorney with the law firm of Straus & Boies, LLP, counsel for

plaintiff Strategic Technologies, Pte, Ltd in this matter.  I submit this Declaration in

support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

2.    Attached is a true and correct copy of Strategic Technologies PTE

LTD's contract with the Republic of China, together with an authentication of the

contract by Lu-Sheau-chia for the Singapore Courts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 12, 2006.

_____
Mark J. Schirmer

1

# HAMILTON DOWNING QUINN

———— SOLICITORS ————

WALTON EDDLESTONE MA
PHILIP HAMILTON
CHARLES ILIFF MA
JAMES DAVIS LLB

RUSKIN HOUSE
40/41 MUSEUM STREET
LONDON WC1A 1LT
TEL: +44 (0)20-7831 8939
FAX: +44 (0)20-7831 8798
DX: 35717 BLOOMSBURY
E-MAIL: law@hamd.co.uk
www.hamiltondowning.com

## FAX TRANSMISSION



**TO:**      Raj Kumar

**FAX NO:**   00 65 6734 3045

**DATE:**    10 May, 2006

**FROM:**    Hamilton Downing Quinn

**MATTER:**  Strategic Technologies Pte Ltd

**PAGES:**   39, including this one

Please see attached.

*IMPORTANT*

*This fax is intended for the named addressee only. It contains information which may be confidential and which may also be privileged. Unless you are the named addressee you may neither copy nor use it nor disclose it to anyone else. If you have received it in error please notify us immediately so that we can arrange for its return. To do so, or if you have any queries, please telephone 020-7831-8939 or fax 020-7831-8798*

ASSOCIATE: ALAN D TAYLOR

CONSULTANTS: ANTHONY B QUINN   MICHAEL SHONE MA   ARNOLD TICKNER LLB   WARNER L. JERRARD
INCORPORATING JERRARD SAUNDERS DONN

Singapore Representative Office: 83 Clemenceau Avenue, #13-01 UE Square, Singapore 239920
Tel: 65-6238 3508   Fax: 65-6887 3508

Regulated by the Law Society

2nd Deft: Lu Sheau-chia: 1st: *(handwritten)*

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Suit No 696 of 1998

Between

**STRATEGIC TECHNOLOGIES PTE LTD**
(RC No 198904011Z)

... Plaintiffs

And

1. **THE DEVELOPMENT BANK OF SINGAPORE**
(Reg No 196800306E)

2. **PROCUREMENT BUREAU OF THE REPUBLIC OF CHINA MINISTRY OF NATIONAL DEFENCE**
(No indentification number available)

... Defendants

### AFFIDAVIT

I, Lu Sheau-chia care of No. 172-1, Po Ai Road, Taipei, Taiwan, ROC do hereby solemnly and sincere affirm and say as follows:

1     I am the Chief of the Performance Section of the 2nd Defendants and am duly authorised to make this affidavit on behalf of the 2nd Defendants.

2     The facts deposed herein in this affidavit are within my personal knowledge and are from documents within my possession. Insofar as the facts stated herein are within my knowledge, they are true. Insofar as the facts stated

herein are not within my knowledge, they are true to the best of my information and belief.

3.    I have read a copy of the affidavit of Leong Sook Ching filed on behalf of the Plaintiffs on or about 8 May 1998 ("the Plaintiffs' affidavit") and will make reference to the same in the course of this affidavit.

4.    This affidavit is filed in support of the 2nd Defendants' application to discharge the injunction, which had been obtained by the Plaintiffs in this action, in particular the Order of Court dated 8 May 1998. A copy of the said Order of Court is now shown to me and exhibited herewith marked as "ℒℒℂ-1". In addition, this affidavit will be relied upon to support the 2nd Defendants' application for a stay of proceedings pending arbitration and also on the ground of forum non conveniens.

**THE CONTRACT**

5.    Pursuant to a tender exercise, the 2nd Defendants had awarded a Contract No. FA5D17W067PE dated 9 April 1996 ("the Contract") to the Plaintiffs to supply an Underground Test Range Measuring System ("the System") to the 205th Arsenal. A copy of the terms of the Contract is now shown to me and exhibited herewith marked as "ℒℒℂ-2".



2

6. At the outset, it should be noted that this Contract is different from the alleged contract which had been exhibited in the Plaintiffs' affidavit at "A". The alleged contract in the Plaintiffs' exhibit "A" is actually not the proper Contract as it was not the one which had been agreed upon and executed by both parties. It can be noted that it has different dates and amounts shown in the relevant places at the first page. One can also note that in the Contract exhibited herein at "*LdC*-2", the last page shows that both parties have executed this Contract. The 2nd Defendants signed on 24 April 1996, whilst the Plaintiffs signed on 1 May 1996.

**PERFORMANCE BOND**

7. The relevant terms of the Contract are found at Clauses 1 to 8 at pages 14 to 18 of the Contract. In addition, the Standard Terms of the Contract are provided in Articles 1 to 27 of the said Contract. One of the requirements of the Contract was that the Plaintiffs provide a performance bond for the sum of S$140,000-00 to the 2nd Defendants.

8. This was carried out by the Plaintiffs in the days after the award of the Contract. A copy of an Irrevocable Standby Letter of Credit No. 0016LC96013ST issued by the Development Bank of Singapore Ltd pursuant to terms of the Contract is now shown to me and exhibited herewith marked as "*LdC* -3".



3

This is the exhibit marked _____*LSC-J*_____

referred to in the affidavit of _____

*Lu Sheau Chin*

and sworn/affirmed before me this

day of

本文件之簽名或蓋章，經中華民國台
灣台北地方法院公証處公証人認証。
　　　　公証人　馬有敏

Attested on this____day, AUG 1, 1998
Before me at the Taiwan Taipei District
Court, Republic of China. That the
signature(s)/seal(s) in this docu-
ment is/are authentic.

Jen Tzu. No._____

286874

MA, YU-MIN
Notary Public

A Notary Public / Consular Officer

M/S Darrick Post & Humner
(SN/VA | 8796(97)

# IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Suit No 696 of 1998

Between

**STRATEGIC TECHNOLOGIES PTE LTD**
(RC No 198904011Z)

... Plaintiffs

And

1. **THE DEVELOPMENT BANK OF SINGAPORE**
(Reg No 196800306E)

2. **PROCUREMENT BUREAU OF THE REPUBLIC OF CHINA MINISTRY OF NATIONAL DEFENCE**
(No indentification number available)

... Defendants

## AFFIDAVIT

I, Lu Sheau-chia care of No. 172-1, Po Ai Road, Taipei, Taiwan, ROC do hereby solemnly and sincere affirm and say as follows:

1.      I am the Chief of the Performance Section of the 2nd Defendants and am duly authorised to make this affidavit on behalf of the 2nd Defendants.

2.      The facts deposed herein in this affidavit are within my personal knowledge and are from documents within my possession. Insofar as the facts stated herein are within my knowledge, they are true. Insofar as the facts stated

herein are not within my knowledge, they are true to the best of my information and belief.

3.    I make this affidavit in addition to my first affidavit filed on 12 August 1998, as in that affidavit I had omitted to exhibit certain documents.

4.    Firstly, with respect to the exhibit "LSC-2", I had inadvertently omitted to include the standard "Conditions Of Contract" and "Attachment" in the said exhibit.  The standard "Conditions Of Contract" comprise Articles 1 to 27, whilst the "Attachment" comprises 4 standard Forms.  Copies of the said standard "Conditions Of Contract" and "Attachment" are now shown to me and exhibited herewith marked as "LSC - 13".

5.    Secondly, I have also managed to obtain a legal opinion from an independent law firm in Taiwan which deals with the opinion of M/s Baker & McKenzie exhibited in the Plaintiffs' Affidavit as "Q".  A copy of this legal opinion is now shown to me and exhibited herewith marked as "LSC – 14".  This opinion also deals with the interpretation of the arbitration clause provided for in Article 25 of the standard "Conditions Of Contract".  It is noted that the legal opinion by M/s Baker & McKenzie has totally omitted to deal with this arbitration clause.



2

6.    The above matters and exhibits will be referred to in the hearing of this

application to discharge the injunction as well as for stay of proceedings.

AFFIRMED by the abovenamed     )
LU SHEAU-CHIA                  )
on this          day of        )
1998                           )

Before me

_____

A Notary Public/Consular Officer

This Affidavit is filed on behalf of the 2ⁿᵈ Defendant Tzu.

本文件之簽名或蓋章，經中華民國台
灣台北地方法院公証處公証人認証。
          公証人          AUG 25 1998
Attested on this____day of
19___, at the Taiwan Taipei District
Court, Republic of China, That the
signature(s)/seal(s) in this docu-
ment is/are authentic.

                Cheng, Hui-Chin
                 Notary Public

No. 188081

3



This is the exhibit marked    "LSC-13"

referred to in the affidavit of _____

_Lu Dheau Chin_

and sworn/affirmed before me this

day of AUG 2 4 1998 1998

Before me    058525

Lu, Rong-huei
Notary Public, Taipei District
Court, Taiwan, Rep. of China

A Notary Public / Consular Officer

# CONDITIONS OF CONTRACT
## 合 約 條 款

| ARTICLE 條號 | TITLE 條 目 | PAGE 頁號 |
|---|---|---|

| 1 | CONTRACT SUPPLIES合約供應品 | 1 |
| 2 | PERFORMANCE BOND履約保證金 | 1 |
| 3 | SHIPMENT裝運 | 2 |
| 4 | INSURANCE保險 | 4 |
| 5 | INSPECTION AND ACCEPTANCE抽驗與受領 | 4 |
| 6 | PACKING, PACKAGING AND MARKING包裝及標記 | 6 |
| 7 | PAYMENT付款 | 7 |
| 8 | WARRANTY保證 | 9 |
| 9 | FORCE MAJEURE不可抗力 | 11 |
| 10 | LIQUIDATED DAMAGES預定之損害賠償 | 12 |
| 11 | EXPORT LICENSE輸出許可證 | 13 |
| 12 | GOVERNING LANGUAGE主要使用之語文 | 13 |
| 3 | PATENT, COPYRIGHT INFRINGEMENT專利權、著作權之侵害 | 13 |
| | RISK OF LOSS損失之風險 | 14 |
| 15 | TERMINATION FOR CONVENIENCE OF THE BUYER因買方之便利而終止合約 | 14 |
| 16 | TERMINATION FOR THE SELLER'S DEFAULT因賣方違約而終止合約 | 15 |
| 17 | SECURITY保密條款 | 16 |
| 18 | CONTRACT REMAIN VALID合約繼續有效 | 16 |
| 19 | WAIVER OF BREACH違約請求權之拋棄 | 17 |
| 20 | NOTICE通知 | 17 |
| 21 | TAXES AND DUTIES稅捐及關稅 | 17 |
| 22 | ASSIGNMENT讓與 | 18 |
| 23 | GRATUITY AND COMMISSIONS餽贈及佣金 | 18 |
| 24 | CHANGE修改 | 19 |
| 25 | ARBITRATION仲裁 | 19 |
| 26 | ORDER OF PRECEDENCE優先適用順序 | 20 |
| 27 | APPLICABLE LAW準據法 | 20 |

