UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STRATEGIC TECHNOLOGIES,** | ) | |
| **PTE, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-2311** |
| v. | ) | **Judge: Rosemary M. Collyer** |
| | ) | |
| **REPUBLIC OF CHINA (TAIWAN)** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPLY TO OPPOSITION TO MOTION TO DISMISS

In opposition to the ROC's motion to dismiss, Strategic Tech argues that the Court has subject matter jurisdiction, first, because the ROC has waived immunity by implication, Opp. 3-5, and, second, because the the case is based upon commercial activity "with a nexus to the United States," Opp. 5-7. See 28 U.S.C. §1605(a)(1) and (2). As to personal jurisdiction, Strategic Tech argues that service was sufficient because the ROC has actual notice. Opp. 7-9. In the alternative, Strategic Tech argues that it should be given leave to amend its complaint to cure any pleading deficiencies. Opp. 9-11.

We agree with Strategic Tech's alternative argument. The Complaint should be dismissed with leave to amend.

As we have said, "Rule 8(a), FRCivP, relevantly provides that '[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ..'" ROC Mem. 3. Strategic Tech's Opposition does not argue that the Complaint as it stands contains the requisite short and plain statement of the grounds for this court's subject matter jurisdiction. Instead, Strategic Tech argues from grounds not found in the

Complaint. In effect, Strategic Tech concedes that the complaint as it now stands does not meet the requirements of Rule 8.

Arguments contained in Strategic Tech's Opposition do not satisfy the requirements of Rule 8. The arguments are neither "short" nor "plain." Furthermore, "the basis upon which the district court's jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" Wright and Miller, Federal Practice and Procedure: Civil 3d §1206, p.118, citing, inter alia, Thomas v. Board of Trustees, 195 U.S. 207, 210, 218 (1904) (ruling that jurisdiction had not been established for the above reasons and remanding with instructions "to authorize such amendment . . . as will show jurisdiction").

The ROC should not be required to explain why any conceivable complaint that could be based on the arguments made in Strategic Tech's Opposition is deficient. A defendant is entitled to a complaint in the form prescribed by the rules. In consequence, the Complaint as it stands should be dismissed with leave to amend within a reasonable time, say 30 days.[1] Strategic Tech, we note, has an "an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading." James V. Hurson, Inc. v. Glickman, 277, 282-83 (D.C. Cir. 2000) (citing FRCivP 15(a)). Filing an amended complaint now will avoid having to address the question of this Court's subject matter jurisdiction twice.

In the alternative, if the Court is inclined to consider the merits of the arguments contained

---

[1] During this period, we respectfully suggest, Strategic Tech might consider serving the ROC properly rather than presenting the issue of proper service to the Court. As we have shown, ROC Mem. 4-5, service pursuant to §1608(a) is strictly construed. When dealing with a sovereign state proper, as opposed to a commercial state instrumentality, Congress has seen fit to require a certain degree of formality. The ROC insists on these formalities. It has also informed Strategic Tech precisely how it is to be served. Op. Mem. 5-6.

in Strategic Tech's Opposition, the ROC requests an extension of time to file a further reply addressing those arguments on the merits. A motion to that effect accompanies this reply.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with leave to amend within 30 days. A proposed order is attached.

                                      Respectfully submitted,

                                      /s/_____
                                      Thomas G. Corcoran, Jr.
                                      D.C. Bar No. 143693
                                      Berliner, Corcoran & Rowe, LLP
                                      1101 17th Street, Northwest
                                      Suite 1100
                                      Washington, DC 20036
                                      Telephone: (202) 293-5555
                                      Fax: (202) 293-9035
                                      E-mail: tgc@bcr-dc.com

May 18, 2006