UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRATEGIC TECHNOLOGIES, PTE, LTD.,<br>2 International Business Park<br>Level 6, Tower 2<br>Singapore 609930<br><br>                    Plaintiff,<br><br>v.<br><br>REPUBLIC OF CHINA (TAIWAN)<br>Attn: James C.F. Huang, Minister,<br>Ministry of Foreign Affairs,<br>2 Kaitakelan Blvd.<br>Tapei, 100,<br>Taiwan, R.O.C.<br>                    Defendant. | Civil Action No. 05-2311<br>Judge: Rosemary M. Collyer |

### AMENDED COMPLAINT FOR RECOGNITION OF A JUDGMENT

Plaintiff, by its attorneys, Straus & Boies, LLP, as and for its Amended Complaint, pursuant to this Court's order dated June 29, 2006, alleges as follows:

#### INTRODUCTION

1. This suit seeks recognition of a final judgment entered December 10, 2002 by the High Court of the Republic of Singapore in favor of Plaintiff Strategic Technologies, Pte, Ltd. and against Defendant the Republic of China, herein after referred to as "the Judgment." The Judgment, attached hereto as Exhibit A, arose out of Defendant's default on a commercial contract between itself and Plaintiff.

RECEIVED
JUL 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PARTIES

2. Plaintiff Strategic Technologies, Pte Ltd. ("Strategic Tech"), is a Singapore Limited Liability entity.

3. The Republic of China ("ROC"), also known as Taiwan, is a foreign state as defined in 28 U.S.C. § 1603(a).

## JURISDICTION

4. The Court has both personal and subject matter jurisdiction over this action against Defendant, a foreign state, pursuant to 28 U.S.C. §§ 1330 and 2201 and the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* ("FSIA"). The causes of action asserted herein against the individual Defendants arise under the laws of the District of Columbia.

5. The United States District Court for the District of Columbia is the proper venue for this action pursuant to 28 U.S.C. § 1391(f).

6. ROC is subject to suit in the courts of the United States under and in accordance with the provisions of 28 U.S.C. § 1330(b) (Supp. 1996), 28 U.S.C. §§ 1604 and 1605(a)(2).

7. As noted above, this case arises out of a commercial transaction between Strategic Tech and an organ or agency of the ROC and the Judgment entered against the ROC after its breach of the parties' agreement. The commercial transaction between the parties (the "Contract"), contained provisions relating to both the commercial obligations of the parties and the resolution of any disputes between the parties. The dispute resolution provisions of the Contract outlining the parties' agreement to

normal commercial arbitration of their differences constitutes an implied waiver of any sovereign immunity the ROC might have under U.S. law.

8. Specifically, in Section 25.2 of the Contract, the ROC agrees that if an arbitration proceeding is initiated by Strategic Tech against the ROC, then Taiwan's Commercial Arbitration Act, setting forth the normal rules of commercial arbitration will apply to the arbitration of the dispute.

9. In addition, Section 25.2 of the Contract provides that should the ROC initiate arbitration proceedings under the Contract, such proceedings would occur outside the ROC, in the "Seller's" jurisdiction, and in accordance with the laws of the Seller's jurisdiction. The Contract also provides that, notwithstanding the location of where such arbitration proceedings are conducted, the ROC has agreed that results of any such proceeding would be final and binding as to both parties. These provisions have the effect of binding the ROC to the normal rules for enforcement of judgments and arbitration awards.

10. These provisions of the Contract constitute a waiver of the ROC's sovereign immunity.

11. Similarly, the Judgment entered by a Singapore court and the availability of a right to enforce foreign judgments under D.C. law provide an additional basis for jurisdiction over the ROC in this Court.

12. This action involves a set of rights and obligations that are defined by the limitations on execution in the FSIA and by D.C. law on the recognition of money judgments. Because the FSIA was not intended to affect the substantive law determining the liability of a foreign state or instrumentality and D.C. law provides a rule of liability

governing private individuals, the FSIA requires the application of that rule to foreign states in like circumstances.

13. Under the Uniform Foreign Money Judgments Recognition Act of 1995, a judgment may be recognized for purposes of execution on property in the U.S. where, as in the instant case, the country in which the judgment was entered has a court system that provides for a chance to assert defenses, and where the subject judgment entered is both final and enforceable against a defendant.

14. The Judgment here was entered in the courts of Singapore, which provides for opportunities to assert defenses. The Judgment is final, binding, and enforceable against the ROC pursuant to Singapore law.

