UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRATEGIC TECHNOLOGIES,<br>PTE, LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>REPUBLIC OF CHINA (TAIWAN), )<br><br>Defendant. ) | Civil Action No. 05-2311<br>Judge: Rosemary M. Collyer |

AFFIDAVIT OF JOSHUA RAYNES IN SUPPORT OF
JOINT MOTION FOR ENLARGEMENT OF TIME AND
TO ESTABLISH A JOINT BRIEFING SCHEDULE

STATE OF VIRGINIA    )
                     ) ss.
COUNTY OF FAIRFAX    )

Joshua Raynes, being first duly sworn, deposes and states as follows:

1.  I, Joshua Raynes, am associated with Straus & Boies, LLP, counsel for Plaintiff, Strategic Technologies, PTE, Ltd. ("Plaintiff").

2.  This affidavit is filed in support of the Joint Motion for an Enlargement of Time and to Establish a Joint Briefing Schedule ("Joint Motion"). If granted, the Joint Motion would extend the time both Plaintiff and Defendant have to file their responsive pleadings to the Motion to Dismiss Amended Complaint filed by Defendants on November 14, 2006 ("Motion to Dismiss"). The Joint Motion allows Plaintiff to file its response to the Motion to Dismiss on or before December 22, 2006, and allows

1

Defendant to file its reply on or before January 16, 2007. The Joint Motion has been established pursuant to the consent and agreement of the parties.

3. This action is designed to domesticate a judgment already rendered against the Defendant in the Singapore courts, and eventually to pursue collection on the judgment.

4. Both Plaintiff and Defendant are foreign parties. The distance and nature of both parties creates some inherent difficulties in speedy and efficient communication with counsel.

5. On Tuesday, November 14, 2006, Plaintiff's counsel received the Motion to Dismiss. The Motion to Dismiss raises a number of important questions relating to subject matter jurisdiction and sovereign immunity in the context of a judgment recognition proceeding.

6. Plaintiff's counsel, after receiving the Motion to Dismiss and reviewing the Local Rules governing time for responding to the same, realized they would need additional time to respond. Upon contacting Defendant's counsel, the parties discussed possible dates for responsive papers and agreed on a briefing schedule that satisfied the concerns of both parties. On Tuesday, November 14, 2006, Defendant's counsel communicated its agreement to an extension for Plaintiff's response with December 22, 2006 as the appropriate date for filing. Further discussions were held on Wednesday, November 14, 2006 and Thursday, November 15, 2006 culminating in Plaintiff's counsel communicating their agreement to an extension of time for Defendant to submit its reply, with the parties agreeing on January 16, 2007 as the appropriate date.

7.  There are a number of factors that Plaintiff's counsel believes constitute good cause for the proposed extension of time to respond to the Motion. First, the issues underlying the motion are important and will take time to analyze, brief and discuss with Plaintiff. Second, the complexities of dealing with international clients make communication with the client relatively more time-consuming and cumbersome than would otherwise be the case with a domestic client. Communication with international clients generally calls for additional time to consult and evaluate options. Third, the 11 days provided for under the Local Rules include, in this instance, the Thanksgiving holiday, effectively reducing counsel's time to respond. Fourth, during the next two weeks, primary counsel for the Plaintiff is involved with completing briefing on two appeals and a substantive pending motion, as well as continuing to pursue other matters. Fifth, counsel for the Defendants agreed upon December 22, 2006 as a reasonable date for response because until that time, Defendant's counsel is fully engaged in pre-trial preparation in another matter.

8.  Defense counsel has communicated that an extension of time until January 16, 2007 to file a reply is necessary to ensure adequate briefing of the issues, contact with their foreign client, avoid loss of time due to holidays, and avoid conflicts within their own litigation schedules.

9.  After consulting with counsel for the Defendant, the parties determined that filing a joint motion reflecting their agreed upon briefing schedule would be appropriate.

10. The parties have conferred as to the relief requested herein and agreed to the appropriateness of the relief requested.

11. The Defendant does not oppose this motion.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Joshua Raynes

Subscribed and sworn to before
me this 17th day of November, 2006:

_____
Notary Public

My commission expires: 8 / 31 / 08

4