# EXHIBIT A

2nd Deft: Lu Sheau-chia: 1st: *ɔ-ϵ-ʔℓ*

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Suit No 696 of 1998

Between

**STRATEGIC TECHNOLOGIES PTE LTD**
(RC No 198904011Z)

... Plaintiffs

And

1. **THE DEVELOPMENT BANK OF SINGAPORE**
   (Reg No 196800306E)

2. **PROCUREMENT BUREAU OF THE REPUBLIC OF CHINA MINISTRY OF NATIONAL DEFENCE**
   (No indentification number available)

... Defendants

### AFFIDAVIT

I, Lu Sheau-chia care of No. 172-1, Po Ai Road, Taipei, Taiwan, ROC do hereby solemnly and sincere affirm and say as follows:

1    I am the Chief of the Performance Section of the 2nd Defendants and am duly authorised to make this affidavit on behalf of the 2nd Defendants.

2    The facts deposed herein in this affidavit are within my personal knowledge and are from documents within my possession. Insofar as the facts stated herein are within my knowledge, they are true. Insofar as the facts stated

herein arc not within my knowledge, they are true to the best of my information and belief.

3. I have read a copy of the affidavit of Leong Sook Ching filed on behalf of the Plaintiffs on or about 8 May 1998 ("the Plaintiffs' affidavit") and will make reference to the same in the course of this affidavit.

4. This affidavit is filed in support of the 2nd Defendants' application to discharge the injunction, which had been obtained by the Plaintiffs in this action, in particular the Order of Court dated 8 May 1998. A copy of the said Order of Court is now shown to me and exhibited herewith marked as "*LdC*-1". In addition, this affidavit will be relied upon to support the 2nd Defendants' application for a stay of proceedings pending arbitration and also on the ground of forum non conveniens.

**THE CONTRACT**

5. Pursuant to a tender exercise, the 2nd Defendants had awarded a Contract No. FA5D17W067PE dated 9 April 1996 ("the Contract") to the Plaintiffs to supply an Underground Test Range Measuring System ("the System") to the 205th Arsenal. A copy of the terms of the Contract is now shown to me and exhibited herewith marked as "*LdC* -2".



2

6.    At the outset, it should be noted that this Contract is different from the alleged contract which had been exhibited in the Plaintiffs' affidavit at "A". The alleged contract in the Plaintiffs' exhibit "A" is actually not the proper Contract as it was not the one which had been agreed upon and executed by both parties. It can be noted that it has different dates and amounts shown in the relevant places at the first page. One can also note that in the Contract exhibited herein at "*LdC*-2", the last page shows that both parties have executed this Contract. The 2nd Defendants signed, on 24 April 1996, whilst the Plaintiffs signed on 1 May 1996.

**PERFORMANCE BOND**

7.    The relevant terms of the Contract are found at Clauses 1 to 8 at pages 14 to 18 of the Contract. In addition, the Standard Terms of the Contract are provided in Articles 1 to 27 of the said Contract. One of the requirements of the Contract was that the Plaintiffs provide a performance bond for the sum of S$140,000-00 to the 2nd Defendants.

8.    This was carried out by the Plaintiffs in the days after the award of the Contract. A copy of an Irrevocable Standby Letter of Credit No. 0016LC96013ST issued by the Development Bank of Singapore Ltd pursuant to terms of the Contract is now shown to me and exhibited herewith marked as "*LdC*-3".



3

This is the exhibit marked ___"LSC-)"___

referred to in the affidavit of _____

*Lu Sheau Chin*

and sworn/affirmed before me this

day of

本文件之簽名或蓋章，經中華民國台
灣台北地方法院公證處公證人認證。
公証人　馬　有　聲　1998
Attested on this____ day____ AUG 1  1998
Before me at the Taiwan Taipei District
Court, Republic of China. That the
signature(s)/seal(s) in this docu-
ment is/are authentic.

Jen Tzu. No.

286874    MA, YU-MIN
           Notary Public

A Notary Public / Consular Officer

M/S Delfick Kovi of Kummer
(CN/VA |8796(97)

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Suit No 696 of 1998

Between

**STRATEGIC TECHNOLOGIES PTE LTD**
(RC No 198904011Z)

... Plaintiffs

And

1.  **THE DEVELOPMENT BANK OF SINGAPORE**
    (Reg No 196800306E)

2.  **PROCUREMENT BUREAU OF THE REPUBLIC OF CHINA MINISTRY OF NATIONAL DEFENCE**
    (No indentification number available)

... Defendants

### AFFIDAVIT

I, Lu Sheau-chia care of No. 172-1, Po Ai Road, Taipei, Taiwan, ROC do hereby solemnly and sincere affirm and say as follows:

1.  I am the Chief of the Performance Section of the 2nd Defendants and am duly authorised to make this affidavit on behalf of the 2nd Defendants.

2.  The facts deposed herein in this affidavit are within my personal knowledge and are from documents within my possession. Insofar as the facts stated herein are within my knowledge, they are true. Insofar as the facts stated

herein are not within my knowledge, they are true to the best of my information and belief.

3.      I make this affidavit in addition to my first affidavit filed on 12 August 1998, as in that affidavit I had omitted to exhibit certain documents.

4.      Firstly, with respect to the exhibit "LSC-2", I had inadvertently omitted to include the standard "Conditions Of Contract" and "Attachment" in the said exhibit. The standard "Conditions Of Contract" comprise Articles 1 to 27, whilst the "Attachment" comprises 4 standard Forms.  Copies of the said standard "Conditions Of Contract" and "Attachment" are now shown to me and exhibited herewith marked as "<u>LSC</u> - 13".

5.      Secondly, I have also managed to obtain a legal opinion from an independent law firm in Taiwan which deals with the opinion of M/s Baker & McKenzie exhibited in the Plaintiffs' Affidavit as "Q".  A copy of this legal opinion is now shown to me and exhibited herewith marked as "<u>LSC</u> – 14".  This opinion also deals with the interpretation of the arbitration clause provided for in Article 25 of the standard "Conditions Of Contract".  It is noted that the legal opinion by M/s Baker & McKenzie has totally omitted to deal with this arbitration clause.



2

6.    The above matters and exhibits will be referred to in the hearing of this

application to discharge the injunction as well as for stay of proceedings.

AFFIRMED by the abovenamed          )
LU SHEAU-CHIA                        )
on this         day of               )
1998                                 )

Before me

_____

A Notary Public/Consular Officer

This Affidavit is filed on behalf of the 2nd Defendant Tzu.

本文件之簽名或蓋章，經中華民國台
灣台北地方法院公証處公証人認証。
公証人　　AUG 25 1998
Attested on this_____day____
19___, at the Taiwan Taipei District
Court, Republic of China, That the
signature(s)/seal(s) in this docu-
ment is/are authentic.

No.
188081
Cheng, Hui-Chin
Notary Public



3

This is the exhibit marked ___"LSC-13"___

referred to in the affidavit of _____

_In Shean Chin_

and sworn/affirmed before me this

day of AUG 2 4 1998 1998

Before me        058525

Lu, Rong-huei
Notary Public, Taipei District
Court, Taiwan, Rep. of China

A Notary Public / Consular Officer

10/05-2006 09:47 FAX 02311-RMC    Document 17-3    Filed 12/22/2006    Page 10 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 11 of 39

4

# CONDITIONS OF CONTRACT
## 合　約　條　款

| ARTICLE 條款 | TITLE 條　目 | PAGE 頁號 |
|---|---|---|
| 1 | CONTRACT SUPPLIES合约供應品 | 1 |
| 2 | PERFORMANCE BOND履約保證金 | 1 |
| 3 | SHIPMENT装运 | 2 |
| 4 | INSURANCE保险 | 4 |
| 5 | INSPECTION AND ACCEPTANCE检验典受领 | 4 |
| 6 | PACKING, PACKAGING AND MARKING包装及标记 | 6 |
| 7 | PAYMENT付款 | 7 |
| 8 | WARRANTY保证 | 9 |
| 9 | FORCE MAJEURE不可抗力 | 11 |
| 10 | LIQUIDATED DAMAGES预定之損害赔偿 | 12 |
| 11 | EXPORT LICENSE输出许可证 | 13 |
| 12 | GOVERNING LANGUAGE主要使用之语文 | 13 |
| 13 | PATENT, COPYRIGHT INFRINGEMENT专利權、著作權之侵害 | 13 |
| 14 | RISK OF LOSS损失之風險 | 13 |
| 15 | TERMINATION FOR CONVENIENCE OF THE BUYER因買方之便利而終止合约 | 14 |
| 16 | TERMINATION FOR THE SELLER'S DEFAULT因賣方違约而終止合约 | 15 |
| 17 | SECURITY保密條款 | 16 |
| 18 | CONTRACT REMAIN VALID合约繼续有效 | 16 |
| 19 | WAIVER OF BREACH違约请求權之抛棄 | 17 |
| 20 | NOTICE通告 | 17 |
| 21 | TAXES AND DUTIES税捐及關税 | 17 |
| 22 | ASSIGNMENT讓典 | 18 |
| 23 | GRATUITY AND COMMISSIONS规财及佣金 | 18 |
| 24 | CHANGE修改 | 19 |
| 25 | ARBITRATION仲裁 | 19 |
| 26 | ORDER OF PRECEDENCE優先適用順序 | 20 |
| 27 | APPLICABLE LAW準據法 | 20 |

## ATTACHMENT 附件

| 1 | STANDARD BID BOND FORM押標金標準格式 | 21 |
| 2 | STANDARD PERFORMANCE BOND FORM履保金標準格式 | 22 |
| 3 | STANDARD REFUND BOND FORM預付款保證金標準格式 | 23 |
| 4 | STANDARD WARRANTY BOND FORM保固金標準格式 | 24 |

ART. 8.8 IS NOT APPLICABLE TO THIS C...