## ATTACHMENT 附件

| 1 | STANDARD BID BOND FORM押標金標準格式 | 21 |
| 2 | STANDARD PERFORMANCE BOND FORM履保金標準格式 | 22 |
| 3 | STANDARD REFUND BOND FORM預付款保證函標準格式 | 23 |
| 4 | STANDARD WARRANTY BOND FORM保固金標準格式 | 24 |

# ARTICLE 1
# 第1條
## CONTRACT SUPPLIES
## 合約供應品

1.1   All supplies furnished under this Contract shall comply with the requirements of the specifications set forth in the Contract and shall be brand new with full service life designated in the specification. Spare parts (if furnished) shall be identical to original parts. Requirements not adequately described by the contract specifications shall be in accordance with the best commercial practice. The specifications are contained in the Invitation/Bid and any deviation or exception thereto as provided in Bidding Instructions and Conditions which are approved by the Buyer shall become a part of the Contract.
合約供應品應為全新且完全符合合約之規格，並具最大使用年限。如有備份零件，須與原裝零件相同。合約規範未直詳明者，應依最利買方之商業慣例辦理，邀標單及投標單所載之規格及其他事項，與投標須知及合約檢批有所差異者，經買方同意後，即構成合約之一部份。

1.2   Supplies and/or goods shipped must be made in the noncommunist country and/or area, unless otherwise expressly agreed and stated in the Contract/agreement.
除合約另有明文規定外，交運之貨品須產製於非共產國家。

1.3   Any goods/supplies shipped and/or delivered must not be of the product made/manufactured in the Communist China.
任何交運貨品不得產製於中共。

# ARTICLE 2
# 第2條
## PERFORMANCE BOND
## 履約保證金

2.1   Within eighteen(18) calendar days after receiving the minutes of award, and unless otherwise, stipulated in the Contract, the Seller shall deposit a performance bond in the form of cash, bank draft, certified check, unconditional and irrevocable bank guarantee, standby letter of credit, or other forms acceptable to the Buyer in a sum of not less than five percent(5%)of the Contract value. Delay in posting the performance bond will be considered as unsatisfactory performance on the part of the Seller. Such bond shall be in the currency acceptable in the Contract or any other foreign currency acceptable to the Buyer or in the equivalent thereof in New Taiwan Dollars at the then prevailing rate of exchange applicable to inward remittance. The Seller should ask the bank where the bond is deposited to cable Buyer through its correspondent bank in Taipei City at the Seller's expense the invitation number, contract number and the amount of the bond deposited. In case the performance bond is deposited by a foreign supplier on behalf of a local Seller in Taiwan, the name of both foreign supplier and local Seller shall be clearly indicated in the bond document and the above-mentioned cable advice. Only after the deposit of the performance bond will the relevant Letter of Credit for the Contract be issued to the beneficiary.
除合約另有規定外，賣方應於接獲決標紀錄後十八天（曆日）內，繳交履約保證金，其金額不得少於合約價款5％。以現金、銀行匯票、保付支票、無條件且不可撤銷銀行保證函、擔保信用狀或其他可接受之方式交買方。遲延繳付履保金，將被視為履約不良。履保金須以契約所約定之貨幣或以買方接可之其他外幣繳付，或按當日匯款匯率折算等值之新臺幣繳付。賣方應請貨沿將收受銀行，電告在臺北之往來銀行，將知買方其標單號碼、合約號碼、履保金金額。履保金如係由國外供應商代本地代理商繳付，並應在履保金通知書及電報通知書上載明代理商名稱，唯有履保金繳妥後，



1

6

信用狀始開予受益人。

2.2 For all Contracts under US$10,000 (or its equivalent value in other currencies), the performance bond should be posted only in the form of cash in New Taiwan dollars or bank draft, certified check of R.O.C. banks, or R.O.C. government Bonds.
合約金額在美金壹萬元以下（或等值之其他外幣），其履保金限以新臺幣現金，中華民國境內銀行之銀行匯票，保付支票或中華民國政府公債繳納之。

2.3 In case the performance bond is posted in the form of unconditional and irrevocable bank guarantee or standby letter of credit, it must be valid, unless otherwise specified by the Buyer, for at least a hundred and eighty (180) days after the Contract-scheduled (last) shipment date and shall conform in substance to the attached Standard Performance Bond Form (See Attachment 2). If the unconditional and irrevocable guarantee or standby letter of credit is to be issued by a bank outside the R.O.C., it must be sent to the Buyer through International Commercial Bank of China, Farmers Bank of China, Central Trust of China, United World Chinese Commercial Bank, Bank of Taiwan, or any other Buyer designated bank, or its correspondent bank in Taipei. In case any claim against shortage or defect in supplies is not settled within the warranty period as specified in Article 8 the validity of the performance bond shall be extended as required by the Buyer, otherwise the Buyer will proceed to collect the bond before its expiration.
履保金如以無條件不可撤銷之銀行保證函或擔保信用狀繳付，除買方另有規定外，其有效期應自合約所訂之裝運交貨日起延長180天，並應符合履保金標準格式（如附件二）。如采無條件不可撤銷保證函或擔保信用狀係由國外銀行所開出，必須經由中國國際商業銀行、中國農民銀行、中信局、世界銀行、臺灣銀行或其他買方指定之銀行或其在臺北之往來銀行等交買方。如因貨品短缺或瑕疵或有所爭執，無法於保固期間（詳如第8條）內解決，履保金有效期應使買方要求而辦理展延，否則買方將於有效期屆滿前沒收。

2.4 The performance bond will be released without interest after all contracted supplies have arrived in Taiwan and have been found to be in acceptable condition according to the specifications and requirements of the contract,
履保金於合約全部貨品運抵臺灣，並依據合約之規格與要求，經驗收合格後無息發還。

2.5 In the event of Seller's default, Buyer may, without prejudice to other rights of Buyer, terminate the contract and confiscate the performance bond in compensation of Buyer's damages. The performance bond shall also guarantee the payments for damages of delay or deficiency in the specification or failure delivery as per Article 10, the compensations as per Article 8, and all other payment to Buyer.
如賣方違約，買方得終止合約並沒收履保金以賠償買方之損失，且合約之終止，不妨礙買方其他權利之行使。履保金亦用以擔保第10條延遲之違期罰款或規格限或無法交貨及第8條賠過之賠償及其他應給付買方之款額。

*liquidated damages*

*warranty*

**ARTICLE 3**
**第3條**
**SHIPMENT**
**裝運**

3.1 If the Contract is signed on C&F, CIF, DCP or CIP basis, the Seller shall arrange for shipment and provide the Buyer with all necessary and sufficient documents for acceptance of the Supplies.
如合約係以C&F、CIF、DCP，或CIP簽訂，賣方需安排運搬及提供買方所有必要之文件以利貨品之接收。



2

3.2   If the contract is signed on FOB or FAS basis, Buyer will designate a carrier which will be stated in the remarks of the Contract to arrange for the contracted supplies, unless otherwise specified in the Contract. The Seller shall, as early as possible but not later than thirty(30) days prior to delivery, contact and notify the Buyer designated carrier for the expected shipment date, cargo measurement and/ or weight and any other shipping instructions. If the contents of supplies are subsequently changed for some reasons or if the Contract requires ocean shipment to be made within one(1) month after receipt of L/C, the Seller and/or its Supplier shall contact and notify the carrier such information at least twenty (20) days prior to the shipment date. Without the Buyer's consent, the Seller/Supplier shall not deliver the supplies to a carrier other than the one arranged by the Buyer; otherwise, the Seller/Supplier shall be liable for any consequence of loss or damages suffered by the Buyer. If shipment is delayed owing to the unavailability of freight space, the Seller shall obtain a certificate from the carrier for excuse of delay liability.

如合約以FOB或FAS簽訂，除另有規定外，買方將洽合約附加備款內指定承運公司洽接貨品。貴方需儘早，且不得遲於交運前30天，將預計交貨期、貨品材積、重量及其他裝運通知告知買方所指定之承運公司。如果交運之貨品事後因故變更或合約規定貨方須於收到信用狀後一個月內以海運裝運時，貴方／供應商須將交運前20天通知承運公司。未經買方同意，貴方／供應商不得將貨物交予非買方指定之承運公司，否則貴方／供應商應負責賠償買方因此所受之任何損失。如因無艙位而致裝運延期，貴方須取得承運公司之證明文件，以免除遲延責任。

3.3   If the Contract is signed on FOB airport, the Buyer will designate an airplane or arrange for such air shipment except otherwise specified in the Contract. The Seller may arrange for such air shipment only if previously authorized by the Buyer upon the Seller's request or notification.

如合約以FOB空運簽訂，除另有規定外，買方得指定或安排航空公司。若貴方於事前獲得買方之同意，得自行安排航空承運。

3.4   The Seller shall be responsible for any additional insurance premium incurred because of the age or classification of the carrying ocean vessel arranged by the Seller. Shipment on deck or transhipment will not be allowed unless otherwise specified. Under no circumstances shall the vessels stopover the area/ country such as mainland China, North Korea.

貴方所安排之船隻因國齡或船齡而發生額外之保險費用，由貴方負擔。除另有規定外，不得裝載於甲板上或轉運。載運船隻不得中途停靠來中國大陸、北韓等國家或地區。

3.5   Shipment shall be made in accordance with the contracted quantity or weight. In case of an excess shipment, the excess supplies shall be manipulated by the Supplier and the value of the excess part shall not be drawn from the L/C of this Contract, and the Seller shall reimburse the Buyer for costs incurred. Any shortage of the contracted supplies shall be made up by the Seller upon receipt of the Buyer's written notice, and all additional costs thus incurred such as insurance, freight, charges, fees, duties and all other relevant expenses involved in shipmen supplies shall be borne by the Seller.

交運貨品之數量或重量必須與合約相符。如有超交貨品，將由貴方自行處理並不得自信用狀中提領該超交部份之貨款，且貴方須支付買方因此所發生之費用。如交貨品有任何短交，貴方須於接獲買方書面通知後立即補足，所發生之額外費用，如保險費、運費、關稅及其他相關費用，概由貴方負擔。

3.6   If partial shipment with prior written permission of the Buyer is allowed, all the items in each partial shipment delivered shall be of a functional and commercial unit.