15. Therefore D.C. law provides for the recognition of foreign money judgments and supplies the requisite substantive legal basis for the link between the ROC's commercial activities in the U.S. and the cause of action. The Court may therefore recognize and allow execution of a money judgment on property in this jurisdiction notwithstanding any limitations imposed upon such execution provided for under the FSIA.

## FACTUAL ALLEGATIONS

16. As noted above, this suit seeks recognition of a final judgment entered December 10, 2002 by the High Court of the Republic of Singapore in favor of Strategic Tech and against ROC .

17. The total amount in United States ("U.S.") dollars and Singapore ("S") dollars of the Judgment against ROC and in favor of Strategic Tech for which recognition is sought is (i) the primary amount of U.S.$1,573,510.40, plus interest of 6% per year, from

July 22, 1998 to the date of judgment in this case; (ii) the U.S. dollar equivalent of S$10,693.00, plus interest of 6% per year, from July 22, 1998 to the date of judgment in this case; and (iii) the U.S. dollar equivalent of S$7,425.00, representing costs and disbursements awarded in the Judgment.

18. The Judgment arises from a commercial transaction entered into and between ROC and Strategic Tech in which Strategic Tech contracted to supply ROC with various goods and materials. ROC subsequently breached that contract which lead to the suit by Strategic Tech and entry of the Judgment.

19. Upon recognition of the Judgment in this Court, Strategic Tech will seek to execute upon available ROC assets held here in the United States.

## COUNT ONE

### Uniform Foreign Money Judgments Act of 1995

20. Each and every preceding paragraph, numbered 1 through 9, are hereby repeated, realleged and incorporated as if fully set forth herein.

21. The Singapore courts had personal jurisdiction over ROC.

22. The court system in the Republic of Singapore provides for a full and fair opportunity to contest claims made against a party. Parties receive notice, the right to legal counsel, the right to present evidence and witnesses, the right to examine evidence offered against them, and the right to appeal to a higher court.

23. The Judgment is final and enforceable in Singapore pursuant to the law of the Republic of Singapore.

24. The Judgment is entitled to recognition under D.C. Code §15-381, et. seq., the Uniform Foreign Money Judgments Recognition Act of 1995.

## COUNT TWO

### Recognition of The Judgment Under D.C. Common Law

25. Each and every preceding paragraph, numbered 1 through 14, are hereby repeated, realleged and incorporated as if fully set forth herein.

26. Under the common law of the District of Columbia, foreign judgments are enforceable as a matter of comity if the judgments are entered in a court that (i) has jurisdiction over the subject matter of a dispute, (ii) has personal jurisdiction over the parties, and (iii) provides the parties with an opportunity to fully and fairly litigate the controversy.

27. The Singapore courts had personal jurisdiction over ROC.

28. The court system in the Republic of Singapore provides for a full and fair opportunity to contest claims made against a party. Parties receive notice, the right to legal counsel, the right to present evidence and witnesses, the right to examine evidence offered against them, and the right to appeal to a higher court.

29. The Judgment is final and enforceable in Singapore pursuant to the law of the Republic of Singapore.

30. Under principles of comity, the Judgment is entitled to recognition under D.C. common law.

WHEREFORE, Plaintiff Strategic Technologies, Pte, Ltd., requests that this Court enter judgment as follows:

1. Finding that the Judgment is entitled to recognition under the Uniform Foreign Money Judgments Recognition Act of 1995;

2. Finding that the Judgment is entitled to recognition under the common law of the District of Columbia;

3. Recognizing the Judgment under D.C. law; and

4. Ordering that ROC pay Strategic Tech: (i) U.S.$1,573,510.40, plus applicable interest at 6% per year from July 22, 1998; (ii) the U.S. dollar equivalent, as of judgment entered herein, of S$10,693.00, plus interest of 6% per year from July 22, 1998; <u>and</u> (iii) the U.S. dollar equivalent, as of judgment entered herein, of S$7,425.00 to represent the costs and disbursements awarded in the Judgment.

Dated: July 27, 2006

Fairfax, Virginia

STRAUS & BOIES, LLP

By: _____
Timothy D. Battin (DC Bar # 436303)
4041 University Dr.
5th Floor
Fairfax, Virginia 22030
703-764-8700 (telephone)
703-764-8704 (facsimile)

Of Counsel:
Michael Straus (NY Bar #1721125)
Mark J. Schirmer (TN Bar #019717; NY # 2258614)
1130 22nd Street South
Birmingham, AL 35205
(205) 324-3800 (telephone)
(205) 324-3996 (facsimile)

Attorneys for Strategic Technologies, Pte, Ltd., Plaintiff