10/05 2006 08:48 FAX

Case 1:05-cv-02311-RMC   Document 17-3    Filed 12/22/2006   Page 11 of 39
Case 1:05-cv-02311-RMC   Document 7-2    Filed 03/12/2006   Page 12 of 40

5

## ARTICLE 1
## 第1條
## CONTRACT SUPPLIES
### 合約供應品

1.1   All supplies furnished under this Contract shall comply with the requirements of the specifications set forth in the Contract and shall be brand new with full service life designated in the specification. Spare parts (if furnished) shall be identical to original parts. Requirements not adequately described by the contract specifications shall be in accordance with the best commercial practice. The specifications as contained in the Invitation/Bid and any deviation or exception thereto as provided in Bidding Instructions and Conditions which are approved by the Buyer shall become a part of the Contract.
合約供應品應具全新且完全符合合約之規格，並具最大使用年限。如有備份零件，須與原裝零件相同。合約規範未查詳明者，應依業利買方之商業慣例辦理，述據早具投標單所載之規格及其他事項，與投標須知及合約條款有所差異者，經買方同意後，即將成合約之一部份。

1.2   Supplies and/or goods shipped must be made in the noncommunist country and/or area, unless otherwise expressly agreed and stated in the Contract/agreement.
除合約另有明文規定外，交運之貨品須產製於非共產國家。

1.3   Any goods/supplies shipped and/or delivered must not be of the product made/manufactured in the Communist China.
任何交運貨品不得產製於中共。

## ARTICLE 2
## 第2條
## PERFORMANCE BOND
### 履約保證金

2.1   Within eighteen(18) calendar days after receiving the minutes of award, and unless otherwise, stipulated in the Contract, the Seller shall deposit a performance bond in the form of cash, bank draft, certified check, unconditional and irrevocable bank guarantee, standby letter of credit, or other forms acceptable to the Buyer in a sum of not less than five percent(5%)of the Contract value. Delay in posting the performance bond will be considered as unsatisfactory performance on the part of the Seller. Such bond shall be in the currency acceptable in the Contract or any other foreign currency acceptable to the Buyer or in the equivalent thereof in New Taiwan Dollars at the then prevailing rate of exchange applicable to inward remittance. The Seller should ask the bank where the bond is deposited to cable Buyer through its correspondent bank in Taipei City at the Seller's expense the invitation number, contract number and the amount of the bond deposited. In case the performance bond is deposited by a foreign supplier on behalf of a local Seller in Taiwan, the name of both foreign supplier and local Seller shall be clearly indicated in the bond document and the above-mentioned cable advice. Only after the deposit of the performance bond will the relevant Letter of Credit for the Contract be issued to the beneficiary.
除合約另有規定外，賣方應於接獲決標紀錄後十八天（曆日）內，繳交履約保證金，其金額不得少於合約價款5%，以現金、銀行匯票、保付支票、無條件及不可撤銷銀行保證函、擔保信用狀或其他可接受之方式辦理買方。逾越繳付履保金，將被視為履約不良。履保金須以契約所定之付約定之貨幣或以買方認可之其他外幣辦付，或按合日匯款匯率折算等值之新臺幣辦付。賣方應請其海外前收受銀行，電告在臺北之往來銀行，轉如買方其接單據號、合約號碼、履保金金額。履保金如係由國外供應商代本地代理商辦付，並應在履保金通知書及電報通知書上載明代理商名稱。唯有履保金繳妥後，

1



信用狀給付予受益人。

2.2    For all Contracts under US$10,000 (or its equivalent value in other currencies), the performance bond should be posted only in the form of cash in New Taiwan dollars or bank draft, certified check of R.O.C. banks, or R.O.C. government Bonds.

合約金額在其金當萬元以下（或等值之其他外幣），其履保金限以新臺幣現金、中華民國境內銀行之銀行匯票，保付支票或中華民國政府公債繳納之。

2.3    In case the performance bond is posted in the form of unconditional and irrevocable bank guarantee or standby letter of credit, it must be valid, unless otherwise specified by the Buyer, for at least a hundred and eighty (180) days after the Contract-scheduled (last) shipment date and shall conform in substance to the attached Standard Performance Bond Form (See Attachment 2). If the unconditional and irrevocable guarantee or standby letter of credit is to be issued by a bank outside the R.O.C., it must be sent to the Buyer through International Commercial Bank of China, Farmers Bank of China, Central Trust of China, United World Chinese Commercial Bank, Bank of Taiwan, or any other Buyer designated bank, or its correspondent bank in Taipei. In case any claim against shortage or defect in supplies is not settled within the warranty period as specified in Article 5 the validity of the performance bond shall be extended as required by the Buyer, otherwise the Buyer will proceed to collect the bond before its expiration.

履保金加以無條件不可撤銷之銀行保證函或擔保信用狀繳付，除買方另有規定外，其有效期應自合約所訂之裝運交貨日起須最少180天，並應符合履保金標準格式（如附件二）。如其無條件不可撤銷保證函或擔保信用狀係由國外銀行所開出，始須經由中國國際商業銀行、中國農民銀行、中信局、世華銀行、臺灣銀行或其他買方指定之銀行或其在臺北之通訊銀行寄交買方。如因貨品短缺或瑕疵在第5條所定保固期間（詳如第8條）內解決，履保金有效期應依買方要求而辦理展延，否則買方將於有效期屆滿前收兌。

2.4    The performance bond will be released without interest after all contracted supplies have arrived in Taiwan and have been found to be in acceptable condition according to the specifications and requirements of the contract.

履保金於合約全部貨品運抵臺灣，並依據合約之規格與要求，經驗收合格後無息發還。

2.5    In the event of Seller's default, Buyer may, without prejudice to other rights of Buyer, terminate the contract and confiscate the performance bond in compensation of Buyer's damages. The performance bond shall also guarantee the payments for damages of delay or deficiency in the specification or failure delivery as per Article 10, the compensations as per Article 8, and all other payment to Buyer.

如賣方違約，買方得終止合約並沒收履保金以抵償買方之損失，且合約之終止，不妨礙買方其他權利之行使，履保金並可以抵償第10條載述之違約罰款或規格限或無法交貨及第8條載述之賠償及其他應給付買方之款項。

*liquidated damages*

*warranty*

## ARTICLE 3
## 第3條
## SHIPMENT
## 裝 運

3.1    If the Contract is signed on C&F, CIF, DCP or CIP basis, the Seller shall arrange for shipment and provide the Buyer with all necessary and sufficient documents for acceptance of the Supplies.

如合約係以 C&F, CIF, DCP, 或 CIP 簽訂，賣方需安排運送及提供買方所有必其之文件以利貨品之接收。

10/05/2006 09:49 FAX 2311-RMC   Document 17-3   Filed 12/22/2006   Page 13 of 39
Case 1:05-cv-02311-RMC   Document 7-2   Filed 05/12/2006   Page 14 of 40

7

3.2 If the contract is signed on FOB or FAS basis, Buyer will designate a carrier which will be stated in the remarks of the Contract; to arrange for the contracted supplies, unless otherwise specified in the Contract. The Seller shall, as early as possible but not later than thirty(30) days prior to delivery, contact and notify the Buyer designated carrier for the expected shipment date, cargo measurement and/ or weight and any other shipping instructions. If the contents of supplies are subsequently changed for some reasons or if the Contract requires ocean shipment to be made within one(1) month after receipt of L/C, the Seller and/or its Supplier shall contact and notify the carrier such information at least twenty (20) days prior to the shipment date. Without the Buyer's consent, the Seller/Supplier shall not deliver the supplies to a carrier other than the one arranged by the Buyer; otherwise, the Seller/Supplier shall be liable for any consequence of loss or damages suffered by the Buyer. If shipment is delayed owing to the unavailability of freight space, the Seller shall obtain a certificate from the carrier for excuse of delay liability.

如合约以FOB或FAS签订，除另有规定外，買方將并将合约附加情款内指定承運公司洽接賞品。賣方當值平，且不得選洪交運賞30天，將預計交賞期、賞品村核、重重及其他裝運通知告知買方所指定之承運公司。如果交運之賞品事後国故變更及其合约規定賞方須并收到信用状提一個月内以海運裝運時，賣方／供應育須并交運前20天通知承運公司。未經買方同意，賣方／供應商不得將貨物交于非買方指定之承運公司，否則賞育家／供應商應負賞賠信買方因此所組之任何損失。如因無搶位而致裝運延期，賣方須取得承運公司之証明文件，以免除運延責任。

3.3 If the Contract is signed on FOB airport, the Buyer will designate an airplane or arrange for such air shipment except otherwise specified in the Contract. The Seller may arrange for such air shipment only if previously authorized by the Buyer upon the Seller's request or notification.

如合约以FOB空運签訂，除另有規定外，買方得指定或安排航空公司。若賞方对非事前獲得買方之同意，得自行安排航空公司承運。

3.4 The Seller shall be responsible for any additional insurance premium incurred because of the age or classification of the carrying ocean vessel arranged by the Seller. Shipment on deck or transhipment will not be allowed unless otherwise specified. Under no circumstances shall the vessels stopover the area/ country such as mainland China, North Korea.

賞方所安排之船夋国度船舷而發生額外之保險費用，由賞方負擔，除另有規定外，不得裝載於甲板上或轉運。異運船舶不得中途停靠於中国大陸、北韓等国家或地區。

3.5 Shipment shall be made in accordance with the contracted quantity or weight. In case of an excess shipment, the excess supplies' shall be manipulated by the Supplier and the value of the excess part shall not be drawn from the L/C of this Contract, and the Seller shall reimburse the Buyer for costs incurred. Any shortage of the contracted supplies shall be made up by the Seller upon receipt of the Buyer's written notice, and all additional costs thus incurred such as insurance, freight, charges, fees, duties and all other relevant expenses involved in shipmen supplies shall be borne by the Seller.

交運賞品之數量或重重必須與合约相符。如有超交賞品，將由賞方自行真理並不得自信用款中提領該涨交部份之賞款，且賞方須支付買方因此所發生之費用。如買品有短价短足，賞方須於接獲買方書面通知立即補足。所發生之額升費用，如保险费、運費、周税及其他相關費用，概由賞方負擔。

3.6 If partial shipment with prior written permission of the Buyer is allowed, all the items in each partial shipment delivered shall be of a functional and commercial unit.

如事先獲得買方書面同意分批交運，則每一批交運的品項必須是具完整之功能性及商業性單位。



Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 14 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 15 of 40

8

## ARTICLE 4
## 第4條
## INSURANCE
## 保　　險

4.1 For Contracts signed on CIF, CIP basis, the Seller shall effect insurance covering ALL RISK, WAR RISK, and SR&CC CLAUSE from the Seller's warehouse to the final destination of the Buyer's appointed warehouse, and the insured value shall not be less than the total invoice value plus ten percent (10%). Insurance policy or certificate shall be endorsed to the order of the Buyer and shall be claimable in Taiwan R.O.C. by Buyer upon presentation of relevant documents to the bank.
如合約以CIF, CIP簽訂，賣方應就投賣方倉庫至買方所指定之目的地倉庫，投保全險、戰爭險及罷工暴動民變險，其保額不得少於發票總金額加一成，訂貨時，該保險單應背書予買方，並可由買方在臺灣索賠。

4.2 For all Contracts especially those on C&F or FOB basis, the Seller shall fax at his own expense five (5) days before loading, advising Buyer (Fax#86-2-3892586), of the following details of each shipment to enable Buyer to arrange for insurance:"Invitation number, Contract number, description of supplies, quantity, name of carrier, flight number in case of airlift,port of departure, estimated time of departure (ETD), estimated time of arrival (ETA), and toal invoice value."
針對別是以C&F或FOB簽訂之合約，賣方須於裝運前五天自費以傳真方式通知買方（傳真：886-2-3892586）下述裝運之詳細內容，以便買方安排投保：「案號、合約號碼、品名、數量、運送公司名稱、班機號碼（如為空運）、裝運港、預定起運時間、預定到達時間及發票總金額」

2.4 Failing to provide the Buyer with the information concerned in time, the Seller shall pay compensation to Buyer for any loss or damage which, as a result, has not been covered by insurance.
賣方若未能及時提供買方前述之相關資料，則須賠償買方因未列入保險範圍所導致之一切損失。