如事先經得買方書面同意分批交運，則每一批交運的品項必須是具完整之功能性及商業性單位。

3



## ARTICLE 4
## 第4條
## INSURANCE
## 保　險

4.1 For Contracts signed on CIF, CIP basis, the Seller shall effect insurance covering ALL RISK, WAR RISK, and SR&CC CLAUSE from the Seller's warehouse to the final destination of the Buyer's appointed warehouse, and the insured value shall not be less than the total invoice value plus ten percent (10%). Insurance policy or certificate shall be endorsed to the order of the Buyer and shall be claimable in Taiwan R.O.C. by Buyer upon presentation of relevant documents to the bank.
如合約以CIF，CIP簽訂，賣方應就從賣方倉庫至買方所指定之目的地倉庫，投保全險、戰爭險及罷工暴動與變險，其保額不得少於發票總金額加一成，押匯時，該保險單應背書予買方，並可由買方在臺灣索賠。

4.2 For all Contracts especially those on C&F or FOB basis, the Seller shall fax at his own expense five (5) days before loading, advising Buyer (Fax:886-2-3892586), of the following details of each shipment to enable Buyer to arrange for insurance:"Invitation number, Contract number, description of supplies, quantity, name of carrier, flight number in case of airlift,port of departure, estimated time of departure (ETD), estimated time of arrival (ETA), and total invoice value."
對特別是以C&F或FOB簽訂之合約，賣方須於裝運前五天自費以傳真方式通知買方（傳真：886-2-3892586）下述裝運之詳細內容，以使買方安排投保：「案號、合約號碼、品名、數量、運送公司名稱、班機號碼（如為空運）、裝運港、預定起運時間、預定到達時間及發票總金額」

2.4 Failing to provide the Buyer with the information concerned in time, the Seller shall pay compensation to Buyer for any loss or damage which, as a result, has not been covered by insurance.
賣方若未能及時提供買方前述之相關資料，則須賠償買方因未列入保險範圍所導致之一切損失。

## ARTICLE 5
## 第5條
## INSPECTION AND ACCEPTANCE
## 檢驗與受領

5.1 There are two kinds of inspection under this Contract:shipment inspection and final inspection. The shipment inspection shall be made by the Seller/Manufacturer(s)/Supplier(s) concerned and/or the Buyer designated independent inspector (firm) on the Seller's behalf before the time of shipment. The final inspection will be made by the Buyer at the destination.
本合約規定兩種檢驗方式：裝運檢驗與最終檢驗。裝運檢驗由賣方／製造商／供應商及／或買方指定之獨立公證公司於交運前在賣方之利益下實施檢驗。最終檢驗則由買方在貨到目的地接實施。

5.2 The scope of shipment inspection shall include specifications, quality,quantity and/or net weight, proper packaging and markings, and running test if necessary. All supplies (which term throughout this clause includes without limitation raw materials, components, intermediate assemblies, and end products) shall be subject to shipment inspection to the extent practicable prior to final acceptance.
裝運檢驗之範圍包括規格、品質、數量與／或淨重、正確之包裝及標記，必要時包括試車。所有貨品（本條款中所稱貨品一詞不限於原料、零組件、半成品及成品），在最終受領前，須經過一切可行之檢驗。

4



5.3    Unless otherwise instructed by the Buyer, the Seller shall cause itself or its Supplier(s)/Manufacturer(s) to make a shipment inspection and provide a Certificate of Conformance therefrom. If the Buyer decides to have an independent shipment inspection, the Buyer shall inform the Seller the appointment of an independent inspector (firm) by sending a written notice or a copy of inspection Contract. Upon receipt of such notice or the copied Contract, the Seller shall contact, or cause its Supplier(s)/Manufacturer(s) to contact the independent inspector (firm) when the supplies are ready for inspection. The Seller shall cause itself or its Supplier(s) and/or Manufacturer(s) to provide the independent inspector (firm) free of charge with facilities reasonably required for the performance of inspection. The former shall also allow the latter to have free access to the factory or factories within a reasonable period of time for performing inspection and test. Independent inspector (firm) is entitled to reject any supplies found defective in design, material or workmanship, or not in conformity with the requirements of the Contract. In the event the independent inspector (firm) disapproves any supplies, it should withhold issuance of the inspection certificate until corrections or replacements are made to the satisfaction of the independent inspector (firm). All additional expenses to be incurred therefrom shall be for the Seller's account. If the inspection is made at a place other than the place of shipment, the supplies shall be identified, controlled and sent to the place/port of shipment by the independent inspector (firm). The inspection certificate shall be issued within five days after completion of the inspection. All costs of such inspections shall be for the Seller's account. The Buyer reserves the right to charge to the Seller any additional cost of the Buyer or independent inspection and test when supplies are not ready at the requested time or when reinspection or retest is necessitated by prior rejection.

除買方另有通知外，賣方須自行或依其供應商或製造商實地裝運檢驗並提出檢驗合格證明。若買方決定需要獨立公證檢驗時，買方須將指定之獨立公證檢驗人（公司）以書面通知或將檢驗合約之副本告之賣方。賣方於收悉上述通知或合約的副本後，當買品備妥待驗時須通知或依其供應商或製造商連繫公證檢驗人（公司）。賣方並須自行或依其供應商及／或製造商免費提供獨立公證檢驗人（公司）實地檢驗所需之設施。前者並須允許後者，在一定合理時間內執行檢驗或測試時自由進出工廠。獨立公證檢驗人（公司）有權拒絕任何在設計、材質或工作上發現有瑕疵的貨品或與合約的要求不符之貨品。獨立公證檢驗人（公司）拒絕接受之貨品，在貨品修正或更換至獨立公證檢驗人（公司）滿意合格之要求前，不開具檢驗證明。所有因此而產生之額外費用必須由賣方負擔。如果係在裝運地點以外的地方檢驗，這些貨品必須由獨立公證檢驗人（公司）標示，監督並送運到裝運地點或港口。檢驗證明須在檢驗完成後五日內開具。所有此類檢驗之全部費用，均由賣方負擔。當貨品未在要求期限內備妥或在原先擬拒絕需要再重複檢驗或重複測試時，買方保留向賣方索取任何額外支出或獨立公證檢驗及測試費用的權利。

5.4    The Buyer reserves the rights to make final inspection at the destination. Acceptance shall occur only after the Buyer's issuing notice of satisfaction on the final inspection (Certificate of Acceptance). During the period of final inspection, the acceptance shall be pending. However, if the Buyer does not initiate the final inspection in four(4) weeks after receipt of the supplies at the destination, it shall be deemed a waiver of the inspection, and the acceptance shall occur at the end of such four weeks. Failure to inspect and accept or reject supplies shall neither relieve the Seller from responsibility for such supplies as are not in accordance with the Contract requirements nor impose liability on the Buyer.

買方保留在目的地做最終檢驗之權利。只有在買方開具最終檢驗合格（受領證明）之通知後，才產生受領的效力。在最終檢驗期間，仍未生受領之效力。然而，若買方在貨品到達目的地後四週內仍未開始做最終檢驗時，則將被視為對檢驗權之放棄，且在此四週後將視為受領。未能檢驗、受領或拒絕受領貨品，均未免除賣方對這些不符合約要求貨品之責任，且不得加諸買方任何責任。

5.5    No matter what kind of inspection is made, in case any supplies or lots of supplies are defective in design, material or workmanship or otherwise not in conformity with the requirements of this Contract, the Buyer shall have the right either to reject them (with or without instructions as to their disposition)

5



or to require correction. The supplies or lots of supplies which have been rejected or required to be corrected shall be removed !or corrected by and at the expense of the Seller promptly after notice, and shall not thereafter be tendered for acceptance without the Buyer's consent. If the Seller fails to remove, replace or correct such supplies or lots of supplies promptly, the Buyer either (a) may by Contract or otherwise replace or correct such supplies and charge to the Seller the cost occasioned the Buyer thereby, or (b) may terminate this Contract for default as provided in the clause of this Contract entitled "Default".Unless the Seller corrects or replaces such supplies within the delivery schedule the Buyer may require the delivery of such supplies at a reduction in price which is equitable under the circumstances. And in case of rejection the Buyer shall not be liable for any cost and expense, including any reduction in value, in connection with such inspection or test.

不論在做任何檢驗時，若有任何或多項貨品，在設計、材質、工作或其他與合約所要求事項不符而發生之瑕疵，買方有權拒絕（通知與否保其處理權而定）或要求修正。這些貨品或多項就拒絕接受或損修正之貨品，賣方在收到通知後，必須迅速自費將該貨品搬運或修理，若未經買方同意，不得提出此類貨品以供要領。若賣方未能迅速搬運、更換或修理此等貨品，則買方可選擇(a)依合約或以他法更換或修理貨品並向賣方索取支出之費用，或(b)按合約的條款中摘題"違約"之條款，以賣方違約而終止合約。除非賣方於交貨期內修復或換貨，否則買方可要求減價收貨。若在拒絕接受下，買方概不負責所有瑕疵及費用，包括任何價值的減少及相關之檢驗或測試費用。

5.6    The inspection and test of any supplies or lots thereof does not relieve the Seller from any responsibility regarding defects or other· failures to meet the Contract requirements. Acceptance shall be conclusive except as regards latent defects,fraud, or gross mistakes amount to fraud.

任一或多項貨品之檢驗及測試，並不免除賣方對於瑕疵或其他不符合約要求所致之責任。除非有隱藏性之瑕疵、詐欺或異於詐狀之重大錯誤，買方之受領係具決定性而不容重提的。

## ARTICLE 6
## 第6條
## PACKING, PACKAGING AND MARKING
## 包裝及標記

6.1    Unless otherwise specified, supplies covered by this Contract shall be packed, packaged and stuffed in such manner as adequate for ocean/air export shipment if required by the Contract. Such packing, packaging and stuffing must be sufficient to secure safe arrival at destination fully covering such overseas and international shipping hazards as rough handling, shaking and possible corrosion due to exposure to salt atmosphere, salt spray, open storage, and/or any other hazard situation.

除另有規定外，合約中規定交運之貨品須以合約中要求達宜海、空運之包裝及紮固，此項包裝及紮固須足以使貨品安全到達目的地並能耐海、空運之粗重搬列、震動及可能因暴露於鹽分空氣中之腐蝕、鹽漬或露天儲放之腐蝕，及一切其他可能之風險情況。

6.2    Seller shall be liable to the Buyer for immediate replacement of the damage supplies or compensation of any loss or damages caused in transit attributed to improper packing, packaging, stuffing, or shaking protection

凡因不當之包裝、紮固或防紮所等致之損失或損害，賣方須負責迅即更換損害貨品或賠償。

6.3    Contents · of each shipping package shall be itemized as a detailed packing list showing exact weight,extreme outside dimension (length, width and height) of each piece or container. If all pieces or containers are uniform in size of weight, the list shows the dimensions and weight of one only. One copy of the detailed packing list shall be enclosed in each package to be shipped. There shall also be

6



enclosed in one package a master packing list summarizing and identifying each individual package which is a part of the shipment. The number of the package in which the master packing list is contained should be shown on each packing list.On barrels, bags, drums or kegs where it is not feasible to place the packing list inside the container, all pertinent information is to be stenciled on the outside of each barrel, bag, drum or keg and will constitute packing list.