## ARTICLE 5
## 第5條
## INSPECTION AND ACCEPTANCE
## 檢驗與受領

5.1 There are two kinds of inspection under this Contract:shipment inspection and final inspection. The shipment inspection shall be made by the Seller/Manufacturer(s)/Supplier(s) concerned and/or the Buyer designated independent inspector (firm) on the Seller's behalf before the time of shipment. The final inspection will be made by the Buyer at the destination.
本合約規定兩種檢驗方式：裝運檢驗與最終檢驗。裝運檢驗由賣方／製造商／供應商及／或買方指定之獨立公證公司於裝運前在賣方之利益下實施操作。最終檢驗則由買方在貨到目的地檢實施。

5.2 The scope of shipment inspection shall include specifications, quality,quantity and/or net weight, proper packaging and markings, and running test if necessary. All supplies (which term throughout this clause includes without limitation raw materials, components, intermediate assemblies, and end products) shall be subject to shipment inspection to the extent practicable prior to final acceptance.
裝運檢驗之範圍包括規格、品質、數量與／或淨重、正確之包裝及標記，必要時包括試車。所有貨品（本條款中所稱貨品一詞不限於原料、零組件、半成品及成品），在最終受領前，須裝運檢驗之範圍可為實之檢驗。

4



5.3    Unless otherwise instructed by the Buyer, the Seller shall cause itself or its Supplier(s)/Manufacturer(s) to make a shipment inspection and provide a Certificate of Conformance therefrom. If the Buyer decides to have an independent shipment inspection, the Buyer shall inform the Seller the appointment of an independent inspector (firm) by sending a written notice or a copy of Inspection Contract. Upon receipt of such notice or the copied Contract, the Seller shall contact, or cause its Supplier(s)/Manufacturer(s) to contact the independent inspector (firm) when the supplies are ready for inspection. The Seller shall cause itself or its Supplier(s) and/or Manufacturer(s) to provide the independent inspector (firm) free of charge with facilities reasonably required for the performance of inspection. The former shall also allow the latter to have free access to the factory or factories within a reasonable period of time for performing inspection and test. Independent inspector (firm) is entitled to reject any supplies found defective in design, material or workmanship, or not in conformity with the requirements of the Contract. In the event the independent inspector (firm) disapproves any supplies, it should withhold issuance of the inspection certificate until corrections or replacements are made to the satisfaction of the independent inspector (firm). All additional expenses to be incurred therefrom shall be for the Seller's account. If the inspection is made at a place other than the place of shipment, the supplies shall be identified, controlled and sent to the place/port of shipment by the independent inspector (firm). The inspection certificate shall be issued within five days after completion of the inspection. All costs of such inspections shall be for the Seller's account. The Buyer reserves the right to charge to the Seller any additional cost of the Buyer or independent inspection and test when supplies are not ready at the requested time or when reinspection or retest is necessitated by prior rejection.

除另方另有通知外，賣方須自行或使其供應商或製造商實施裝運檢驗並提出檢驗合格證明。若買方決定需要獨立公證檢驗時，買方須將指定之獨立公證檢驗人（公司）以書面通知或將檢驗合約之副本告之賣方。賣方將收悉上述通知或該合約副本後，當賣方備妥待裝時須連絡其供其供應商或製造商通知這些公證檢驗人（公司）。賣方並須自行或使其供應商及／或製造商免費提供獨立公證檢驗人（公司）實施檢驗所需之設施，實方並須允許後者，在一定合理期間內執行檢驗查測試時向送出工廠之賣品。獨立公證檢驗人（公司）有權拒絕任何在設計、材質或工作上發現有瑕疵的賣品或與合約的要求不符之賣品。獨立公證檢驗人（公司）拒絕接受之賣品，在賣品替正或更換並經獨立公證檢驗人（公司）備妥合格之要求前，不開具檢驗證明。所有因此而產生之額外費用必須向賣方負擔。如不係在裝運地點以外的地方檢驗，這些賣品須由獨立公證檢驗人（公司）標明，監督並運送到到裝運地點或運口。檢驗證明須在檢驗完成後五日內開具。所有此類檢驗之全部費用，均由賣方負擔。當賣品未在要求時限內備妥或在原先前被拒絕被需要再重檢驗或測試時，買方保留向賣方索取任何額外支出或獨立公證檢驗及測試費用的權利。

5.4    The Buyer reserves the rights to make final inspection at the destination. Acceptance shall occur only after the Buyer's issuing notice of satisfaction on the final inspection (Certificate of Acceptance). During the period of final inspection, the acceptance shall be pending. However, if the Buyer does not initiate the final inspection in four(4) weeks after receipt of the supplies at the destination, it shall be deemed a waiver of the inspection, and the acceptance shall occur at the end of such four weeks. Failure to inspect and accept or reject supplies shall neither relieve the Seller from responsibility for such supplies as are not in accordance with the Contract requirements nor impose liability on the Buyer.

買方保留有在目的地做最終檢驗之權利。只有在買方開具最終檢驗合格（受領證明）之通知後，才產生受領的效力。在最終檢驗期間，仍未產生受領之效力。然而，若買方在賣品到達目的地後四週內仍未開始做最終檢驗時，則將被視為對檢驗標之放棄，且在此四週屆時視為受領。未能檢驗、受領或拒絕受領賣品，均未免除賣方對這些不符合合約要求賣品之責任，且不得加諸買方任何責任。

5.5    No matter what kind of inspection is made, in case any supplies or lots of supplies are defective in design, material or workmanship or otherwise not in conformity with the requirements of this Contract, the Buyer shall have the right either to reject them (with or without instructions as to their disposition)

5



Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 16 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 17 of 40

10

or to require correction. The supplies or lots of supplies which have been rejected or required to be corrected shall be removed or corrected by and at the expense of the Seller promptly after notice, and shall not thereafter be tendered for acceptance without the Buyer's consent. If the Seller fails to remove, replace or correct such supplies or lots of supplies promptly, the Buyer either (a) may by Contract or otherwise replace or correct such supplies and charge to the Seller the cost occasioned the Buyer thereby, or (b) may terminate this Contract for default as provided in the clause of this Contract entitled "Default". Unless the Seller corrects or replaces such supplies within the delivery schedule the Buyer may require the delivery of such supplies at a reduction in price which is equitable under the circumstances. And in case of rejection the Buyer shall not be liable for any cost and expense, including any reduction in value, in connection with such inspection or test.

不論在做任何檢驗時，凡有任何其多項貨品，在設計、材質、工作或其他與合約所要求事項不符所發生之瑕疵，買方有權拒絕（退却與否係其處理權而定）或要求修正。這些貨品或多項被拒絕檢受或須修正之貨品，買方在收到通知後，而須迅速自費將此貨品做迅速修補，若未經買方同意，不得提出此類貨品以供受領。若買方未能迅速處理、更換或修理此等貨品，則買方可選择(a)做合約成以他途更换或修理貨品型向賣方索取支出之費用，或(b)按合約條款中據题"違約"之條款，以賣方違约而終止合約。除非賣方非定賣期內修復或换貨，否則買方可要求減價收貨，遂在拒絕檢受下，買方概不負責所有減本原费用，包括任何價值的減少及相關之檢驗或測試費用。

5.6 The inspection and test of any supplies or lots thereof does not relieve the Seller from any responsibility regarding defects or other failures to meet the Contract requirements. Acceptance shall be conclusive except as regards latent defects,fraud, or gross mistakes amount to fraud.

任一或多項貨品之檢驗及附試，並不免除賣方對於瑕疵或其他不符合於與要求所規定之責任。除非有隐匿性之瑕疵、詐欺或與弊詐狀之重大錯誤，買方之受領係具決定性而不至重置駁回。

## ARTICLE 6
## 第6條
## PACKING, PACKAGING AND MARKING
## 包裝及標記

6.1 Unless otherwise specified, supplies covered by this Contract shall be packed, packaged and stuffed in such manner as adequate for ocean/air export shipment if required by the Contract. Such packing, packaging and stuffing must be sufficient to secure safe arrival at destination fully covering such overseas and international shipping hazards as rough handling, shaking and possible corrosion due to exposure to salt atmosphere, salt spray, open storage, and/or any other hazard situation.

除另有規定外，合約中規定交運之貨品須以合約中要求運運海、空運之包裝及繁固，此項包裝及繁固須足以使貨品安全到達目的地並能耐海、空運之粗重搬勻、震盪及可能因暴露於鹽分空氣中之腐蝕、亚潮氣露天倉放之腐敗，及一切其他可能之風險情況。

6.2 Seller shall be liable to the Buyer for immediate replacement of the damage supplies or compensation of any loss or damages caused in transit attributed to improper packing, packaging, stuffing, or shaking protection.

凡因不當之包架、繁固或附震所事致之損失或損害，賣方須負責迅即更換損害貨品或賠償。

6.3 Contents of each shipping package shall be itemized as a detailed packing list showing exact weight,extreme outside dimension (length, width and height) of each piece or container. If all pieces or containers are uniform in size of weight, the list shows the dimensions and weight of one only. One copy of the detailed packing list shall be enclosed in each package to be shipped. There shall also be



10/05 2006 03:53 FAX                                                                          039
Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 17 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 18 of 40

11

enclosed in one package a master packing list summarizing and identifying each individual package which is a part of the shipment. The number of the package in which the master packing list is contained should be shown on each packing list. On barrels, bags, drums or kegs where it is not feasible to place the packing list inside the container, all pertinent information is to be stenciled on the outside of each barrel, bag, drum or keg and will constitute packing list.

每箱運貨之內客，必須逐項列計並封裝清單，每箱並須如列正確重量、外觀大小（長度、寬度、高度 ）。若每箱大小重量一致，如列一箱即可，每箱附有一份裝箱單，並將一箱置放總裝箱單，故總裝箱單屬摘運各箱內客。總裝清單及外何無應裝外各業箱單內、桶、袋、匣、異等不宜置入包裝清單者，應荃註於外紙，另外裝總於一單，採底包裝清單。

6.4    Following shipping marks should be properly made on all packages:



Buyer:
Consignee:
Destination:
Package No:
Additional Markings as
required on face sheet:

每箱標誌如下：



買方：
受貨人：
買收地：
箱號：
其他附加標記：

## ARTICLE 7
## 第七條
## PAYMENT
## 付款

7.1    The seller shall be paid, upon the submission of proper invoices or vouchers, as provided in this Article , the price stipulated herein for supplies delivered and accepted or services rendered and accepted, less deductions, if any, as herein provided. Unless otherwise specified, payment will be made on partial deliveries accepted by the Buyer only when the amount due on such deliveries so warrants.

當賣方依合約規定提供正確之發票或帳單時，買方應支付受領貨品及勞務之價款。參有應扣除之價款者，應予扣除。除另有規定外，買方將於各批貨品接受後，依照貨品之審驗情況，項信付款具正當時，始料理支付。

7.2    Unless otherwise specified, payment shall be made to the Seller by an irrevocable Letter of Credit(L/C)in favor of the L/C beneficiary named by the Seller in his bid, and all banking charges incurred under the L/C or remittance shall be borne by L/C beneficiary. The L/C will be issued to the beneficiary within a reasonable time after the Seller's posting of the performance bond and payable against the following documents unless otherwise specified in the Remarks of Contract.
    (a)_____the Total Contract Price (equal to_____) shall be paid as down payment against beneficiary's simple receipt and a refund bond (form as attachment 3) for the equivalent sum.
    (b)____of the Total Contract price (equal to_____) shall be paid against:
      (1)Signed commercial invoice in septuplicate indicating foreign exchange settlement permit number, contract number, and itemized price.