每箱運貨之內容，必須逐項列新註整箱單，每箱並須細列正確重量、外限大小（長度、寬度、高度）。若每箱大小重量一致，如列一箱即可，每箱須有一份裝箱單，並擇一箱裏放越裝箱單，註總整箱單應摘述各箱內容。繼裝箱單裏許何箱應放許各裝箱單內。桶、袋、筒、箕等不宜置入包裝清單者，應掌註於外紋，另外彙搞於一單，樣成包裝清單。

6.4     Following shipping marks should be properly made on all packages:



<table>
<tr><td></td><td>Buyer:</td></tr>
<tr><td></td><td>Consignee:</td></tr>
<tr><td></td><td>Destination:</td></tr>
<tr><td>Invitation No.</td><td>Package No:</td></tr>
<tr><td>Contract No.</td><td>Additional Markings as</td></tr>
<tr><td></td><td>required on face sheet</td></tr>
</table>

每箱樣誌如下：

買方：
受貨人：
目的地：
箱號：
其他附加樣記：

## ARTICLE 7
第七條
## PAYMENT
付款

7.1     The seller shall be paid, upon the submission of proper invoices or vouchers, as provided in this Article , the price stipulated herein for supplies delivered and accepted or services rendered and accepted. less deductions. If any, as herein provided Unless otherwise specified, payment will be made on partial deliveries accepted by the Buyer only when the amount due on such deliveries so warrants.

當賣方依合約規定提示正確之發票或憑單時，買方將支付受領貨品或勞務之價款。若有應扣除之價款者，應予扣除，除另有規定外，買方將對各批貨品接受值，依該貨品之審親情況，確信付款為正當時，始辦理支付。

7.2     Unless otherwise specified, payment shall be made to the Seller by an irrevocable Letter of Credit(L/C)in favor of the L/C beneficiary named by the Seller in his bid, and all banking charges outside the Republic of China incurred under the L/C or remittance shall be borne by L/C beneficiary. The L/C will be issued to the beneficiary within a reasonable time after the Seller's posting of the performance bond and payable against the following documents unless otherwise specified in the Remarks of Contract.
(a)_____the Total Contract Price (equal to _____) shall be paid as down payment against beneficiary's simple receipt and a refund bond (form as attachment 3) for the equivalent sum.
(b) ____of the Total Contract price (equal to_____) shall be paid against:
    (1)Signed commercial invoice in septuplicate indicating foreign exchange settlement permit nummber, contract number, and Itemized price.

7



(2)Packing lists and/or weight list in septuplicate.

(3)Insurance certificate (or policy), if the Contract is signed of CIF basis.

(4) _____ Dock receipt in one (1) copy. (FAS shipments)

_____ Ocean Bill of Lading Two of the three original and two copies of clean on board Ocean Bill of Lading made out to order of and notified Procurement Bureau, MND (C&F, CIF, FOB shipments)

_____ Clean on-board Airway Bill: One(1) original and two(2) copies. (FOB Airport shipment)

_____ Mailing Certificate and/or Insured Parcel Post receipt (Mail shipments)

_____ Waybills (DCP, CIP shipments)

(5)Certificate of Conformance or Inspection Certificate in quardruplicate issued by the Manufacturer and/or the Buyer designated independent inspector (firm), showing that the supplies shipped fully conform to the specifications and other requirements of the contract and are in 100% brand new and sound condition.

(6)Supplier's Certificate showing the actual amount of bona fide contingent fee paid or to be paid to the Seller by the Suppliers.

(7)A Certificate issued by the L/C beneficiary stating that he has forwarded by registered airmail one original Bill of Lading, Airway Bill, Waybills, Dock Receipt or Post Receipt, and two complete sets of duplicate documents as required above to the Buyer together with registered airmail receipt issued by post office within seven (7) days after the B/L date.

(8)Copy of cablegram, FAX or telex, addressed to the Buyer stating shipping information.

(c) _____ of the Total Contract Price (equal to _____) shall be paid against the Certificate of Acceptance issued by the Buyer after the final inspection.

除另有規定外，付款概以不可撤銷之信用狀為之。信用狀受益人由賣方於樣單中指定。在中華民國以外地區，因信用狀通匯款所用之銀行費用，概由信用狀受益人負擔。除合約中附加條款另有規定外，信用狀須於賣方繳妥的保證金補合理期間開立，並進下列文件付款。

(a)合約價款之 _____ %（等外 _____）為預付款。

　　憑受益人提出之商單收據及等額之相對保證品（格式如附件三）付款。

(b)合約價款之 _____ %（等外 _____）將憑下列文件押匯：

　(1)經簽字之商業發票一式七份。載明結匯許可證號碼，合約號碼及詳細價格。

　(2)裝箱單或重量單一式七份。

　(3)以CIF簽約者加附保險單。

　(4) _____ 碼頭收據一份（以FAS裝運）。

　　_____ 海運提單壹套：須提示清潔裝實證券三份正本中之兩份及副本兩份，並通知採購局（即買方）（包括C&F, CIF, FOB 裝運）

　　_____ 空運清潔提單：須提示正本乙份及副本份兩份（以FOB空運裝運）。

　　_____ 郵寄證明及／或投保郵政包裹之收據（以郵寄裝運）。

　　_____ 鐵路提單（保以DCP, CIP裝運）。

　(5)由製造商或買方指定之獨立公證檢驗人（公司）開立之合格證明或檢驗證明一式四份。報告書須載明所交之貨品須完全符合合約中之規格及要求，產品且為全新及良好之狀態。

　(6)供應商已付或待付賣方實際佣金全額證明單。

　(7)信用狀受益人出具之證明裝運已依買方之要求以航空掛號轉裝實證券，空運提單、鐵路提單、碼頭收據或郵寄包裹收據正本一份，副本文件兩套，併同航空掛號收據，於裝實後券簽發後七天內寄交買方。

　(8)逾知買方有關裝船訊息之電報，傳真或電傳副本。

(c)合約價款之 _____ %（等外 _____）須俟買方驗收合格簽發受領證明還付款。

7.3　In case the Seller should request that the L/C be confirmed by a bank other than the opening bank, or be

8



or be advised through a designated bank, any additional expense incurred for such confirmation and/or designation shall be for the Seller's account. The Seller shall, upon request, send the Buyer the evidence of the date of receipt of L/C by the L/C beneficiary.

若買方要求所保兌之銀行非開狀銀行，或指定通知銀行時，額外所發生之保兌或通知費用概由買方負擔。賣方須應買方之要求，提出信用狀受益人收到信用狀日期之證明文件。

7.4 Immediately after delivery, the Seller should forward by registered airmail one full set of shipping documents and two complete sets of documents stipulated in the Article 7.2 to the Buyer.

貨品交運後，賣方應遵照第7.2條規定，立即以航空掛號將所有之貨運單證乙份及相關文件兩份寄交買方。

7.5 The Contract price shall be firm and fixed. After the Contract is signed, any increase in cost, insurance, stuffing, freight, independent inspection and/or packing, stuffing, handling charges etc, over and above the amount stated in this Contract should be for the Seller's account.However, if the actual amount of ocean/air freight paid to the shipping company or airlines is less than that stated in the Contract, the unused balance shall not be drawn from the L/C,Otherwise the Seller shall pay the difference back to the Buyer.

合約價款必須確定並固定。合約簽訂後，若有任何價款之增加，如成本、保險、運費、獨立檢驗及/或包裝、裝櫃、處理費等，其超出合約之價款均由賣方負擔。然而，若實際支付航運公司之海/空運價款比合約之載述的少，其溢剩差額不得從信用狀中提取，否則賣方須將差額退還買方。

7.6 In case the Buyer is unable to take delivery of the cargo as a result of the Seller's delay in making available the above mentioned shipping documents to the Buyer through the negotiation bank or as a result of the documents presented not conforming to the requirements of the Contract or the relevant L/C regardless whether these documents are acceptable to the bank under guarantee or not, the overtime storage charge for the cargo and/or other expenses thus incurred shall be borne by the Seller.

若買方未能提貨，係因賣方遲延經由押匯銀行提出上述有效的貨運單證給買方，或係因上述單證未能符合合約的或信用狀之要求，則不論此等單證是否由銀行擔保接受，其所發生之溢額倉租費或其他費用，概由賣方負擔。

7.7 In case LCL (Less container loading) service charge is required for items originally quoted terms of C&F or CIF, the Seller shall be responsible to prepay such service charge at loading port before supplies/goods delivery

若原報價條件係以C&F或CIF報價之貨品須併裝勞務協費，賣方應在貨品交運前於裝運港繳納此項費用。

7.8 For shipment from European, American or African port(s), the documents stated in Article 7.2 must be presented for negotiation within fourteen(14) days after the B/L date, but from Asian or Oceanian port(s), seven(7) days. If the said documents are required by the Seller to be presented for negotiation later than the date specified above, the extra storage charges and/or other expenses thus incurred shall be borne by the Seller.

由歐洲、美洲、非洲等港口交運者，須於簽發裝貨單證後14天內提示如會給條款第7.2條中所載明之文件押匯，但亞太地區則應在7天內押匯。如上述文件遲於規定日期提出押匯，則溢額倉租費用或其他費用，概由賣方負擔。

### ARTICLE 8
### 第8條
### WARRANTY

9



保 固

8.1   The Seller warrants that all items provided to the Buyer under this Contract shall be free and clear of any security interest, liens,charges or other encumbrances. The Seller's liability and the Buyer's remedy under this warranty shall include, without being limited to, and at the Buyer's option and the Seller's cost: (a) the removal of any title defect;or (b) the replacement of the goods and parts thereof which are defective in title; or (c) the return by the Buyer of the defective supplies and relevant supplies the use or function of which shall be affected thereby and the refund by the Seller of the payment received from the Buyer for such supplies plus such costs as related to transportation, installation, dismantling, postage, and other charges and fees for the acceptance and/or return of the supplies.

賣方須保證，依本合約提供買方之所有品須均不存在任何擔保物權、留置權、抵得及其他負擔。在此保證之下，賣方所應負之責任與買方得受的補償，包含且不限定於如下方法，方法之行使，買方有選擇權，且由賣方負擔其費用：(a)除去任何權利上的瑕疵，或(b)更換貨有瑕疵之貨品或零件，或(c)或買方退還具有瑕疵之貨品，以及因其退還導致使用或功能有所欠缺之相關貨品。另賣方須退還該貨款及支付買方任何有關運輸、安裝、拆卸、郵費及其他受領或退還時所支出之費用。

8.2   The Seller and Manufacturer shall warrant for at least one(1) year after the Buyer's acceptance of supplies at destination that supplies delivered under this Contract will be free of any defects in design material or workmanship and conform to the specifications and requirements of the Contract. Notwithstanding, the warranty period is not limited to the period specified above if the defect is known, or shall have been known ,to the Seller upon delivery of such items.The Seller's liability under this warranty shall include, without being limited to, and at the Buyer's option and the Seller's cost: (a) the repair of the defective/deficient supplies;(b) the replacement of the defective/deficient supplies; (c)such other remedy as is mutually agreed upon by the parties or, in the event that no such other remedy is agreed upon, the return by the Buyer of the defective/deficient supplies and the relevant supplies the use or function of which shall be affected thereby and refund by the Seller of the payment received from the Buyer for such supplies, including transportation and all related costs.