7



Case 1:05-cv-02311-RMC   Document 17-3   Filed 12/22/2006   Page 18 of 39
Case 1:05-cv-02311-RMC   Document 7-2   Filed 05/12/2006   Page 19 of 40

12

(2) Packing lists and/or weight list in septuplicate.

(3) Insurance certificate (or policy), if the Contract is signed on CIF basis.

(4) _____ Dock receipt in one (1) copy. (FAS shipments)

_____ Ocean Bill of Lading Two of the three original and two copies of clean on board Ocean Bill of Lading made out to order of and notified Procurement Bureau, MND (C&F, CIF, FOB shipments)

_____ Clean on-board Airway Bill: One(1) original and two(2) copies, (FOB Airport shipment)

_____ Mailing Certificate and/or Insured Parcel Post receipt (Mail shipments)

_____ Waybills (DCP, CIP shipments)

(5) Certificate of Conformance or Inspection Certificate in quadruplicate issued by the Manufacturer and/or the Buyer designated independent inspector (firm), showing that the supplies shipped fully conform to the specifications and other requirements of the contract and are in 100% brand new and sound condition.

(6) Supplier's Certificate showing the actual amount of bona fide contingent fee paid or to be paid to the Seller by the Supplier.

(7) A Certificate issued by the L/C beneficiary stating that he has forwarded by registered airmail one original Bill of Lading, Airway Bill, Waybills, Dock Receipt or Post Receipt, and two complete sets of duplicate documents as required above to the Buyer together with registered airmail receipt issued by post office within seven (7) days after the B/L date.

(8) Copy of cablegram, FAX or telex, addressed to the Buyer stating shipping information.

(c) _____ of the Total Contract Price (equal to _____) shall be paid against the Certificate of Acceptance issued by the Buyer after the final inspection.

除另有規定外，付款概以不可撤銷之信用狀為主。信用狀受益人由買方并繕單中指定。在中華民國以外地區，國信用狀流通於所用之銀行費用，概由信用狀受益人負擔，除合約中附加條款另規定外，信用狀須於買方斷交屋時保達金并合理期間開立，並憑下列文件付款。

(a) 合約價款之 ____ % (等於 ____ ) 為預付款。

憑受益人提出之商早收據及等額之相對保證函（格式如附件三）付款。

(b) 合約價款之 ____ % (等於 ____ ) 辦憑下列文件付款：

(1) 經裝箱之商業發票一式七份。無明結匯許可證號碼，合約號碼及詳細價格。

(2) 裝箱單或重量單一式七份。

(3) 以CIF簽約者加附保險單。

(4) _____ 碼頭收據一份 (以 FAS裝運)

_____ 海運提單憑據：須提市清潔裝貨提單三份正本中之兩份及副本兩份，並通知採購局（即買方）(包括C&F, CIF, FOB 裝運)

_____ 空運請貨提單：須提示正本已份及副本份兩份（以FOB空運裝運）。

_____ 郵寄證明及/或投保郵運包裹之收據（以郵寄裝運）。

_____ 鐵路提單 (係外DCP, CIP裝運)

(5) 由製造商或買方指定之獨立公證檢驗人（公司）開立之合格證明或檢驗證明一式四份。報告書須載明所交之貨品規定全符合約中之規格及要求，產品且具全新及良好之狀態。

(6) 供應商已付或待付素方實際佣金金額證明書。

(7) 信用狀受益人出具之證明載明已保買方之貨本以航空掛號將裝貨提單，空運提單，鐵路提單，碼頭收據或郵寄包及收據正本一份，則本文件再查，併同航空掛號收據，並真實裝寄送繕復七天內寄交買方。

(8) 通知買方有關裝貨訊息之電報，傳真或電傳副本。

(c) 合約價款之 ____ % (等於 ____ ) 須使買方驗收合格基發支領證明提付款。

7.3   In case the Seller should request that the L/C be confirmed by a bank other than the opening bank, or be

8

Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 19 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 20 of 40

13

or be advised through a designated bank, any additional expense incurred for such confirmation and/or designation shall be for the Seller's account. The Seller shall, upon request, send the Buyer the evidence of the date of receipt of L/C by the L/C beneficiary.

若買方要求所須見之單行協開該銀行，或指定通知銀行時，額外所營生之保兄或追加費用概由賣方負擔。賣方須應買方之要求，提出信用狀受益人收到信用狀日期之證明文件。

7.4  Immediately after delivery, the Seller should forward by registered airmail one full set of shipping documents and two complete sets of documents stipulated in the Article 7.2 to the Buyer.

貨品交運後，賣方應照照第7.2之條規定，立即以航空掛號將所有之貨運早逕乙份及相關文件兩份寄交買方。

7.5  The Contract price shall be firm and fixed. After the Contract is signed, any increase in cost, insurance, stuffing, freight, independent inspection and/or packing, stuffing, handling charges etc, over and above the amount stated in this Contract should be for the Seller's account.However, if the actual amount of ocean/air freight paid to the shipping company or airlines is less than that stated in the Contract, the unused balance shall not be drawn from the L/C,Otherwise the Seller shall pay the difference back to the Buyer.

合約價款為須確定並固定。合約簽訂後，著有任何價款之增加，如成本、費用、運費、獨立檢驗及/或包裝、費用、處理費等，其超出合約之價款均由賣方負擔。后而，若賣際支付就運公司之海/空運價款比合約的載述的小，其溢剩差額不得從信用狀中提取，否附賣方須辦差額還買方。

7.6  In case the Buyer is unable to take delivery of the cargo as a result of the Seller's delay in making available the above mentioned shipping documents to the Buyer through the negotiation bank or as a result of the documents presented not conforming to the requirements of the Contract or the relevant L/C regardless whether these documents are acceptable to the bank under guarantee or not, the overtime storage charge for the cargo and/or other expenses thus incurred shall be borne by the Seller.

若買方未能提貨，係因賣方運延經由打單銀行提出上述有敘的實遲單營給買方，或係因上述早證未能符合合約的或信用狀之要求，則不論此等早後是否由銀行提供擔堡，其所營生之溢碘倉租費或其拖費用，概由賣方負擔。

7.7  In case LCL (Less container loading) service charge is required for items originally quoted terms of C&F or CIF, the Seller shall be responsible to prepay such service charge at loading port before supplies/goods delivery

若原報價條件係以C&F或CIF報價之貨品須併裝勞務者，賣方應在貨品交運前於裝運港繳納此項費用。

7.8  For shipment from European, American or African port(s), the documents stated in Article 7.2 must be presented for negotiations within fourteen(14) days after the B/L date, but from Asian or Oceanian port(s), seven(7) days. If the said documents are required by the Seller to be presented for negotiation later than the date specified above, the extra storage charges and/or other expenses thus incurred shall be borne by the Seller.

由歐洲、美洲、非洲等港口交運者，須在簽發裝貨早證後14天內提示加會約條款第7.2條中所載明之文件打圖。但亞太地區則應在7天內打圖。加上述文件遲於規定日期提出打圖，則溢額倉租費用或其他費用，概由賣方負擔。

**ARTICLE 8**
**第8條**
**WARRANTY**

9



10/03 2005 09:55 FAX 02311-RMC    Document 17-3    Filed 12/22/2006    Page 20 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 21 of 40    ☑003/038

14

## 保 固

8.1    The Seller warrants that all items provided to the Buyer under this Contract shall be free and clear of any security interest, lien, charges or other encumbrances. The Seller's liability and the Buyer's remedy under this warranty shall include, without being limited to, and at the Buyer's option and the Seller's cost: (a) the removal of any title defect or (b) the replacement of the goods and parts thereof which are defective in title; or (c) the return by the Buyer of the defective supplies and relevant supplies the use or function of which shall be affected thereby and the refund by the Seller of the payment received from the Buyer for such supplies plus such costs as related to transportation, installation, dismantling, postage, and other charges and fees for the acceptance and/or return of the supplies.

賣方須保證，保本合約均保買方之所有品項均不存在任何損保物權、留置權、或諸足其他負擔。在此保證之下，賣方所應負之責任與買方得受的補償，包含且不限定於如下方法，方法之行使，買方有選擇權，且由賣方負擔其費用：(a)除去任何權利上的瑕疵，或(b)更換瑕疵有瑕疵之貨品或零件，或(c)故買方選還具有關疵之貨品，以及關其選還等及使用或功能有所大缺之相關貨品。另賣方級還運該實欵及支付買方任何有關選措、安裝、拆卸、郵費及其他受偵或還還待所支出之費用。

8.2    The Seller and Manufacturer shall warrant for at least one(1) year after the Buyer's acceptance of supplies at destination that supplies delivered under this Contract will be free of any defects in design, material or workmanship and conform to the specifications and requirements of the Contract. Notwithstanding, the warranty period is not limited to the period specified above if the defect is known, or shall have been known to the Seller upon delivery of such items. The Seller's liability under this warranty shall include, without being limited to, and at the Buyer's option and the Seller's cost: (a) the repair of the defective/deficient supplies;(b) the replacement of the defective/deficient supplies; (c)such other remedy as is mutually agreed upon by the parties or, in the event that no such other remedy is agreed upon, the return by the Buyer of the defective/deficient supplies and the relevant supplies the use or function of which shall be affected thereby and refund by the Seller of the payment received from the Buyer for such supplies, including transportation and all related costs.

賣方及製造商至少須保證，賣品在目的地於買方受領後一年內，須有材料設計與工作上之瑕疵，且合於合約之規格及要求。但是，若為賣方在賣品交運時已如或應知之瑕疵，則保固期不限於上述期限。在此保證下，賣方之責任包含且不限定於如下方法，方法之行使買方有選擇權，且由賣方負其費用：(a)瑕疵或缺檢貨品之補正(b)瑕疵或缺檢貨品之更換(c)其他雙由雙方達成協議後之補救措施。或若無其他補救措施之協議時，由買方選還具有瑕疵或缺檢貨品之貨品，以及關其還還移舉使用或功能有所相關之貨品，同時由賣方選還已收該貨品之貨欵、運費及其他相關費用。

8.3    Failing any such remedy as provided in Articles 8.1 and 8.2 the Buyer shall be entitled to any other necessary remedy at the Seller's expense and the Buyer may recover all related expenses from the Seller and/or from the Warranty Bond or, at the Buyer's option, return to the Seller, at the Seller's cost and risk, the defective/deficient supplies and the relevant supplies the use or function of which shall be affected thereby, and claim for the refund of the sums paid for such supplies. The Seller shall effect the refund within thirty (30) days.

賣方若未能履行第8.1及8.2條所規定之補救措施時，買方有權以賣方之費用採取任何其必要的補救措施。此等費用買方可向賣方求償或維保固金於四。或者，買方亦可選擇由賣方自負費用及風險。選還具有瑕疵或缺檢之貨品及關其還還使用功能受影響之相關貨品。並得主張賣方償還品選還貨品而支出之金額。賣方並須於30天內完成償付。

8.4    The Buyer will give the Seller written notice within 30 days after the discovery of the defective/deficient supplies or part thereof and prior to the expiration of the warranty period. Such notification shall identify the defective/deficient supplies involved and shall contain details of the circumstance of



10 Case 1:05-cv-02311-RMC   Document 17-3   Filed 12/22/2006   Page 21 of 39
Case 1:05-cv-02311-RMC   Document 7-2   Filed 05/12/2006   Page 22 of 40

15

discovery by the Buyer of the defect/deficiency.