賣方及製造商至少須保證，貨品在目的地於買方受領後一年內，沒有材料設計或工作上之瑕疵，且合於合約之規格及要求。但是，若為賣方在貨品交運時已知或應知之瑕疵，則保固期不限於上述期限。在此保證下，賣方之責任包含且不限定於如下方法，方法之行使買方有選擇權，且由賣方負有其費用：(a)瑕疵或短缺貨品之補正或(b)瑕疵或短缺貨品之更換(c)其他經由雙方達成協議之補救措施，或若無其他補救措施之協議時，由買方退還具有瑕疵或短缺貨品之貨品，以及因其退還影響使用或功能有所相關之貨品，同時由賣方退還已收該貨品之貨款、運費及其他相關費用。

8.3   Failing any such remedy as provided in Articles 8.1 and 8.2 the Buyer shall be entitled to any other necessary remedy at the Seller's expense and the Buyer may recover all related expenses from the Seller and/or from the Warranty Bond or, at the Buyer's option, return to the Seller, at the Seller's cost and risk, the defective/deficient supplies and the relevant supplies the use or function of which shall be affected thereby, and claim for the refund of the sums paid for such supplies. The Seller shall effect the refund within thirty (30) days.

賣方若未能履行第8.1及8.2條所規定之補救措施時，買方有權以賣方之費用採取任何其必要的補救措施。此等費用買方可向賣方求償或從保固金扣回。或者，買方亦可選擇由賣方自負費用及風險，退還具有瑕疵或短缺之貨品及因此退還致使用功能受影響之相關貨品，並得主張賣方償還具退還貨品而支出之金額。賣方並須於30天內完成償付。

8.4   The Buyer will give the Seller written notice within 30 days after the discovery of the defective/deficient supplies or part thereof and prior to the expiration of the warranty period. Such notification shall identify the defective/deficient supplies involved and shall contain details of the  circumstance of



discovery by the Buyer of the defect/deficiency.
買方在發現全部或部份之貨物有瑕疵或短缺時，須於30日內及保固期截止前，以書面通知賣方。通知書中須載明瑕疵或短缺之貨品，並將發現瑕疵或缺缺之詳細情形告知賣方。

8.5    In the event the defective/deficient supplies shall be returned to the Seller, the shipment of the repaired supplies shall be made at the cost and risk of the Seller.
若退還瑕疵或短缺之貨品時，賣方須以其費用及風險負擔送返修復硬貨品之裝返。

8.6    Upon completion of the repair or replacement the Seller shall perform such tests as are necessary to demonstrate that the defect/deficiency have been corrected.
完成修復或更換貨品之後，買方須進行必要之測試，以證明瑕疵或短缺業已補正。

8.7    The warranty period of the repaired or replaced supply shall be extended by the period of non-operation due to the repair or replacement.
修復或更換硬貨品之保固期應將因修理或更換而未運作之時間計入並延長之。

8.8    To secure the Seller's warranty obligations provided for in this Article, the Seller shall submit 2% of the contract value as the warranty bond (form as attachment 4) prior to the receipt of the payment of the final installment. After captioned supplies accepted and warranty bond received, the Buyer shall release the performance bond immediately.
為確保賣方依本合約條款之保固義務，賣方應於收到最末期付款前，先行繳交合約價款之2%充當保固金（格式如附件四）。在受領按項貨品及收到保固全級，買方應即發還履約保證金。

## ARTICLE 9
## 第9條
## FORCE MAJEURE
## 不可抗力

9.1    Either the Seller or the Buyer is not responsible for delay or nonperformance of its contractual obligation as a consequence of war, blockade, revolution, insurrection, civil commotion, riot, mobilization, strike, lockout, acts of God, plague or other epidemic, flood or obstruction of navigation by ice at port of delivery or destination.
不論買方或賣方，若因戰爭、封鎖、革命、叛亂、內亂、暴動、動員、罷工、停工、天災、瘟疫、或其他傳染病、水災、進出口港之結冰，致遲延未能履約時，免其責任。

9.2    In the event the Seller is affected in the performance of its obligations by any of the aforementioned causes, it shall give the Buyer prompt written notice of the fact together with satisfactory evidence substantiating that said cause prevents performance, as well as a declaration specifying the steps being taken by the Seller to remove such cause of nonperformance and to minimize its effects and shall continue the performance of its other obligations under this Contract.
如果賣方受到上述原因之影響而未能履約時，必須立即以書面將這些妨礙履約之事實列舉充份之證據通知買方，並宣告已採取步驟排除不能履約之障礙，且儘量減低其影響，並繼續履行合約中之其他義務。

9.3    In the event that any delay due to Force Majeure shall continue to be unremedied for ninety (90) days, the other party may give fifteen (15) days prior written notice to terminate the Contract. In such event the party suffering from Force Majeure shall be exonerated from making performance and the other party shall be exempt from making corresponding performance. In case the Seller suffers from Force Majeure and both parties have partially performed the contract, the Buyer shall have the option to (a)

11



refuse/return the partial performance and/or delivery and claim for refund of all payments made, together with interest accrued thereon or (b) accept any part of the performance and/or delivery and pay for the same at cost. All payments previously made by the Buyer to the Seller, together with interest, shall, after deduction of such amount of cost, be refunded to the Buyer.

若是遲逾或逾延之不可抗力因素，在90天內依然無法消弭時，他方得於15天前以書面通知解約。在此種狀況下，違者不可抗力之一方可以免除履約義務。他方亦免除相對之義務。若賣方遭遇不可抗力之事由，而雙方業已履行部份合約時，買方可選擇：(a)拒絕或退逾這一部份之履約或交貨，並主張退還所付價款並加上應計之利息，(b)接受任一部分之履約或交貨，並給付單額之成本價款。買方前已支付給賣方之金額加付利息，在扣除這些成本價款後，其餘款仍須退還買方。

9.4   Acts of the Seller's government or government of supplier and/or subcontractor with respect to the licenses, permits, authorization and other clearances required for the execution, delivery and performance of the Contract shall not be considered as events of Force Majeure.

因賣方政府或供應商及/或次合約的賣政府之賣政府核行、交運及履行合約有關之執照、許可、授權及其他一切所須文件，此種情況並非為不可抗力事件。

### ARTICLE 10
### 第10條
### LIQUIDATED DAMAGES
### 預定之損害賠償

.01   The shipment of the Contract supplies should be made on or before the shipment date as specified in the contract. If the Seller fails to effect shipment on or before the shipment date, the seller shall pay the liquidated damages to the Buyer on the basis of one tenth percent(0.1%) of the contract value of the delay portion for each day's delay. Said liquidated damages may be collected from the payment to be effected by the L/C bank. In case of any further delay beyond 50 days from the shipment date, the Buyer has the option of either granting an extension or terminating the Contract, ruling the case as an act of default and collecting the Seller's performance bond without recourse. In case an extension is granted, the Contract and L/C will be amended accordingly. The Seller shall effect shipment within the further extended period but must pay the liquidated damages as stipulated above.

合約貨品須於合約所規定之交貨期限內交運，如賣方未能於規定之交運日前交運，則賣方每逾延一日，須支付買方遲逾交運貨品合約價款之0.1%，作為買方之損害賠償，該損害賠償，可由銀行自信用狀付匯款中扣除。若逾期交貨超過50天後，買方有權選擇予以展延，或於此合約之並認定賣方違約並沒收履保金且賣方不得異議。倘若買方同意展延，則合約及信用狀須同時為相應之修改。賣方須補展延之期限內交貨，惟仍應依上述規定加繳損害賠償。

10.2   In the event of rejection, the Buyer shall return the supplies to the Seller at the Seller's risk and the Buyer shall be refunded all the payment paid to the Seller. Furthermore, the Buyer may terminate this Contract pursuant to Article 16 "Termination for the Seller's default."

若買方拒絕受領，則買方應以賣方之風險退還買方貨品。賣方則須退還買方支付之所有價款。此外，買方可依第16條「因賣方違約而終止合約」之條款終止合約。

10.3   This liquidated damages shall be paid in addition to the sums payable by the Seller under Article 16.2 or 16.4 as the case may be, up to a maximum of fifteen percent (15%) of the contract price.

此項預定之損害賠償，並不包括賣方依第16.2條或16.4條所應支付之金額，而此最大限額為合約價款之15%。

12



## ARTICLE 11
## 第11條
## EXPORT LICENSE
## 輸出許可證

11.1 The Seller shall at his cost apply and obtain all necessary export licenses, permits, authorization and other clearances which will cover the whole period of deliveries of all supplies and maintain the validity of such export licenses, permits, authorization and other clearances during such period.

賣方須自費申請並取得所須輸出許可、核准及其他相關文件，此類文件必須涵蓋所有貨品交貨之全程時間，並維持在此期間內，這些輸出許可、核准及其他相關文件均屬有效。

11.2 In the event the export licenses, permits, authorization or other clearances required for the Contract, are not obtained or, once issued, are revoked, reduced or otherwise limited by the exporting country, the Buyer shall have the right to terminate the Contract pursuant to Article 16 (termination for the Seller's default).

若合約所須之輸出許可、核准及其他文件無法取得，或取得後為輸出國家撤銷、減少或為其他之限制，則買方有權依合約條款第16條規定（因賣方違約而終止合約）終止合約。

## ARTICLE 12
## 第12條
## GOVERNING LANGUAGE
## 主要使用之語文

Any technical document and data furnished in accordance with this Contract, unless otherwise specified herein, shall be written in the English language.

除另有規定外，依本合約所提供之技術文件及資料均均以英文撰述之。

12.2 All notices and other communications pertaining to the contract shall be in the English language.

所有與本合約有關之通知及其他連絡均須使用英文。

12.3 The headline and paragraph headings are inserted for convenience only, and shall not be used as aid in interpreting the meaning of any provision

插入之標題及段落之起首文字僅為便於參考，並非則以解釋任何條狀。

12.4 Where there is conflict between the English and the Chinese translation, the English language should govern.

當英文與中文翻譯有衝突時，以英文為主。

## ARTICLE 13
## 第13條
## PATENT, COPYRIGHT INFRINGEMENT
## 專利權、著作權之侵害

13.1 If the buyer receives a claim that any product or part thereof delivered by the Seller infringes any patent or copyright or the proprietary right of any third party, the Buyer shall notify the Seller promptly in writing and give the Seller all available information, assistance and authority to evaluate, defend and

13



settle such claim. The Seller shall then at its own expense and at the Buyer's option either (a) settle such claim, (b) procure for the Buyer the right to use such product, (c) without downgrading the stipulated function of the product, replace or modify such product to avoid infringement, (d) refund the purchase price (including transportation and installation costs) less a reasonable amount for depreciation, or (e) defend against such claim. If any court of competent jurisdiction holds such product to constitute infringement, or, if the use of such product is enjoined the Seller shall take one or more of the actions of (b), (c) or (d) abovementioned, at the Buyer's option and pay any resulting costs (including attorney's fees) and damages finally awarded on account of such infringement.