買方在發現全部或部分之貨物有瑕疵或短缺時，須於30日內及保固期截止前，以書面通知賣方。通知書中須載明瑕疵或短缺之貨品，並將發現瑕疵或短缺之詳細情形告知賣方。

8.5 In the event the defective/deficient supplies shall be returned to the Seller, the shipment of the repaired supplies shall be made at the cost and risk of the Seller.

若退還瑕疵或短缺之貨品時，賣方須以其費用及風險負擔這些修復這貨品之裝運。

8.6 Upon completion of the repair or replacement the Seller shall perform such tests as are necessary to demonstrate that the defect/deficiency have been corrected.

完成修復或更換貨品之後，賣方須進行必要之測試，以證明瑕疵或短缺業已補正。

8.7 The warranty period of the repaired or replaced supply shall be extended by the period of non-operation due to the repair or replacement.

修復或更換這貨品之保固期間應併同修理或更換而未運作之時間計入並延長之。

8.8 To secure the Seller's warranty obligations provided for in this Article, the Seller shall submit 2% of the contract value as the warranty bond (form as attachment 4) prior to the receipt of the payment of the final installment. After captioned supplies accepted and warranty bond received, the Buyer shall release the performance bond immediately.

為確保賣方保本合約格該之保固長善，賣方應於收到最末期付款前，先行繳交合約價款之2%充當保固金（格式如附件四）。在受領該項貨品及收到保固金後，買方應即發還履約保證金。

## ARTICLE 9
## 第9條
## FORCE MAJEURE
## 不可抗力

9.1 Either the Seller or the Buyer is not responsible for delay or nonperformance of its contractual obligation as a consequence of war, blockade, revolution, insurrection, civil commotion, riot, mobilization, strike, lockout, acts of God, plague or other epidemic, flood or obstruction of navigation by ice at port of delivery or destination.

不論買方或賣方，苟因戰爭、封鎖、革命、叛亂、內亂、暴動、動員、罷工、停工、天災、瘟疫、或其他傳染病、水災、運出口港之結冰，致遲延未能履約時，免其責任。

9.2 In the event the Seller is affected in the performance of its obligations by any of the aforementioned causes, it shall give the Buyer prompt written notice of the fact together with satisfactory evidence substantiating that said cause prevents performance, as well as a declaration specifying the steps being taken by the Seller to remove such cause of nonperformance and to minimize its effects and shall continue the performance of its other obligations under this Contract.

如果賣方受到上述原因之影響而未能履約時，由須立即以書面將這些前述原因之事實列舉充份之證據通知買方，並宣告已採取步驟排除不能履約之障礙，且儘量減低其影響，並繼續履行合約中之其他義務。

9.3 In the event that any delay due to Force Majeure shall continue to be unremedied for ninety (90) days, the other party may give fifteen (15) days prior written notice to terminate the Contract. In such event the party suffering from Force Majeure shall be exonerated from making performance and the other party shall be exempt from making corresponding performance. In case the Seller suffers from Force Majeure and both parties have partially performed the contract, the Buyer shall have the option to (a)

11



10/05/2008 09:58 FAX ... Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 22 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 23 of 40

16

refuse/return the partial performance and/or delivery and claim for refund of all payments made, together with interest accrued thereon or (b) accept any part of the performance and/or delivery and pay for the same at cost. All payments previously made by the Buyer to the Seller, together with interest, shall, after deduction of such amount of cost, be refunded to the Buyer.

若是當過或遲延之不可抗力同樣，在90天內依然無法消除時，他方得於15天前以書面通知解約。在此種狀況下，違受不可抗力之一方可以免除履約之義務。他方亦免除相對之義務，若賣方違遲不可抗力之事由，而雙方業已履行部份合約時，買方可選擇：(a)拒絕或退還這一部份之履約或交貨，並主張退還附付償狀基加上累計之利息，(b)按受一部分之履約或交貨，並給付等期之成本價款。買方前已支付給賣方之全額加計利息，在扣除這些成本價款後，其餘款份須退還買方。

9.4 Acts of the Seller's government or government of supplier and/or subcontractor with respect to the licenses, permits, authorization and other clearances required for the execution, delivery and performance of the Contract shall not be considered as events of Force Majeure.

因賣方政府或供應商及／或其合約的賣政府之行為，而來獲取得與執行、交運及履行合約有關之執照、許可、授權及其他一切所須文件，此程情況並非為不可抗力事件。

## ARTICLE 10
## 第10條
## LIQUIDATED DAMAGES
## 預定之損害賠償

.01 The shipment of the Contract supplies should be made on or before the shipment date as specified in the contract. If the Seller fails to effect shipment on or before the shipment date, the seller shall pay the liquidated damages to the Buyer on the basis of one tenth percent(0.1%) of the contract value of the delay portion for each day's delay. Said liquidated damages may be collected from the payment to be effected by the L/C bank. In case of any further delay beyond 50 days from the shipment date, the Buyer has the option of either granting an extension or terminating the Contract, ruling the case as an act of default and collecting the Seller's performance bond without recourse. In case an extension is granted, the Contract and L/C will be amended accordingly. The Seller shall effect shipment within the further extended period but must pay the liquidated damages as stipulated above.

合約貨品須於合約所規定之交貨期限內交運，如賣方未能於規定之交運日前交運，則賣方每過延一日，須支付買方退給交運貨品合約價款之0.1%作為買方之損害賠償，該項害賠償，可由銀行自信用狀付款款中扣除。若逾期交貨超過50天後，買方有權選擇予以展延，或終止合約並視定交貨逾期並沒收履保金並賣方不得異議，倘若買方同意展延，則合約及信用狀來須同時為相應之修改。賣方須補展延之期限內交貨，惟仍需像上述規定和損害賠償。

10.2 In the event of rejection, the Buyer shall return the supplies to the Seller at the Seller's risk and the Buyer shall be refunded all the payment paid to the Seller. Furthermore, the Buyer may terminate this Contract pursuant to Article 16 "Termination for the Seller's default."

若買方拒絕受償，則買方應以賣方之風險退還賣方貨品。賣方則須退還買方支付之所有償款。此外，買方可依第16條「因賣方違約而終止合約」之條款終止合約。

10.3 This liquidated damages shall be paid in addition to the sums payable by the Seller under Article 16.2 or 16.4 as the case may be, up to a maximum of fifteen percent (15%) of the contract price.

此項預定之損害賠償，並不包括賣方依第16.2條及16.4條所屬支付之金額，而此最大限期為合約價款之15%。

12



## ARTICLE 11
## 第11條
## EXPORT LICENSE
## 新出許可證

11.1 The Seller shall at his cost apply and obtain all necessary export licenses, permits, authorization and other clearances which will: cover the whole period of deliveries of all supplies and maintain the validity of such export licenses, permits, authorization and other clearances during such period.
賣方須自費中請並取得所須輸出許可、批准及其他相關文件。此類文件尚須涵蓋所有貨品交貨之全程時間，並維持在此期間內，這些輸出許可、批准及其他相關文件均有效。

11.2 In the event the export licenses, permits, authorization or other clearances required for the Contract, are not obtained or, once issued, are revoked, reduced or otherwise limited by the exporting country, the Buyer shall have the right to terminate the Contract pursuant to Article 16 (termination for the Seller's default).
若合約所須之輸出許可、批准及其他文件無法取得，或取得後為輸出國家撤銷、減少或其他之限制，則買方有權依合約條款第16條規定（因賣方違約而終止合約）終止合約。

## ARTICLE 12
## 第12條
## GOVERNING LANGUAGE
## 主要使用之語文

Any technical document and data furnished in accordance with this Contract, unless otherwise specified herein, shall be written in the English language.
除另有規定外，依本合約提供之技術文件及資料均以英文撰述之。

12.2 All notices and other communications pertaining to the contract shall be in the English language.
所有與本合約有關之通知及其他連絡均須使用英文。

12.3 The headline and paragraph headings are inserted for convenience only, and shall not be used as aid in interpreting the meaning of any provision
插入之標題及段落之起首文字僅為提供參考，並非用以解釋任何條款。

12.4 Where there is conflict between the English and the Chinese translation, the English language should govern.
當英文與中文翻譯有衝突時，以英文為主。

## ARTICLE 13
## 第13條
## PATENT, COPYRIGHT INFRINGEMENT
## 專利權、著作權之侵害

13.1 If the buyer receives a claim that any product or part thereof delivered by the Seller infringes any patent or copyright or the proprietary right of any third party, the Buyer shall notify the Seller promptly in writing and give the Seller all available information, assistance and authority to evaluate, defend and



settle such claim. The Seller shall then at its own expense and at the Buyer's option either (a) settle such claim, (b) procure for the Buyer the right to use such product, (c) without downgrading the stipulated function of the product, replace or modify such product to avoid infringement, (d) refund the purchase price (including transportation and installation costs) less a reasonable amount for depreciation, or (e) defend against such claim. If any court of competent jurisdiction holds such product to constitute infringement, or, if the use of such product is enjoined the Seller shall take one or more of the actions of (b), (c) or (d) abovementioned, at the Buyer's option and pay any resulting costs (including attorney's fees) and damages finally awarded on account of such infringement.

若有人向買方主張賣方所交運之任何貨品或零件侵犯他人之專利、著作權或所有權時，買方應立即以書面通知賣方，並提供一切有用之訊息、協助及授權，以評估、抗辯、或對此一主張。賣方此時須自付費用，在買方之選擇下 (a)平息此一主張 (b)為買方辯護此項產品之使用權 (c)在不降低產品約定性能之前提下，更換或修改此類產品以避免侵權 (d)退還和協合理折算之貨款（包括運費及安裝費用）(e)對此主張提出抗辯。若任何有管轄權之法院，認定此類產品已構成侵權；或者，若此類產品之使用權被禁止，則賣方須在買方選擇下，採取上述 (b)(c)或 (d)之一項或多項措施，並支付因侵犯成立後所生所之任何相關費用（含律師費用）與損害賠償。

13.2 The Buyer's right herein is in addition to any other remedy available under the laws.
本條載述之買方之權利並不包括基法律下所可獲得之其他補償。

## ARTICLE 14
## 第14條
## RISK OF LOSS
## 損失之風險

14.1 Except as otherwise agreed by parties in this contract, (a) the Seller shall be responsible for the supplies covered by this Contract until they are delivered at the designated delivery point and/or destination, regardless of the point/destination of inspection; (b) the Seller shall bear all risks as to the rejected supplies after notice of rejection, except the buyer shall be responsible for the loss, or destruction or damage resulted from the negligence of officers, agents, or employees of the Buyer acting within the scope of their employment.