若有人向買方主張賣方所更造之任何貨品或零件侵犯他人之專利、著作權或所有權時，買方應立即以書面通知賣方，並提供一切有用之訊息，協助及授權，以評估、抗辯或平息此一主張。賣方於此時須自付費用，在買方之選擇下(a)平息此一主張(b)為買方謀得此項產品之使用權(c)在不降低產品的之指能之前提下，更換或修改此類產品以避免侵權(d)通過加倍合理折算之買款（包指運費及安裝費用）(e)對此主張提出抗辯。若任何有管轄權之法院，認定此類產品已構成侵害；或者，若此類產品之使用權被禁止，則賣方須在買方選擇下，採取上述(b)(c)或(d)之一項或多項措施，並支付因侵犯此成立侵所生之任何相關費用（含律師費用）與損害賠償。

13.2  The Buyer's right herein is in addition to any other remedy available under the laws.
本條截述之買方之權利並不包括在法律下所可獲得之其他補償。

## ARTICLE 14
## 第14條
## RISK OF LOSS
## 損失之風險

14.1  Except as otherwise agreed by parties in this contract, (a) the Seller shall be responsible for the supplies covered by this Contract until they are delivered at the designated delivery point and/or destination, regardless of the point/destination of inspection; (b) the Seller shall bear all risks as to the rejected supplies after notice of rejection, except the buyer shall be responsible for the loss, or destruction or damage resulted from the negligence of officers, agents, or employees of the Buyer acting within the scope of their employment.

除雙方於合約另有約定定外，(a)不論檢驗地為何處，賣方應負責將合約內貨品送抵指定之交貨地點或目的地。(b)賣方自收悉退貨通知後，對後拒收退貨之貨品必須負擔所有之風險。惟因買方之人員、代理人或受偏人，在執行職務範圍內，因過失所造成之貨損、毀損或損害，則由買方負責。

## ARTICLE 15
## 第15條
## TERMINATION FOR CONVENIENCE OF THE BUYER
## 因買方之便利而終止合約

15.1  The Buyer may terminate this Contract in whole or in part by thirty(30) days prior written notice to the Seller, specifying the extent to which performance of work under this Contract is terminated. The Seller shall without delay apply reasonable effort to terminate all matters affected by or resulted from such termination.

買方得在30天前，以書面通知賣方而終止合約之全部或一部份，詳列終止合約工作之範圍。賣方應立即盡一切適當之努力，停止所有因終止合約所受影響之事務。



15.2  Promptly after the effective date of the termination, the Seller shall submit its claims for all prior costs in respect of the portion of the Contract so terminated, together with a profit at the rate of 2%, provided, that the aggregate amount claimed by the Seller shall in no event exceed 100% of the Contract price.
自終止合約生效日起，賣方得請求於合約終止部分之所有已支出之成本，並加計2%以利潤。惟此項賣方所提出之求償金額，不得超出合約之總價款。

15.3  Any payment paid by the Buyer that exceeds the value of the Seller's claims as set out above plus interest from the date of termination shall be refunded to the Buyer within thirty (30) days after conclusion of the termination settlement.
任何買方已支付之金額，超過依上述條款所核計賣方得請求之金額者，賣方須於合約確定終止之日起30日內退還買方。

15.4  All costs of the Seller shall be subject to reasonable substantiation and verification acceptable to the Buyer.
所有賣方之成本，須經合理之舉證及查實後方能為買方所接受。

## ARTICLE 16
## 第16條
## TERMINATION FOR THE SELLER'S DEFAULT
## 因賣方違約而終止合約

1    The Buyer shall have the right to terminate the Contract in whole or in part upon occurrence of any of the following events:(a) The Seller becomes insolvent, or fails to provide assurance of its solvency, or a resolution is passed or a court order is granted that the Seller shall be reorganized or wound up,or any insolvency or bankruptcy procedure is or shall be commenced, or any circumstances shall arise which entitle the court or a creditor of the aforementioned proceedings; or (b) the Seller fails to perform any material obligation under this contract, including the breach of the provisions of Article 3, 5, 8, 11, 13, 17, or 23.
依下列事由，買方得將終止合約之全部或一部份：(a)賣方破產或無法提供償債能力之保證，或有破產之決議或法院裁定承認賣方重整或解散，或任何破產或倒閉程序正在或將開始，或使法院或債權人有權進行上述的任何情事存在；或(b)賣方無法履行合約中任何重要的義務，其包造反第3、5、8、11、13、17及第23條之規定。

16.2  In the event of termination in whole of the Contract pursuant to Article 16.1, the Buyer shall be entitled to refund of all sums previously paid under this Contract, together with the interest accrued thereon from the date such sums have been paid by the Buyer until such sums have been refunded, calculated at the rate of 2% p.a. above the prime rate offered by the L/C issuing bank for the comparable amount for the same period, and shall be entitled to (claim) such liquidated damages as have accrued pursuant to Article 10 (liquidated damages)
若依第16.1條規定終止全部合約，買方有權要求退還前已依合約支付之貨款總數，加計自支付該款至退還該款期間之利息。利息之計算係向開收銀行對該期同筆金額之基本放款利率加上2%為標準，同時依據第10條損害賠償之規定有權請求所受之損害賠償。

16.3  IN the event of termination in part, the Buyer shall have the option to accept any part of the performance and/or delivery made and pay for the same at the Seller's cost, without any compensation for any profit. All payments previously made by the Buyer to the Seller together with interest calculated at the rate mentioned in Article 16.2, shall, after deduction of such amount of cost, be refunded to the Buyer from

15



the Seller.

若終止部份合約，買方有選擇權接受任一已屆約或交運的部份，並支付相同於賣方成本的償款，而不補償賣方任何利潤。買方已預付賣方之償款，賣方依第16.2條所示併計利息，在扣抵賣方成本後退還買方。

16.4   In addition to the remedies as provided above, the Buyer may, as an alternative, procure upon such terms and in such a manner as the Buyer may deem appropriate, identical or similar or, functionally equivalent supplies by itself or a third party. The Seller shall be liable to the Buyer for the costs incurred relating to such supplies which are in excess of the Contract price.

除上述補救措施外，買方得選擇依相同之條件及方式，自行或經由第三者採購買方認定適當，相同，近似或功能相當之貨品，依前述方式及條件所採購之貨品，超過原合約償款之部份，應由賣方負擔。

16.5   All costs of the Seller shall be subject to reasonable substantiation and verification acceptable to the Buyer. The costs resulted from such substantiation and verification shall be borne by the Seller.

所有賣方之成本須經合理之舉證及查實後方能為買方所接受。就舉證及查實所須之費用由賣方負擔。

16.6   The rights and remedies of the Buyer provided in this Article shall not be exclusiv and are in addition to any other rights and remedies provided by law or under this contract.

買方依本條款得享有之權利及得受之補償，並不妨礙買方依法律及本約所可獲得之其他權利及補償。

**ARTICLE 17**
**第17條**
**SECURITY**
**保密條款**

17.1   Both parties shall assure that their respective employees, subcontractor, representatives and agents, do not disclose any information provided in this Contract. Unless such disclosure is for the performance of this Contract.

買賣雙方均應保證，非為合約之履行，其職員、次合約商、代表及代理商（人），不得洩露合約內任何資料。

17.2   No publicity or information regarding this Contract will be given or released without the express authorization of the Buyer. The Seller shall not make or authorize any news release, advertisement, or other public disclosure which shall deny or confirm the existence of this Contract, without the written consent of the Buyer.

非經買方明示授權，不得交付或發佈與本約有關之資料，非經買方書面同意，賣方不得自行或授意他人發佈消息，宣傳或以其他公開方式承認或否認合約之存在。

17.3   In case the Seller breachs this Article, the Buyer may terminate this Contract for the Seller's default.

若賣方違反本條之規定，買方得以賣方違約為由終止合約。

**ARTICLE 18**
**第18條**
**CONTRACT REMAIN VALID**

16

## 合約繼續有效

18.1 If any provision of this Contract is determined to be ineffective of invalid under the applicable law, all other provisions of the Contract shall remain effective and valid, provided the purpose of the Contract and/or remaining valid and effective provisions are not frustrated.

依適用之法律，合約之任何條款無法適用或無效時，若不妨礙合約的目的及\或其他條款的有效與適用時，則合約之其他條款仍屬有效。

## ARTICLE 19
## 第19條
## WAIVER OF BREACH
## 違約請求權之拋棄

19.1 The failure of the Buyer, at any time, to require performance by the Seller of any provision of the Contract shall in no way affect the full right of the Buyer to require such performance at any time thereafter. The waiver by the Buyer of a breach of any provision of this Contract does not constitute a waiver of any succeeding breach of the same or any other such provision, nor shall it constitute a waiver of the provision itself.

買方在任何時候，因未要求賣方履行合約之任何條款，並不影響日後買方於任何時候，要求賣方履行合約該條款的全部權利。買方於各別違約之請求權之拋棄，並不構成相同權利或其他任何條款違約請求權之拋棄，也不構成對此條款請求權之拋棄。

## ARTICLE 20
## 第20條
## NOTICE
## 通　知

20.1 Any notice required or permitted to be given hereunder may be given by registered airmail, personal delivery or FAX. Notice given by FAX shall be deemed to have been received on the date when, in normal course, it would be delivered. Unless changed by written notice given by either party to the other, addresses of the parties shall be as those on the Bid Form.

任何要求或同意之通知，得以航空掛號、專人遞達或傳真方式為之。以傳真所為之通知，在正常情況下，視為當日遞達。除以書面通知對方變更者外，雙方之地址以標單所載為準。

## ARTICLE 21
## 第21條
## TAXES AND DUTIES
## 稅捐及關稅

21.1 The prices do not include any taxes or import duties levied by the Buyer's government on the Contract items. Such taxes or import duties will be paid by the Buyer.

合約價款並不包括買方政府所課徵之入任何稅捐或進口關稅。該稅捐或進口關稅由買方支付。

21.2 The parties hereof agree to give each other all the available information and assistance that are necessary

17

for the payment of the taxes, duties, or fees concerning this Contract.
雙方同意，彼此提供繳納本合約之稅捐、關稅或費用之所有必須的資料與協助。

# ARTICLE 22
## 第22條
## ASSIGNMENT
## 讓　　與

22.1  This Contract shall not be transferred or assigned or otherwise restricted without the consent of both parties.
非經雙方同意，本合約不得移轉、讓與或限制之。

# ARTICLE 23
## 第23條
## GRATUITY AND COMMISSIONS
## 餽贈及佣金

23.1  The Seller represents and warrants that no gratuities, gifts or personal payments, either direct or indirect, will be granted or in any way conferred by the Seller to any of the officers and/or personnel of the Buyer.
賣方聲明並保證，絕無以酬勞、禮品或個人之給予，直接或間接地給付或以任何方式贈予買方之官員及個人。

23.2  The Seller represents and warrants that the Seller has not appointed any third party as agent, representative, broker, consultant, or in any other form of representation to solicit and/or secure acceptance of this Contract by the Buyer, nor has Seller made or will make any payment of fee or any other form of compensation to such a third party contingent upon the consummation of the Contract transaction and/or in relation to the percentage of Contract price.
賣方聲明並保證，絕不指派第三者作為代理商、代表、居間人、顧問或任何其它形式之代表，以期取得或確保買方接合約，賣方亦不得以完成與合約有關之特定工作為條件及／或合約價款百分比，事前或事後給予第三者費用或任何形式之補償。