除雙方於本合約另有約定外，(a)不論檢驗地為何處，賣方應負責將合約內貨品運抵指定之交貨地點及目的地。(b)賣方自收悉退貨通知後，對被拒收退貨之貨品必須負擔所有之風險。惟因買方之人員、代理人或受僱人，在執行職務範圍內，因過失所造成之損失、毀損或損害，則由買方負責。

## ARTICLE 15
## 第15條
## TERMINATION FOR CONVENIENCE OF THE BUYER
## 因買方之便利而終止合約

15.1 The Buyer may terminate this Contract in whole or in part by thirty(30) days prior written notice to the Seller, specifying the extent to which performance of work under this Contract is terminated. The Seller shall without delay apply reasonable effort to terminate all matters affected by or resulted from such termination.

買方得在30天前，以書面通知賣方而終止合約之全部或一部份，詳列終止合約工作之範圍。賣方應立即盡一切適當之努力，停止所有因終止合約所受影響之事務。

14



10/03-2006 10:56 FAX 02311-RMC   Document 17-3   Filed 12/22/2006   Page 25 of 39
Case 1:05-cv-02311-RMC   Document 7-2   Filed 05/12/2006   Page 26 of 40

19

15.2  Promptly after the effective date of the termination, the Seller shall submit its claims for all prior costs in respect of the portion of the Contract so terminated, together with a profit at the rate of 2%, provided, that the aggregate amount claimed by the Seller shall in no event exceed 100% of the Contract price.

自終止合約生效日起，賣方得請求對合約終止部分之所有已支出之成本，並加付2%以利潤。惟此項賣方所提出之求償金額，不得超出此合約總價款。

15.3  Any payment paid by the Buyer that exceeds the value of the Seller's claims as set out above plus interest from the date of termination shall be refunded to the Buyer within thirty (30) days after conclusion of the termination settlement.

任何買方已支付之金額，超過保以述惜款所拔計賣方得請求之金額者，賣方須於合約確定終止之日起30日內退還買方。

15.4  All costs of the Seller shall be subject to reasonable substantiation and verification acceptable to the Buyer.

所有賣方之成本，須經合理之舉證及查實能為買方所接受。

## ARTICLE 16
## 第16條
## TERMINATION FOR THE SELLER'S DEFAULT
## 因賣方違約而終止合約

1  The Buyer shall have the right to terminate the Contract in whole or in part upon occurrence of any of the following events(a) The Seller becomes insolvent, or fails to provide assurance of its solvency, or a resolution is passed or a court order is granted that the Seller shall be reorganized or wound up,or any insolvency or bankruptcy procedure is or shall be commenced, or any circumstances shall arise which entitle the court or a creditor of the aforementioned proceedings; or (b) the Seller fails to perform any material obligation under this contract, including the breach of the provisions of Article 3, 5, 8, 11, 13, 17, or 23.

依下列事由，買方得將止全部或一部份：(a)賣方破產或無法提供償債能力之保證，或有效產之決議或法院裁定承認賣方重整或解散，或任何破產或清開程序正在成將開始，或使法院或債權人有權進行上述的任何件事發生；或(b)賣方無法履行合約中任何重要的義務，其包含述及第3、5、8、11、13、17及第23條之規定。

16.2  In the event of termination in whole of the Contract pursuant to Article 16.1, the Buyer shall be entitled to refund of all sums previously paid under this Contract, together with the interest accrued thereon from the date such sums have been paid by the Buyer until such sums have been refunded, calculated at the rate of 2% p.a. above the prime rate ofered by the L/C issuing bank for the comparable amount for the same period, and shall be entitled to (claim) such liquidated damages as have accrued pursuant to Article 10 (liquidated damages)

若依第16.1條規定終止全部合約，買方有權要求退還前已根合約之支付之實款總數，加計自支付該款至退還該款期間之利息。利息之計算係向開狀銀行對該期間該金額之基本放款利率加上2%為標準，同時依據第10條損害賠償之規定有權請求所受之損害賠償。

16.3  IN the event of termination, in part, the Buyer shall have the option to accept any part of the performance and/or delivery made and pay for the same at the Seller's cost, without any compensation for any profit. All payments previously made by the Buyer to the Seller together with interest calculated at the rate mentioned in Article 16.2, shall, after deduction of such amount of cost, be refunded to the Buyer from

15



Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 26 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 27 of 39

20

the Seller.

若終止部份合約，買方有選擇權接受任一已履約或交運的部份，並支付相同於賣方成本的償款，而不補償賣方任何利潤。買方已預付賣方之償款，賣方依第16.2條所示倂計利息，在扣抵賣方成本提還還買方。

16.4    In addition to the remedies as provided above, the Buyer may, as an alternative, procure upon such terms and in such a manner as the Buyer may deem appropriate, identical or similar or, functionally equivalent supplies by itself or a third party. The Seller shall be liable to the Buyer for the costs incurred relating to such supplies which are in excess of the Contract price.

除上述補救措施外，買方得選擇依相同之條件及方式，自行或經由第三者採購買方認定適當，相同，近似或功能相當之貨品，保有該方式及條件所採購之貨品，超過原合約償款之部份，應由賣方負擔。

16.5    All costs of the Seller shall be subject to reasonable substantiation and verification acceptable to the Buyer. The costs resulted from such substantiation and verification shall be borne by the Seller.

所有賣方之成本須經合理之舉證及查實提方能為買方所接受。故舉證及查實所須之費用由賣方負擔。

16.6    The rights and remedies of the Buyer provided in this Article shall not be exclusiv and are in addition to any other rights and remedies provided by law or under this contract.

買方依本條款得享有之權利及得變之補償，並不拘礙買方依法律及本約所可獲得之其他權利及補償。

## ARTICLE 17
## 第17條
## SECURITY
## 保密條款

17.1    Both parties shall assure that their respective employees, subcontractor, representatives and agents, do not disclose any information provided in this Contract. Unless such disclosure is for the performance of this Contract.

買賣雙方均應保證，非為合約之履行，其職員、次合約商、代表及代理商（人），不得透露合約內任何資料。

17.2    No publicity or information regarding this Contract will be given or released without the express authorization of the Buyer. The Seller shall not make or authorize any news release, advertisement, or other public disclosure which shall deny or confirm the existence of this Contract, without the written consent of the Buyer.

非經買方明示授權，不將交付或發佈典本約有關之資料，非經買方書面同意，賣方不得自行或授意他人發佈消息，宣傳感以其他公開方式承認或否認合約之存在。

17.3    In case the Seller breachs this Article, the Buyer may terminate this Contract for the Seller's default.

若賣方違反本條之規定，買方得以賣方違約為由終止合約。

## ARTICLE 18
## 第18條
## CONTRACT REMAIN VALID

16

合約繼續有效

18.1  If any provision of this Contract is determined to be ineffective of invalid under the applicable law, all other provisions of the Contract shall remain effective and valid, provided the purpose of the Contract and/or remaining valid and effective provisions are not frustrated.

依適用之法律，合約之任何條款無論適用是無效時，若不妨礙合約的目的及＼或其他條款的有效與適用時，則合約之其他條款仍屬有效。

## ARTICLE 19
## 第19條
### WAIVER OF BREACH
### 違約請求權之拋棄

19.1  The failure of the Buyer, at any time, to require performance by the Seller of any provision of the Contract shall in no way affect the full right of the Buyer to require such performance at any time thereafter. The waiver by the Buyer of a breach of any provision of this Contract does not constitute a waiver of any succeeding breach of the same or any other such provision, nor shall it constitute a waiver of the provision itself.

買方在任何時候，因要求賣方履行合約之任何條款，皆不影響日後買方於任何時候，要求賣方履行合約條款的全部權利。買方對各別違約請求權之拋棄，並不構成相同權利或其他任何條款違約請求權之拋棄，亦不構成對此條款請求權之拋棄。

## ARTICLE 20
## 第20條
### NOTICE
### 通　知

20.1  Any notice required or permitted to be given hereunder may be given by registered airmail, personal delivery or FAX. Notice given by FAX shall be deemed to have been received on the date when, in normal course, it would be delivered. Unless changed by written notice given by either party to the other, addresses of the parties shall be as those on the Bid Form.

任何要求或同意之通知，得以航空掛號、本人遞送或傳真方式為之，以傳真所具之通知，在正常情況下，視為當日送達。除以書面通知對方變更者外，雙方之地址以標單所載為準。

## ARTICLE 21
## 第21條
### TAXES AND DUTIES
### 稅捐及關稅

21.1  The prices do not include any taxes or import duties levied by the Buyer's government on the Contract items. Such taxes or import duties will be paid by the Buyer

合約價款並不包括買方政府所課徵之入任何稅捐或進口關稅，該稅捐或進口關稅由買方支付。

21.2  The parties hereof agree to give each other all the available information and assistance that are necessary

Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 28 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 29 of 40

22

for the payment of the taxes, duties, or fees concerning this Contract.

雙方同意，就此提供做的本合約之稅損，關稅及費用之所有曲組的資料與協助。

## ARTICLE 22
## 第22條
## ASSIGNMENT
## 讓　　與

22.1 This Contract shall not be transferred or assigned or otherwise restricted without the consent of both parties.

非經雙方同意，本合約不得移轉、讓與或限制之。

## ARTICLE 23
## 第23條
## GRATUITY AND COMMISSIONS
## 慨賄及佣金

23.1 The Seller represents and warrants that no gratuities, gifts or personal payments, either direct or indirect, will be granted or in any way conferred by the Seller to any of the officers and/or personnel of the Buyer.

賣方聲明並保證，絕無以賄賂、遺品或個人之給予，直接或間接地給付或以任何方式贈予買方之官員及個人。

23.2 The Seller represents and warrants that the Seller has not appointed any third party as agent, representative, broker, consultant, or in any other form of representation to solicit and/or secure acceptance of this Contract by the Buyer, nor has Seller made or will make any payment of fee or any other form of compensation to such a third party contingent upon the consummation of the Contract transaction and/or in relation to the percentage of Contract price.

賣方聲明並保證，絕不指派第三者為代理商、代表、居間人、顧問或任何其它形式之代表，以期取得或維保買方接合約。賣方亦不得以完成與合約有關之特定工作為條件及／或合約價款百分比，事前或事後給予第三者費用或任何形式之諾情。

23.3 With the Buyer's prior consent, the Seller may retain a third party for liaisoning service and as such make payment for such service in an amount reflecting reasonable remuneration. The Seller must, however, provide for approval by the Buyer the identity of such a third party as well as the formula for payment of the service remuneration.

經由買方事前同意，賣方得僱用第三者提供連絡服務，並支付此一服務合理之報酬。但賣方須提供第三者之身份證明及服務費之計算方式，以取得買方認可。

23.4 In the event of any breach of this Article, the Buyer shall have the option to either (a) terminate this Contract in accordance with Article 16 (Termination for the Seller's default) (b) deduct from the Contract price any amount of commission, percentage, brokerage, or contingent fee paid by the Seller plus the maximum amount of liquidated damages specified in Article 10 of this Contract.

若有違反本條款之規定，買方有權選擇：(a)依第16條（因賣方違約而終止合約）之規定終止合約，及(b)自合約價款中扣除賣方支付之佣金、佣金百分比、居間報酬或其它可能之費用，並加計依本合約第10條之最大限額之損害賠償金額。

Case 1:05-cv-02311-RMC   Document 17-3   Filed 12/22/2006   Page 29 of 39
Case 1:05-cv-02311-RMC   Document 7-2   Filed 05/12/2006   Page 30 of 40

23

## ARTICLE 24
## 第24條
## CHANGE
## 修 改

24.1 This contract may be amended from time to time at the request of either party by agreement, in writing, which shall set forth the particular changes to be made in the deliverable items, price, payment, schedule, design, performance and time of performance, as appropriate.