23.3  With the Buyer's prior consent, the Seller may retain a third party for liaisoning service and as such make payment for such service in an amount reflecting reasonable remuneration. The Seller must, however, provide for approval by the Buyer the identity of such a third party as well as the formula for payment of the service remuneration.
經由買方事前同意，賣方得僱用第三者提供連絡服務，並支付此一服務合理之報酬。但賣方須提供第三者之身分證明及服務費之計算方式，以取得買方認可。

23.4  In the event of any breach of this Article, the Buyer shall have the option to either (a) terminate this Contract in accordance with Article 16 (Termination for the Seller's default) (b) deduct from the Contract price any amount of commission, percentage, brokerage, or contingent fee paid by the Seller plus the maximum amount of liquidated damages specified in Article 10 of this Contract.
若有違反本條款之規定，買方有權選擇：(a)依第16條（因賣方違約而終止合約）之規定終止合約，或(b)自合約價款中扣除賣方支付之佣金、價金百分比、居間報酬或其它可能支付之費用，並加計依本合約第10條之最大限額之損害賠償金額。

18

## ARTICLE 24
## 第24條
## CHANGE
## 修 改

24.1 This contract may be amended from time to time at the request of either party by agreement, in writing, which shall set forth the particular changes to be made in the deliverable items, price, payment, schedule, design, performance and time of performance, as appropriate.
本合約得隨時由一方之請求，憑雙方書面協議而作修改，此一書面修改包括交運項目、金額、付款條件、交貨時程、設計，合約之履行及履約時間所作之適當地修改。

24.2 The Buyer, however, may at any time, by a written order, make changes within the general scope of this Contract, in any one or more of the followings: (a) drawings, designs, or specifications, where the supplies to be furnished are to be specially manufactured for the Buyer in accordance therewith; (b) method of shipment or packing; and (c) place of delivery; and the Seller shall comply therewith. If any such change causes an increase or decrease in the cost of, or, the time required for, the performance of any part of the work under this Contract, whether changed or not changed by the notice, an equitable adjustment shall be made in the Contract price or delivery schedule or both, and the Contract shall be modified in writing accordingly. Any claim by the Seller for adjustment under this clause must be asserted within sixty (60) days from the date of receipt by the Seller of the notification of change, provided, that the Buyer, if it decides that the facts justify such action, may receive and act upon any such claim asserted at any time prior to final payment under this Contract. Where the cost of property made obsolete or excess as a result of a change is included in the Seller's claim for adjustment, the Buyer shall have the right to prescribe the manner of disposition of such property. Failure to agree on any claim for equitable adjustment under this clause shall be a dispute and the Seller may thereupon pursue any remedy which it may have pursuant to the article of this Contract entitled "Arbitration". Pending the resolution of any such dispute the Seller shall diligently pursue the performance of the Contract as changed Except as expressly provided for elsewhere in this Contract the parties agree that there shall be no adjustment in the price or time for performance hereunder unless an authorized representative of the Buyer shall have directed a change hereto by the issuance of a written change order to this Contract.
買方有權隨時以書面指示，在合約之一般範圍內作以下一項或多項之修改：(a)因供應買方而特別製造的貨品，其製圖、設計或規格(b)裝運或包裝之方式，以及(c)運送地點，則賣方應即遵辦之。若因此一修改而造成履行合約工作之成本或時間有所增減，不論有無通知合約的是否修改，合約價格及／或交運時間應作合理之調整，合約亦須相對地作書面之修正。賣方對於依據本條款所作之調整而為之求償，必須於收到買方修改通知之日起60日內主張之。如買方認為其主張有事實之佐證，得於支付合約之尾款前，隨時接受或回應此一主張。因合約之修改致貨品報廢或增加之成本，亦包含在買方所作調整之求償中，買方有權規定此一貨品之處置方式。若依此條款，賣方之主張無法對合理之調整獲得協議之時，即形成爭議，賣方得依本合約之仲裁條款尋求補償。在爭議未決前，賣方須盡力地履行合約之修改事項。除合約另有明文記載外，雙方同意，非經買方授權之代表對本合約之書面指示，不得對合約價格及履約時間有所修改。

## ARTICLE 25
## 第25條
## ARBITRATION
## 仲 裁



19

24

25.1 All disputes, claims or controversies arising under or in connection with the Contract shall be reduced to writing by the disputing party and notified to the other party. The decision of the disputing party contained in such notice shall be final and conclusive unless within thirty(30) days from the receipt of such notice the other party furnishes to the disputing party written rejection thereof, in which case the disagreement will be submitted to arbitration.
所有因本約而起或與本約有關之爭議，皆求故爭議者，均應由提出爭議之一方以書面通知他方。除他方於通知書到達後30日內，對提起爭議之一方作出拒絕書者外，通知書內之決定則視為最終結論。若作出拒絕書，則應訴諸仲裁。

25.2 The arbitration shall take place in Taipe, R.O.C. in accordance with the R.O.C. Commercial Arbitration Act if initiated by the Seller and in Seller's country in accordance with the applicable rules of the Seller's country if initiated by the Buyer.
仲裁若係由賣方提起，則以中華民國臺北市為仲裁地，以中華民國商務仲裁特例為程序準據法；勞係由買方提出，則以賣方所屬國籍之國家為仲裁地，以該國所適用之法律為程序準據法。

25.3 All information relating to or disclosed by any party in connection with the arbitration of any dispute relating to the Contract shall be treated by the parties and the arbitration panel as confidential information and no disclosure of such information shall be made by either party or the arbitration panel without the prior written authorization of the party furnishing such information in connection with the arbitration proceedings.
所有與合約有關，或由一方揭露與仲裁有關的爭議資料，雙方及仲裁人均應視之為機密資料。非經提供此一資料之一方事先書面同意，不得洩漏此一有關仲裁程序的資料。

25.4 The decision of arbitration shall be final and binding.
仲裁所為的判斷應視為最終並具有拘束力。

## ARTICLE 26
## 第26條
## ORDER OF PRECEDENCE
## 優先適用順序

26.1 Any inconsistency between the clauses in this Contract and any of the specifications or provisions which are parts of this Contract will be resolved in the following order of precedence:
    (a) Remarks
    (b) Conditions of Contract
    (c) Award
    (d) Specification
    合約條款與合約中之規格並規定有抵觸之處，依下列優先次序適用之：
    (a) 附加條款
    (b) 合約條款
    (c) 決標記錄
    (d) 規格說明

## ARTICLE 27
## 第27條
## APPLICABLE LAW
## 準 據 法

20

27.1 This Contract shall be governed and construed according to the laws of the Republic of China, Taiwan.
本合約依中華民國台灣法律規定並解釋之。

## ATTACHMENT 1
## STANDARD BID BOND FORM

Letter of Guarantee or Standby L/C No._____date of issuance_____
(Name of Currency & Amount in Figure)
as Bid Bond
for your Invitation No._____

To:                                                    Advised through
Procurement Bureau
P.O. Box No. 90082                          (Name of Issuing Bank's
Taipei, Taiwan 100
Republic of China                           CorrespondentBank in Taipei)

Upon request of Messrs. (name of Accountee ) we hereby agree to issue this irrevocable letter of guarantee/standby L/C up to the aggregate amount of (name of currency & amount in words) only in your favor for account of (name of Accountee) as (name of Bidder)'s bid bond for your Invitation No._____and engage ourselves to pay you immediately on demand without any condition and without recourse upon receipt of your written statement stating that (name of Bidder) has withdrawn his bid in its entirety or part thereof before its expiration including its extension, and/or after being accepted by you, or his failure in entering into contract after being awarded or his failure in posting the performance bond within eighteen (18) calendar days after the date of the notice of. award, accompanied by your simple receipt (s) or sigh draft (s) drawn on (issuing bank or Accountee to be indicated by issuing bank).

We bind ourselves to obtain necessary permit from relevant authorities to transfer the claimed amount to you in case it is confiscated.

This letter of guarantee or standby L/C will expire at the negotiating bank in Taiwan on (date of expiration-60 days longer than the validity period of bid).

All banking charge are for L/C applicant's account.

附件一
押樣金標準格式

保證函或擔保信用狀號碼_____簽發日期_____
(押標金幣別及金額)
標單號碼_____

敬：                                                    經由
採購局                                         (採銀行在臺北之往來銀行)
中華民國臺北郵政信箱90082(100)                  通知

茲應客戶（客戶名稱）之請，本行同意開發本件不可撤銷保證函／擔保信用狀，金額（幣別及大寫金額），謹以貴方為此保證函／擔保信用狀受益人並登記保持（客戶名稱）作為（投標商）於貴方之標單號碼_____之押標金，並承諾於收悉貴方書面說明除逾（投標商）於期滿前（包括其展延）業已撤回其全部標單或其中之部份，或為貴方接受後，未得撤銷未簽約，或逾知決標日後十八天內未繳納履約保證金，隨附收據及簽署（開狀銀行或其指定帳戶）之即期匯票者，本行當立即無條件償付貴方而無追索權。

如本保證函／擔保信用狀之金額須予沒收，本行誓必依有關書局獲取必要之許可，以將該筆款要求之金額付予貴方。

本保證函或擔保信用狀至投標有效期屆滿60天失效（以在臺之押匯銀行日期為準）。

一切開狀費用均由申請人負擔。

## ATTACHMENT 2
## STANDARD PERFORMANCE BOND FORM

Letter of Guarantee or Standby L/C No. _____ date of issuance _____
for (Name of Currency & Amount in Figure)
as PERFORMANCE Bond
for Contract No. _____
under your Invitation No. _____

To:

Advised through

Procurement Bureau
P.O. Box No. 90082
Taipei, Taiwan 100
Republic of China

(Name of Issuing Bank's

Correspondent Bank in Taipei)

Upon request of Messrs. (name of Accountee) we hereby agree to issue this irrevocable letter of guarantee /standby L/C up to the aggregate amount of (name of currency & amount in words) only in your favor for account of (name of Accountee) as (name of Contractor)'s performance bond for your Contract no. _____ and amendment(s), if any, under your Invitation No. _____ and engage ourselves to pay immediately and unconditionally on demand without recourse upon receipt of your written statement stating that (name of Contractor) has failed to fulfil the contractual obligations, accompanied by your simple receipt(s) or sight draft (s) drawn on (issuing bank or Accountee to be indicated by issuing bank).

We bind ourselves to obtain necessary permit from relevant authorities transfer the claimed amount to you in case it is confiscated.

This letter of guarantee or standby L/C will expire at the negotiating bank in Taiwan on (date of ...piration-180 days after the Contract-scheduled (last) shipment date).

All banking charge are for L/C applicant's account.