本合約得隨時由一方之請求，經雙方書面協議而作修改，此一書面修改包括其遞送項目、金額、什款條件、交貨時程、設計，合約之履行及履約時間所作之適當地修改。

24.2 The Buyer, however, may at any time, by a written order, make changes within the general scope of this Contract, in any one or more of the followings: (a) drawings, designs, or specifications, where the supplies to be furnished are to be specially manufactured for the Buyer in accordance therewith; (b) method of shipment or packing; and (c) place of delivery; and the Seller shall comply therewith. If any such change causes an increase or decrease in the cost of, or, the time required for, the performance of any part of the work under this Contract, whether changed or not changed by the notice, an equitable adjustment shall be made in the Contract price or delivery schedule or both, and the Contract shall be modified in writing accordingly. Any claim by the Seller for adjustment under this clause must be asserted within sixty (60) days from the date of receipt by the Seller of the notification of change, provided, that the Buyer, if it decides that the facts justify such action, may receive and act upon any such claim asserted at any time prior to final payment under this Contract. Where the cost of property made obsolete or excess as a result of a change is included in the Seller's claim for adjustment, the Buyer shall have the right to prescribe the manner of disposition of such property. Failure to agree on any claim for equitable adjustment under this clause shall be a dispute and the Seller may thereupon pursue any remedy which it may have pursuant to the article of this Contract entitled "Arbitration". Pending the resolution of any such dispute the Seller shall diligently pursue the performance of the Contract as changed. Except as expressly provided for elsewhere in this Contract the parties agree that there shall be no adjustment in the price or time for performance hereunder unless an authorized representative of the Buyer shall have directed a change hereto by the issuance of a written change order to this Contract.

買方有權隨時以書面指示，在合約之一般範圍內作以下一項或多項之修改：(a)為供應買方而特別製造的貨品，其製圖、設計或規格(b)裝運或包裝之方式，以及(c)運送地點，則買方應即遵辦之。苟因此一修改而造成履行合約工作之成本或時間有所增減，不論有無通知合約之是否修改，合約價格及交貨時間應作合理之調整，合約未須相對地作書面之修正。賣方對於根據本條款所作之調整而為之來償，必須於收到買方修改通知之日起60日內主張之。如買方認為其主張有事實之依據，得於支付合約尾款前，隨時接受並回應此一主張，因合約修改致實在報廢異增加之成本，亦包含在賣方所作調整之來償中，買方有權就此一貨品之處置方式，游像此核定。賣方之主張無法就行合理之調整並將得調議之時，即視為爭議，賣方得依本合約之仲裁條款要求賠償。在爭議未決前，賣方價直力地履行合約之修改事項。除合約另有明文之規定外，雙方同意，非經買方授權之代表對本合約之書面指示，不得對合約價格及履約時間有所修改。

## ARTICLE 25
## 第25條
## ARBITRATION
## 仲 裁



19

10/05 2006 10:01 FAX
Case 1:05-cv-02331-RMC   Document 17-3   Filed 12/22/2006   Page 30 of 39
Case 1:05-cv-02331-RMC   Document 17-2   Filed 05/12/2006   Page 31 of 40
24

25.1 All disputes, claims or controversies arising under or in connection with the Contract shall be reduced to writing by the disputing party and notified to the other party. The decision of the disputing party contained in such notice shall be final and conclusive unless within thirty(30) days from the receipt of such notice the other party furnishes to the disputing party written rejection thereof, in which case the disagreement will be submitted to arbitration.

所有因本約而起或與本約有關之爭議，皆求及爭事，均應由提出爭議之一方以書面通知他方。除他方於通知書到達後30日內，對提起爭議之一方作出拒絕書者外，通知書內之決定則視為最終結論，若作出拒絕者，則應訴諸仲裁。

25.2 The arbitration shall take place in Taipe, R.O.C. in accordance with the R.O.C. Commercial Arbitration Act if initiated by the Seller and in Seller's country in accordance with the applicable rules of the Seller's country if initiated by the Buyer.

仲裁若係由賣方提起，則以中華民國臺北市為仲裁地，以中華民國商務仲裁特例為程序準據法；若係由買方提出，則以賣方所屬國籍之國家為仲裁地，以該國所適用之法律為程序準據法。

25.3 All information relating to or disclosed by any party in connection with the arbitration of any dispute relating to the Contract shall be treated by the parties and the arbitration panel as confidential information and no disclosure of such information shall be made by either party or the arbitration panel without the prior written authorization of the party furnishing such information in connection with the arbitration proceedings.

所有與合約有關，或由一方揭露與仲裁有關的爭訟資料，雙方及仲裁人均應視之為機密資料。非經提供此一資料之一方事先書面同意，不得洩漏此一有關仲裁程序的資料。

25.4 The decision of arbitration shall be final and binding.

仲裁所為的判斷應視為最終並具有拘束力。

## ARTICLE 26
## 第26條
### ORDER OF PRECEDENCE
### 優先適用順序

26.1 Any inconsistency between the clauses in this Contract and any of the specifications or provisions which are parts of this Contract will be resolved in the following order of precedence:

(a) Remarks
(b) Conditions of Contract
(c) Award
(d) Specification

合約條款與合約中之規格或規定有牴觸之處，依下列優先次序適用之：

(a) 附加條款
(b) 合約條款
(c) 決標記錄
(d) 規格說明

## ARTICLE 27
## 第27條
### APPLICABLE LAW
### 準 據 法

10/00/2000 10:03 FAX ...039

Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 31 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 32 of 40

25

27.1    This Contract shall be governed and construed according to the laws of the Republic of China, Taiwan.
本合約依中華民國台灣法律規定並解釋之。

# ATTACHMENT 1
## STANDARD BID BOND FORM
Letter of Guarantee or Standby L/C No._____date of issuance_____
(Name of Currency & Amount in Figure)
as Bid Bond
for your Invitation No. _____

To:
Procurement Bureau
P.O. Box No. 90082
Taipei, Taiwan 100
Republic of China

Advised through

(Name of Issuing Bank's

CorrespondentBank in Taipei)

Upon request of Messrs. (name of Accountee ) we hereby agree to issue this irrevocable letter of guarantee/standby L/C up to the aggregate amount of (name of currency & amount in words) only in your favor for account of (name of Accountee) as (name of Bidder)'s bid bond for your Invitation No. _____and engage ourselves to pay you immediately on demand without any condition and without recourse upon receipt of your written statement stating that (name of Bidder) has withdrawn his bid in its entirety or part thereof before its expiration including its extension, and/or after being accepted by you, or his failure in entering into contract after being awarded or his failure in posting the performance bond within eighteen (18) calendar days afther the date of the notice of. award, accompanied by your simple receipt (s) or sigh draft (s) drawn on (issuing bank or Accountee to be indicated by issuing bank).

We bind ourselves to obtain necessary permit from relevant authorities to transfer the claimed amount to you in case it is confiscated.

This letter of guarantee or standby L/C will expire at the negotiating bank in Taiwan on (date of expiration-60 days longer than the validity period of bid).

All banking charge are for L/C applicant's account.

附件一
押標金擔保格式
保證函或擔保信用狀號碼_____ 簽發日期_____
(押標金幣別及金額 )
標單號碼_____

致 :
採購局
中華民國臺北郵政信箱 90082(100)

經由
(簽銀行在臺北之往來銀行)

通 知

茲應本戶 (客戶名稱) 之請，本行同意開發本件不可撤銷保證函／擔保信用狀，金額 (幣別及大寫金額) ，謹以貴方為此保證函／擔保信用狀受益人並充保持 (客戶名稱) 作為 (投標商) 於貴方標單號碼_____之行押金。並承諾於收悉貴方書面聲明狀陳述 (投標商) 於期滿前 (包括其展延) 業已撤回其全部標單或其中之部份，或в貴方接受後，或於標標後未簽約，或於通知決標日期後十八天內未被繳取履約保證金，隨附收據及簽署 (開立銀行或其指定帳戶) 之即期匯票，本行當立即無條件付貴方而無追索權。

如本保證函／擔保信用狀之金額須予沒收，本行當必從有關當局獲取必要之許可，以將沒該款要求之金額予貴方。

本保證函或擔保信用狀至擔保標有效期屆滿60天失效 (以在臺之押匯銀行日期為準) 。

一切開狀費用均由申請人負擔。

21

10/05 2006 10:03 FAX
Case 1:05-cv-02311-RMC   Document 17-3   Filed 12/22/2006   Page 32 of 39
Case 1:05-cv-02311-RMC   Document 7-2   Filed 05/12/2006   Page 33 of 40

26

## ATTACHMENT 2
### STANDARD PERFORMANCE BOND FORM

Letter of Guarantee or Standby L/C No._____ date of issuance _____

for (Name of Currency & Amount in Figure)

as PERFORMANCE Bond

for Contract No. _____

under your Invitation No. _____

To:
Procurement Bureau
P.O. Box No. 90082
Taipei, Taiwan 100
Republic of China

Advised through

(Name of Issuing Bank's

Correspondent Bank in Taipei)

Upon request of Messrs. (name of Accountee) we hereby agree to issue this irrevocable letter of guarantee /standby L/C up to the aggregate amount of (name of currency & amount in words) only in your favor for account of (name of Accountee) as (name of Contractor)'s performance bond for your Contract no._____ and amendment(s), if any, under your Invitation No._____ and engage ourselves to pay immediately and unconditionally on demand without recourse upon receipt of your written statement stating that (name of Contractor) has failed to fulfill the contractual obligations, accompanied by your simple receipt(s) or sight draft (s) drawn on (issuing bank or Accountee to be indicated by issuing bank).

We bind ourselves to obtain necessary permit from relevant authorities transfer the claimed amount to you in case it is confiscated.

This letter of guarantee or standby L/C will expire at the negotiating bank in Taiwan on (date of expiration-180 days after the Contract-scheduled (last) shipment date).
All banking charge are for L/C applicant's account.