附件二
履保金標準格式
保證函或擔保信用狀號碼 _____ 簽發日期 _____
（履保金幣別及金額）
合約號碼 _____ ；標單號碼

致：
採購局
中華民國台北郵政信箱90082(100)

經由
（簽發銀行在台北之往來銀行）
通知

茲應客戶（客戶名稱）之請求，本行同意開發本件不可撤銷保證函／擔保信用狀，金額（幣別及大 寫金額），謹以貴方為此保證函／擔保信用狀受益人並記帳於（客戶名稱）作為（承商）付貴方 合約號碼 _____ 及修正書，在貴方標單號碼 _____ 下之履保金，並承諾於收悉貴方書面說明 陳述（承商）未履行其合約義務，隨附收據或簽發（開狀銀行或其指定銀行）之即期匯票，本行 當立即無條件付貴方而無追索權。本本保證函／擔保信用狀之金額須予沒收，本行營必提有關當 局撥致必要之許可，以供讓當項要求之金額予貴方。

本保證函或擔保信用狀至合約最後裝船日後180天失效（以在台之押匯銀行日期為準。

一切開狀費用均由申請人負擔。

22

## ATTACHMENT 3
### STANDARD REFUND BOND FORM
Letter of Guarantee or Standby L/C No._____date of issuance _____
for (Name of Currency & Amount in Figure)
as Refund Bond
for Contract No._____
under your Invitation No. _____

To:                                                          Advised through
Procurement Bureau
P.O. Box No. 90082                                           (Name of Issuing Bank's
Taipei, Taiwan 100
Republic of China                                           Correspondent Bank in Taipei)

    Upon request of messrs, (name of Accountee) we hereby agree to issue this irrevocable letter of guarantee/ standby L/C up to the aggregate amount of (name of currency & amount in words) only in your favor for account of (name of Accountee) as (name of Contractor)'s refund bond for the advance payment of the same amount mentioned above under Contract no. _____and amendment(s), if any, under your Invitation No _____ and engage ourselves to pay immediately and unconditionally to you with interest thereon at the rate of 2% p.a. above the prime rate offered by the L/C issuing bank for the comparable amount for the same period without recourse upon receipt of your written statement stating that (name of Contractor) has failed to fulfil its contractual obligations, accompanied by your simple receipt(s) or sight draft(s) drawn on (issuing bank or Accountee to be indicated by issuing bank).

    We bind ourselves to obtain necessary permit from relevant authorities to transfer the claimed amount to you in case it is confiscated.

    This letter of guarantee or standby L/C will expire at the negotiating bank in Taiwan on (date of expiration-90 days after the Contract-scheduled (last) shipment date), and shall be progressively and automatically reduced in proportion to deliver the contracted supplies after each shipment date.

    All banking charge are for L/C applicant's account.

附件三
預付款保證函標準格式
保證函或擔保信用狀號碼 _____ 簽發日期 _____
（預付款保證函幣別及金額）
合約號碼 _____；標單號碼 _____

致：                                                          經由
採購局                                                       （簽發銀行在臺北之往來銀行）
中華民國臺北郵政信箱 90082(100)                               通知
    茲應客戶（客戶名稱）之請，本行同意開發本件不可撤銷保證函／擔保信用狀，金額（幣別及大寫金額），謹以貴方為此保證函／擔保信用狀受益人並把帳外（客戶名稱）作為（承商）對貴方合約號碼 _____ 及修正書，在貴方標單號碼 _____ 下之等額預付款退款保證，並承諾於茲貴方書面說明陳述（承商）未履行其合約義務，證附收據或簽發（開款銀行或其指定帳戶）之即期匯票，本行當立即無條件付請付貴方而無追索權，另加計利息（以信用狀開款行之基本款狀年利率加碼2%）。
    如本保證函／擔保信用狀之金額須予沒收，本行當必取有關當局履及必要之許可，以將讓諸項要求之金額予貴方。
    本保證函或擔保信用狀至合約最後裝船日起90天生效（以在臺之押匯銀行日期為準），並依約定交運貨品之相對比例自動漸次地遞低保證函款額。
    一切關狀費用均由申請人負擔。

23

# ATTACHMENT 4
## STANDARD WARRANTY BOND FORM
Letter of Guarantee or Standby L/C No. _____ date of issuance
for (Name of Currency & Amount in Figure)
as Warranty Bond
for Contract No. _____
under your Invitation No. _____

To:                                                    Advised through
Procurement Bureau
P.O. Box No. 90082                                     (Name of Issuing Bank's
Taipei, Taiwan 100
Republic of China                                      CorrespondentBank in Taipei)

Upon request of Messrs, (name of Accountee) we herby agree to issue this irrevocable letter of guarantee/
standby L/C up to the aggregate amount of (name of currency & amount in words) only in your favor for
account of (name of Accountee) as (name of Contractor)'s warranty bond for Contract No. _____
and amendment(s), if any, under your Invitation No. _____ and engage ourselves to pay immediately and
unconditionally on demand without recourse upon receipt of your written statement stating that (name of
Contractor) has failed to fulfil its warranty obligations, accompanied by your simple receipt(s) or sight draft(s)
drawn on (issuing bank or Accountee to be indicated by issuing bank).

We bind ourselves to obtain necessary permit from relevant authorities to transfer the claimed amount to
you in case it is confiscated.

This letter of guarantee or standby L/C will expire at the negotiating bank in Taiwan on (the actual
acceptance daye of supplies plus the contractual warranty period).

All banking charge are for L/C applicant's account.

附件四
保固金標準格式
保證函或擔保信用狀號碼 _____ 簽發日期 _____
（保固金幣別及金額）
合約號碼 _____；標單號碼 _____

茲：
採購局                                                經由
中華民國臺北郵政信箱90082(100)                        （簽發銀行在臺北之往來銀行）
                                                     通知

茲應客戶（客戶名稱）之請，本行同意開發本件不可撤銷保證函／擔保信用狀，金額（幣別及大寫金額
），謹以貴方為此保證函／擔保信用狀受益人並比照本（客戶名稱）作為（承商）對貴方合約號碼
_____及修正書，在貴方標單號碼 _____下之保固金，並承諾於收悉貴方書面說明陳述（承商）未履行
其保固義務，隨附收據或簽發（開狀銀行或其指定客戶）之即期匯票，本行會立即無條件付貴方而無
追索權。

如本保證函／擔保信用狀之金額須予沒收，本行當必取有關會局裡殷必要之許可，以持讓該項要求之金
額予貴方。

本保證函或擔保信用狀至合約賞品最後受領日加計合約保固期失效（以在臺之押匯銀行日期為準）。
一切開狀費用均由申請人負擔。

24

**This is the exhibit marked**    **"LSC-14"**

**referred to in the affidavit of** _____

_Lu Sheau Chia_

**and sworn/affirmed before me this**

     **day of**    ʹAUG 24 1998

           **Before me**      **058526**

            Lu, Rong-huei
         Notary Public, Teipei District
         Court, Taiwan, Rep. of China

    **A Notary Public / Consular Officer**



# 明 理 法 律 事 務 所
## CHEN AND ASSOCIATES ATTORNEYS-AT-LAW

4th Floor, No. 57, Sec. 3
Chung Ching S. Road
Taipei 100, Taiwan
R.O.C.

E-Mail : kcchen@tpts4.seed.net.tw
http://kcchen.cjb.net
TEL : (886) 2-2368-6599
FAX : (886) 2-2368-5978

陳金泉律師

August 24, 1998

Col. Lu Sheau-chia,
Chief, Performance Section
Procurement Bureau, MND/ROC
172-1, Po Ai Rd.
Taipei, Taiwan
ROC

## Subject: Contract No. FA5D17W067PE

Dear Sirs:

1. I am an attorney-at-law licensed by the Department of Justice, ROC and admitted to practice by Taipei Bar, Taiwan, ROC in 1983.

2. Under your request for servicing as your counsel in the matter of the jurisdiction for the Subject Contract, I have reviewed the Subject Contract, particularly Article 25 and Article 27 of the Subject Contract.

3. Article 27 states the APPLICABLE LAW for the Subject Contract:

    "The Contract shall be governed and constructed according to the laws of the Republic of China, Taiwan."

4. Article 25 OF THE Subject Contract entitled "ARBITRATION" and states:

    "25.1 All disputes, claims or controversies arising under or in connection with the Contract shall be reduced to writing by the disputing party and notified to the other party. The decision of the disputing party contained in such notice shall be

1

~~~~~~~~~~ and conclusive unless within thirty (30) days
from the receipt of such notice the other party
furnishes to the disputing party written rejection
thereof, in which case the disagreement will be
submitted to arbitration."

"25.2   The arbitration shall take place in Taipei,
R.O.C. in accordance with the R.O.C. Commercial
Arbitration Act if initiated by the Seller and in
Seller's country in accordance with the applicable
rules of the Seller's country if initiated by the
Buyer."

"25.3   All information relating to or disclosed by
any party in connection with the arbitration of any
dispute relating to the Contract shall be treated by
the parties and the arbitration panel as confidential
information and no disclosure of such information
shall be made by either party or the arbitration
panel without the prior written authorization of the
party furnishing such information in connection with
the arbitration proceedings."

"25.4 The decision of arbitration shall be final and
binding."

5.  Based upon the APPLICABLE LAW of the Subject Contract and the
    Parties had the Article 25 agreement, we shall refer to Article
    3 of THE COMMERCIAL ARBITRATION ACT OF THE REPUBLIC OF CHINA,
    which states:

        "In the event that one of the parties to an agreement
        of arbitration institutes a lawsuit in a judicial
        court contrary to the purpose of the agreement, the
        other party may, in reliance upon the agreement,
        petition the court in which the lawsuit is brought to
        have the plaintiff's suit dismissed."

6.  Since Strategic Technologies Pte. Ltd. and the Procurement
    Bureau/MND agreed in the Subject Contract that their disputes
    shall be submitted to arbitration, any lawsuit initiated by any
    party shall be dismissed in accordance with Article 3 of THE
    COMMERCIAL ARBITRATION ACT OF THE REPUBLIC OF CHINA and Article
    25.1 of the Subject Contract.

7.  Based upon the APPLICABLE LAW of the Subject Contract and
    Article 3 of THE COMMERCIAL ARBITRATION ACT OF THE REPUBLIC OF
    CHINA, any dispute between Strategic Technologies Pte. Ltd. and
    the Procurement Bureau/MND in relation to the Subject Contract
    shall be referred to ARBITRATION. If there is a lawsuit
    regarding a dispute on the Subject Contract, it shall be

d no matter where the lawsuit is submitted or initiated.

This opinion is interpreted under the laws of the Republic of China, Taiwan in relation to the jurisdiction of the Subject Contract and for no other purpose.

Truly Yours,

K.C. Chen
Attorney-At-Law
Licensed in Taiwan, ROC
Admitted in Taipei Bar

3

IN THE HIGH COURT OF THE
REPUBLIC OF SINGAPORE

Suit No 696 of 1998

Between

STRATEGIC TECHNOLOGIES PTE
LTD (RC No 198904011Z)

... Plaintiffs

And

1.    THE DEVELOPMENT BANK OF
      SINGAPORE
      (Reg No 196800306E)

2.    PROCUREMENT BUREAU OF
      THE REPUBLIC OF CHINA
      MINISTRY OF NATIONAL
      DEFENCE
      (No indentification number available)

... Defendants



---

**AFFIDAVIT**

---

Mr Anthony Soh
Azman Soh & Murugaiyan
1 Colombo Court #07-23
Singapore 179742
Tel :    338 3996
Fax :    338 5993
Ref :    AS.T982784.cl

Filed this ⅄ day of 𝆑𝅥𝅯 1998 

4