附件二
履保金標準格式
保證函及擔保信用狀號碼 _____ 簽發日期 _____
（履保金幣別及金額）
合約號碼 _____ 招標號碼 _____

致：
採購局
中華民國臺北郵政信箱90082(100)

（簽發銀行在臺北之往來銀行）
通知

茲應客戶（客戶名稱）之請，本行同意開發本件不可撤銷保證函／擔保信用狀，金額（幣別及大寫金額），逕以貴方為此保證函／擔保信用狀受益人並記帳於（客戶名稱）作為（承買）於貴方面前證明（承買）未履行其合約義務，隨附此項履保金標準號碼 _____ 下之履保金。並承諾於收悉貴方書面說明立即無條件付貴方而無追索權。及本保證函／擔保信用狀之金額將予沒收，本行誓必設有關當局提取必要之許要，以將確當項要求之金額予貴方。

本保證函及擔保信用狀至合約裝載業滿日後180天失效（以在臺之押匯銀行日期為準。

一切期款費用均由申請人負擔。



22

10/06 2006 10:03 FAX
Case 1:05-cv-02311-RMC   Document 17-3   Filed 12/22/2006   Page 33 of 39
Case 1:05-cv-02311-RMC   Document 7-2   Filed 05/12/2006   Page 34 of 40

27

**ATTACHMENT 3**
**STANDARD REFUND BOND FORM**
Letter of Guarantee or Standby L/C No. _____ date of issuance _____
for (Name of Currency & Amount in Figure)
as Refund Bond
for Contract No. _____
under your Invitation No. _____

To:
Procurement Bureau
P.O. Box No. 90082
Taipei, Taiwan 100
Republic of China

Advised through

(Name of Issuing Bank's

Correspondent Bank in Taipei)

Upon request of messrs. (name of Accountee) we hereby agree to issue this irrevocable letter of guarantee/ standby L/C up to the aggregate amount of (name of currency & amount in words) only in your favor for account of (name of Accountee) as (name of Contractor)'s refund bond for the advance payment of the same amount mentioned above under Contract no. _____ and amendment(s), if any, under your Invitation No _____ and engage ourselves to pay immediately and unconditionally to you with interest thereon at the rate of 2% p.a. above the prime rate offered by the L/C issuing bank for the comparable amount for the same period without recourse upon receipt of your written statement stating that (name of Contractor) has failed to fulfil its contractual obligations, accompanied by your simple receipt(s) or sight draft(s) drawn on (issuing bank or Accountee to be indicated by issuing bank).

We bind ourselves to obtain necessary permit from relevant authorities to transfer the claimed amount to you in case it is confiscated.

This letter of guarantee or standby L/C will expire at the negotiating bank in Taiwan on (date of expiration-90 days after the Contract-scheduled (last) shipment date), and shall be progressively and automatically reduced in proportion to deliver the contracted supplies after each shipment date.

All banking charge are for L/C applicant's account.

附件三
預付款保證函標準格式
保證函或擔保信用狀號碼 _____    簽發日期 _____
（預付款保證函幣別及金額）
合約號碼 _____；標單號碼 _____

致：
採購局
中華民國臺北郵政信箱 90082(100)

經由
（簽發銀行在臺北之往來銀行）
通知

茲應客戶（客戶名稱）之請，本行同意開發本件不可撤銷保證函／擔保信用狀，金額（幣別及大寫金額），僅以貴方為此保證函／擔保信用狀受益人並記帳於（客戶名稱）作為（承商）對貴方合約號碼 _____ 及修正書，在貴方標單號碼 _____ 下之等預付款逕保之保證，並承諾於收悉貴方書面說明陳述（承商）未履行其合約義務，證附款據及簽受（開狀銀行或其指定帳戶）之即期匯票，本行會立即無條件付貴方而為該款項，另加計利息（以信用狀開狀行之基本年款率年利率加碼2%）。

如本保證函／擔保信用狀之金額預予退款，本行當必獲有關當局覆最必要之許可，以轉撥該項款至貴方。

本保證函或擔保信用狀至合約最後裝船日後90天生效（以在臺之押匯銀行日期為準），並依約定交運貨品之相對比例自期漸次地遞減低保證函款額。

一切開狀費用均由申請人負擔。

23

Case 1:05-cv-02311-RMC    Document 17-3    Filed 12/22/2006    Page 34 of 39
Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 35 of 40

28

## ATTACHMENT 4
## STANDARD WARRANTY BOND FORM

Letter of Guarantee or Standby L/C No._____date of issuance
for (Name of Currency & Amount in Figure)
as Warranty Bond
for Contract No.: _____
under your Invitation No. _____

To:                                                        Advised through
Procurement Bureau
P.O. Box No. 90082                                         (Name of Issuing Bank's
Taipei, Taiwan 100
Republic of China                                          Correspondent Bank in Taipei)

Upon request of Messrs, (name of Accountee) we hereby agree to issue this irrevocable letter of guarantee/
standby L/C up to the aggregate amount of (name of currency & amount in words) only in your favor for
account of (name of Accountee) as (name of Contractor)'s warranty bond for Contract No. _____
and amendment(s), if any, under your Invitation No._____ and engage ourselves to pay immediately and
unconditionally on demand without recourse upon receipt of your written statement stating that (name of
Contractor) has failed to fulfill its warranty obligations, accompanied by your simple receipt(s) or sight draft(s)
drawn on (issuing bank or Accountee to be indicated by issuing bank).

We bind ourselves to obtain necessary permit from relevant authorities to transfer the claimed amount to
you in case it is confiscated.

This letter of guarantee or standby L/C will expire at the negotiating bank in Taiwan on (the actual
acceptance days of supplies plus the contractual warranty period).

All banking charge are for L/C applicant's account.

附件四
保固金標準格式

保證函或擔保信用狀號碼_____ 其發日期_____
（保固金幣別及金額）_____
合約號碼_____；標單號碼_____

致：
採購局
中華民國臺北郵政信箱90082(100)

經由
（其發銀行在臺北之往來銀行）
通知

茲應客戶（客戶名稱）之請，本行同意開發本件不可撤銷保證函／擔保信用狀。金額（幣附及大寫金額
），謹以貴方為此保證函／擔保信用狀受益人並把撥付（客戶名稱）作為（承買）於貴方合約號碼_____
及修正書，在貴方標單號碼_____下之保固金：並承諾並就恳貴方言而説明隨速（承買）未履行
其保固義務，隨附狀據或客發（國家銀行或其指定帳戶）之即期匯票，本行當立即無條件傾付貴方而無
追索權。

如本保證函／擔保信用狀之金額則予沒收，本行當地授有開貴局相服的委之許可，以將被請項彙來之金
額予貴方。

本保證函或擔保信用狀至合約實品查程度項目加計合約保固期起失敗（以在臺之押匯銀行日期為準）。

一切開故費用均由申請人負擔。

24

This is the exhibit marked ___"LSC-14"___

referred to in the affidavit of _____

_Lu Sheau Chia_

and sworn/affirmed before me this

_____ day of ˈAUG 24 1998

Before me          058526،

Lu, Rong-huei
Notary Public, Taipei District
Court, Taiwan, Rep. of China

A Notary Public / Consular Officer

Case 1:05-cv-02311-RMC Document 17-3 Filed 12/22/2006 Page 36 of 39
Case 1:05-cv-02311-RMC Document 7-2 Filed 05/12/2006 Page 37 of 40

29



# 明 理 法 律 事 務 所
## CHEN AND ASSOCIATES ATTORNEYS-AT-LAW

4th Floor, No. 57, Sec. 3
Chung Ching S. Road
Taipei 100, Taiwan
R.O.C.

E-Mail : kcchen@tpts4.seed.net.tw
http://kcchen.cjb.net
TEL : (886) 2-2368-6599
FAX : (886) 2-2368-5978

陳金泉律師

August 24, 1998

Col. Lu Sheau-chia,
Chief, Performance Section
Procurement Bureau, MND/ROC
172-1, Po Ai Rd.
Taipei, Taiwan
ROC

## Subject: Contract No. FA5D17W067PE

Dear Sirs:

1. I am an attorney-at-law licensed by the Department of Justice, ROC and admitted to practice by Taipei Bar, Taiwan, ROC in 1983.

2. Under your request for servicing as your counsel in the matter of the jurisdiction for the Subject Contract, I have reviewed the Subject Contract, particularly Article 25 and Article 27 of the Subject Contract.

3. Article 27 states the APPLICABLE LAW for the Subject Contract:

   "The Contract shall be governed and constructed according to the laws of the Republic of China, Taiwan."

4. Article 25 OF THE Subject Contract entitled "ARBITRATION" and states:

   "25.1 All disputes, claims or controversies arising under or in connection with the Contract shall be reduced to writing by the disputing party and notified to the other party. The decision of the disputing party contained in such notice shall be

1

Case 1:06-cv-02311-RMC   Document 17-3   Filed 12/22/2006   Page 37 of 39
Case 1:05-cv-02311-RMC   Document 7-2   Filed 03/12/2006   Page 38 of 40

30

and conclusive unless within thirty (30) days from the receipt of such notice the other party furnishes to the disputing party written rejection thereof, in which case the disagreement will be submitted to arbitration."

"25.2  The arbitration shall take place in Taipei, R.O.C. in accordance with the R.O.C. Commercial Arbitration Act if initiated by the Seller and in Seller's country in accordance with the applicable rules of the Seller's country if initiated by the Buyer."

"25.3  All information relating to or disclosed by any party in connection with the arbitration of any dispute relating to the Contract shall be treated by the parties and the arbitration panel as confidential information and no disclosure of such information shall be made by either party or the arbitration panel without the prior written authorization of the party furnishing such information in connection with the arbitration proceedings."

"25.4  The decision of arbitration shall be final and binding."

5.  Based upon the APPLICABLE LAW of the Subject Contract and the Parties had the Article 25 agreement, we shall refer to Article 3 of THE COMMERCIAL ARBITRATION ACT OF THE REPUBLIC OF CHINA, which states:

    "In the event that one of the parties to an agreement of arbitration institutes a lawsuit in a judicial court contrary to the purpose of the agreement, the other party may, in reliance upon the agreement, petition the court in which the lawsuit is brought to have the plaintiff's suit dismissed."

6.  Since Strategic Technologies Pte. Ltd. and the Procurement Bureau/MND agreed in the Subject Contract that their disputes shall be submitted to arbitration, any lawsuit initiated by any party shall be dismissed in accordance with Article 3 of THE COMMERCIAL ARBITRATION ACT OF THE REPUBLIC OF CHINA and Article 25.1 of the Subject Contract.

7.  Based upon the APPLICABLE LAW of the Subject Contract and Article 3 of THE COMMERCIAL ARBITRATION ACT OF THE REPUBLIC OF CHINA, any dispute between Strategic Technologies Pte. Ltd. and the Procurement Bureau/MND in relation to the Subject Contract shall be referred to ARBITRATION.  If there is a lawsuit regarding a dispute on the Subject Contract, it shall be

2

Case 1:05-cv-02311-RMC    Document 7-2    Filed 05/12/2006    Page 39 of 40

31

ed no matter where the lawsuit is submitted or initiated.

This opinion is interpreted under the laws of the Republic of China, Taiwan in relation to the jurisdiction of the Subject Contract and for no other purpose.

Truly Yours,

K.C. Chen
Attorney-At-Law
Licensed in Taiwan, ROC
Admitted in Taipei Bar

3

<u>IN THE HIGH COURT OF THE</u>
<u>REPUBLIC OF SINGAPORE</u>

Suit No 696 of 1998

Between

**STRATEGIC TECHNOLOGIES PTE
LTD (RC No 198904011Z)**

... Plaintiffs

And

1.    **THE DEVELOPMENT BANK OF
     SINGAPORE**
     (Reg No 195800306E)

2.    **PROCUREMENT BUREAU OF
     THE REPUBLIC OF CHINA
     MINISTRY OF NATIONAL
     DEFENCE**
     (No indentification number available)

... Defendants



---

**AFFIDAVIT**

---

Mr Anthony Soh
Azman Soh & Murugaiyan
1 Colombo Court #07-23
Singapore 179742
Tel :    338 3996
Fax :    338 5993
Ref :    AS.T982784.cl

Filed this ⋋ day of  1998

4